1    PILLSBURY WINTHROP SHAW PITTMAN LLP
     DAVID A. JAKOPIN #209950
2      david.jakopin@pillsburylaw.com
     THEODORE K. BELL #184289
3      tad.bell@pillsburylaw.com
     DANIEL J. RICHERT #232208
4      daniel.richert@pillsburylaw.com
     2475 Hanover Street
5    Palo Alto, CA  94304-1114
     Telephone: (650) 233-4500
6    Facsimile: (650) 233-4545

7    MCDONNELL BOEHNEN HULBERT & BERGHOFF LLP
     BRADLEY J. HULBERT
8      hulbert@mbhb.com
     KURT W. ROHDE
9      rohdek@mbhb.com
     RICHARD A. MACHONKIN
10     machonkin@mbhb.com
     300 South Wacker Drive
11   Chicago, IL  60606-6709
     Telephone: (312) 913-0001
12   Facsimile: (312) 913-0002

13   Attorneys for Defendant
     DIGITAL NETWORKS NORTH AMERICA, INC.

14

15              UNITED STATES DISTRICT COURT

16             NORTHERN DISTRICT OF CALIFORNIA

17   _____

18   JENS ERIK SORENSEN, as Trustee of          )          No. 07 CV 5568
     SORENSEN RESEARCH AND                      )
19   DEVELOPMENT TRUST,                         )      **MEMORANDUM OF POINTS AND
                                                )      AUTHORITIES IN SUPPORT OF
20                          Plaintiff,          )      DEFENDANT'S MOTION TO STAY
                                                )      THE LITIGATION PENDING THE
21        vs.                                   )      OUTCOME OF REEXAMINATION
                                                )      PROCEEDINGS**
22   DIGITAL NETWORKS NORTH                      )
     AMERICA, INC., a Delaware corporation,     )      Date:      January 18, 2008
23                                              )      Time:      9:00 a.m.
                            Defendant.          )      Courtroom: 2, 17th Floor
24   _____        )      Judge:     Hon. Jeffrey S. White

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.    ISSUE TO BE DECIDED ...................................................................... 1

II.    STATEMENT OF FACTS ................................................................... 1

III.    INTRODUCTION ................................................................................. 2

IV.    LEGAL STANDARD FOR A STAY PENDING PTO REEXAMINATION .......... 2

V.    A STAY OF THE LITIGATION PENDING THE PTO'S
REEXAMINATION OF THE '184 PATENT IS WARRANTED ........................... 4

    A.    Defendant's Motion For A Stay Is Timely ................................... 4

    B.    Plaintiff Sorensen Will Not Be Prejudiced By A Stay ..................... 5

    C.    Defendant DNNA May Be Prejudiced By a Failure to Enter a Stay ........... 6

    D.    A Stay Will Simplify the Issues for Trial or Eliminate the Need for a
Trial Altogether ........................................................................ 7

    E.    A Stay Will Reduce the Burden of Litigation on the Parties as Well
as the Court ............................................................................... 8

1

### TABLE OF AUTHORITIES

2

Cases

3

ASCII Corp. v. STD Entertainment USA, Inc.,
     844 F.Supp. 1378 (N.D. Cal. 1994)..................................................................... 3

4

Bausch & Lomb, Inc. v. Alcon Lab., Inc.,
     914 F. Supp. 951 (W.D.N.Y. 1996)..................................................................... 6

5

6

Black & Decker,
     Case No. 06-cv-1572 (S.D. Cal. August 7, 2006) ..................................................... 6

7

Broadcast Innovation, LLC v. Charter Communs., Inc.,
     2006 U.S. Dist. LEXIS 46623 (D.Colo. Jul. 11, 2006) ......................................... 4, 6

8

9

Ethicon v. Quigg,
     849 F.2d 1422 (Fed. Cir. 1988) ........................................................................... 2

10

Gould v. Control Laser Corp.,
     705 F.2d 1340(Fed. Cir. 1983)
     cert. denied, 464 U.S. 935 (1983)................................................................. 2, 3, 7

11

12

In re Cygnus Telecommunications Tech., LLC Patent Litigation,
     385 F.Supp.2d 1022 (N.D. Cal. 2005)................................................................. 3

13

In re Trans Texas Holdings Corp. 2006-1599 and 2006-1600,
     498 F.3d 1290 (Fed. Cir. Aug. 22, 2007) ............................................................ 6

14

15

Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust
     v. The Black & Decker Corporation, et al.,
     Case No. 06-cv-1572 (S.D. Cal. August 7, 2006) ................................................. 1

16

17

KLA-Tencor Corp. v. Nanometrics, Inc.,
     2006 U.S. Dist. LEXIS 15754 (N.D. Cal. Mar. 16, 2006) (White, J.) ................... 5, 6

18

Nanometrics, Inc. v. Nova Measuring Instruments, Ltd.,
     2007 U.S. Dist. LEXIS 18785 (N.D. Cal. Feb. 26, 2007)................................. 3, 5, 6

19

20

Output Tech. Corp. v. Dataproducts Corp.,
     22 U.S.P.Q.2d 1072, 1991 U.S. Dist. LEXIS (W.D. Wash. 1991) .......................... 7

21

Photoflex Prods., Inc. v. Circa 3 LLC,
     2006 U.S. Dist. LEXIS 37743 (N.D. Cal. May 24, 2006) (White, J.).............. passim

22

23

Target Therapeutics, Inc. v. SciMed Life Systems, Inc.,
     33 U.S.P.Q.2d 2022, 2023, 1995 WL 20470 (N.D. Cal. 1995)......................... 3, 4, 7

24

25

Statutes and Codes

26

United States Code
     Title 35, section 305 ........................................................................................ 5

27

28

- iii -

1

<u>Rules and Regulations</u>

2

Code of Federal Regulations
    Title 37, section 1.530(j) ................................................................................. 7

3

<u>Other Authorities</u>

4

House of Representatives Report No. 1307,
    Part I, 96th Cong., 2d Sess. 4, reprinted in 1980 U.S. Code Cong. &
    Ad. News 6460, 6463 (emphasis added) ...................................................... 9

6

Manual of Patent Examining Procedure,
    (Eight Edition, Rev. 6, Sept. 2007) § 2250 (III)  (section last revised
    Aug. 2006) ...................................................................................................... 8

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  I.       **ISSUE TO BE DECIDED**

2         Whether a stay of the above-captioned proceeding should be granted pending the

3  ongoing United States Patent & Trademark Office ("PTO") reexamination of the patent-in-

4  suit, U.S. Patent No. 4,935,184 ("the '184 patent").

5  II.      **STATEMENT OF FACTS**

6         On November 1, 2007, Plaintiff Sorensen, as Trustee of Sorensen Research and

7  Development Trust ("Plaintiff" or "Sorensen") filed a Complaint for patent infringement

8  against Digital Networks North America, Inc. ("DNNA"), asserting the '184 patent.  U.S.

9  District Court California Northern District (San Francisco), Civil Docket for Case #3:07-

10  CV-05568-JSW ("Docket"), Docket #1.  The patent is set to expire in February of 2008.

11  (Declaration of Kurt W. Rohde ("Rohde Decl."), Exhibit E, p. 36.)  Sorensen filed an

12  Amended Complaint on November 27.  Docket No. 12.  On December 3, 2007, DNNA

13  filed a stipulation whereby the parties agreed to extend the deadline to answer or otherwise

14  respond to the original complaint until January 4, 2008.  Docket No. 14.  Sorensen has

15  contended that they have properly served the Amended Complaint and that a response is

16  due by January 4, 2008.  Prior to the original filing of the complaint, the United States

17  Patent & Trademark Office (PTO) had ordered that the patent-in-suit (the '184 patent)

18  undergo reexamination.  (Rohde Decl., Exhibit C, page 11.)  On October 11, 2007, the PTO

19  notified Sorensen that newly submitted prior art resulted in 13 new "substantial questions of

20  patentability" regarding the '184 patent.  (Rohde Decl., Exhibit C, pages 13-24.)

21  Approximately three weeks later, Sorensen filed the instant patent infringement action

22  against DNNA asserting the '184 patent.

23         The request for reexamination, which prompted the reexamination order, arose after

24  Sorensen sued Black & Decker Corporation, among others, for infringement of the '184

25  patent.  *Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust v. The*

26  *Black & Decker Corporation, et al.*, Case No. 06-cv-1572 (S.D. Cal. August 7, 2006).  On

27  July 30, 2007, Black & Decker filed the request for reexamination.  (Rohde Decl., Exhibit

28  B, pages 3-4).  The request sought reexamination of all claims of the '184 patent, except for

1    dependent claims 3 and 5, based on newly submitted prior art.  (Rohde Decl., Exhibit B,

2    pages 5-7).  Sorensen has never asserted claims 3 or 5, or any elements of claims 3 or 5,

3    against DNNA and DNNA does not believe that claims 3 and 5 are relevant to any issues in

4    this litigation.  (Docket #1, original Complaint at ¶¶31-56; Exhibit C of original Complaint;

5    Docket #12, Amended Complaint at ¶¶31-56; and Exhibit C of Amended Complaint).

6            After requesting the reexamination, Black & Decker moved to stay the litigation

7    with Sorensen, pending the outcome of the '184 reexamination.  Sorensen contested the

8    motion.  On September 10, 2007, the Court ordered a complete stay of all litigation

9    proceedings, except as to the resolution of two minor non-patent issues.  (Rohde Decl.,

10   Exhibit E, pages 34-39.)

11   **III.    INTRODUCTION**

12           DNNA moves to stay the litigation pending the outcome of the PTO's

13   reexamination of the '184 patent.  A stay will conserve the resources of both the Court and

14   the parties and will provide the benefit of simplifying or eliminating the issues for trial.

15   Given that the '184 patent will expire in less than three months independently of the

16   reexamination and that this litigation remains in its incipient stages, Plaintiff will not be

17   prejudiced in any way by entry of an order staying the present litigation pending the PTO's

18   ongoing reexamination of the '184 patent.  Further, failure to grant a stay may result in

19   prejudice to the Defendant.  As discussed herein, the Defendant's motion is well grounded

20   in both law and fact, and should therefore be granted by the Court.

21   **IV.    LEGAL STANDARD FOR A STAY PENDING PTO REEXAMINATION**

22           A district court has the inherent power to control and manage its docket.  *Gould v.*

23   *Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir. 1983), *cert. denied*, 464 U.S. 935

24   (1983).  This power includes the authority to order a stay pending the outcome of

25   reexamination proceedings in the PTO.  *Ethicon v. Quigg*, 849 F.2d 1422, 1426 (Fed. Cir.

26   1988); *Gould*, 705 F.2d at 1342.  Determining whether to grant a stay pending the outcome

27   of the PTO's reexamination is a matter soundly within the discretion of this district court.

28

1   *Photoflex Prods., Inc. v. Circa 3 LLC*, 2006 U.S. Dist. LEXIS 37743, at *2-3 (N.D. Cal.

2   May 24, 2006) (White, J.).

3          In ruling on a motion to stay, courts generally consider: (1) whether a stay would

4   unduly prejudice or present a clear tactical disadvantage to the non-moving party, (2)

5   whether a stay will simplify the issues in question and trial of the case, and (3) whether

6   discovery is completed and whether a trial date has been set. *Nanometrics, Inc. v. Nova*

7   *Measuring Instruments, Ltd.*, 2007 U.S. Dist. LEXIS 18785, at *4 (N.D. Cal. Feb. 26,

8   2007); *Photoflex Prods., Inc. v. Circa 3 LLC*, 2006 U.S. Dist. LEXIS 37743, at *2-3 (N.D.

9   Cal. May 24, 2006); *Target Therapeutics, Inc. v. SciMed Life Systems, Inc.*, 33 U.S.P.Q.2d

10  2022, 2023, 1995 WL 20470, at *1 (N.D. Cal. 1995).  "There is a liberal policy in favor of

11  granting motions to stay proceedings pending the outcome of reexamination proceedings."

12  *ASCII Corp. v. STD Entertainment USA, Inc.*, 844 F.Supp. 1378, 1381 (N.D. Cal. 1994);

13  *Nanometrics*, 2007 U.S. Dist. LEXIS 18785, at *4; *Photoflex Prods.*, 2006 U.S. Dist.

14  LEXIS 37743, at *3.

15         "A stay is particularly justified where the outcome of the reexamination would be

16  likely to assist the court in determining patent validity and, if the claims were cancelled in

17  the reexamination, would eliminate the need to try the infringement issue."  See *In re*

18  *Cygnus Telecommunications Tech., LLC Patent Litigation*, 385 F.Supp.2d 1022, 1023

19  (N.D. Cal. 2005).  Indeed, with respect to the issue of patent claim validity, the Federal

20  Circuit has recognized that the reexamination procedure serves to "eliminate trial of that

21  issue (when the claim is cancelled) or to facilitate trial of the issue by providing a district

22  court with the expert view of the PTO (when a claim survives the reexamination

23  proceeding)."  *Gould*, 705 F.2d at 1342.

24         Several additional benefits associated with staying litigation pending the PTO's

25  resolution of reexamination proceedings have been recognized:

26             1.  Prior art presented to the court will have been first considered by the PTO,

27                 with its particular expertise.

28

2. Many discovery problems relating to prior art can be alleviated by the PTO examination.

3. In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed.

4. The outcome of the reexamination may encourage a settlement without the further use of the court.

5. The record of reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation.

6. Issues, defenses, and evidence will be more easily limited in pretrial conferences after a reexamination.

7. The cost will likely be reduced both for the parties and the court.

*Broadcast Innovation, LLC v. Charter Communs., Inc.*, 2006 U.S. Dist. LEXIS 46623, at *9-10 (D.Colo. Jul. 11, 2006).

In this case, each and every relevant consideration weighs heavily in favor of staying the present litigation pending the outcome of the PTO's reexamination of the '184 patent.

## V.    A STAY OF THE LITIGATION PENDING THE PTO'S REEXAMINATION OF THE '184 PATENT IS WARRANTED

A stay in this case is particularly appropriate for at least the following reasons: (1) Defendant's motion for a stay is timely; (2) Sorensen will not be prejudiced by a stay; (3) a stay will simplify the issues for trial; (4) discovery has not yet begun and no trial date has been set; and (5) a stay will reduce the burden of litigation on the parties as well as the Court.

### A.    Defendant's Motion For A Stay Is Timely

Upon determining that a complaint had been filed, DNNA promptly filed this motion to stay. This motion is clearly timely as this case is in its incipient stages. A response to the Amended Complaint is not yet due. A stay is favored when litigation is in its early stages. *Photoflex Prods.* , 2006 U.S. Dist. LEXIS 37743, at *3-4 (granting stay

1   following service of interrogatories and requests for production, as case was still in "early

2   stages"); *Target Therapeutics,* 33 U.S.P.Q.2d at 2023, 1995 WL 20470, at *1 (granting

3   stay, as case was still in incipient stages prior to discovery or setting of trial date).

4      **B.    Plaintiff Sorensen Will Not Be Prejudiced By A Stay**

5          Sorensen will likely suggest that he would be prejudiced by a stay due to typical

6   length of reexamination proceedings before the PTO or due to the progression of the

7   present litigation.  Neither of these arguments has any merit.

8          Sorensen cannot be prejudiced by the length of the reexamination process within the

9   PTO.  On October 11, 2007 the PTO determined that there is a "substantial new question of

10  patentability" affecting the claims of the '184 patent.  (Rohde Decl., Exhibit C, page 12.)

11  The PTO is required to conduct all reexamination proceedings with "special dispatch."  35

12  U.S.C. § 305 (1984).  Such proceedings do take time - the PTO reports that the average

13  pendency of a reexamination proceeding is between 17 and 23 months (Rohde Decl.,

14  Exhibit D, page 29).  However, as this court has stated, "[g]ranting a stay does not cause the

15  nonmoving party undue prejudice when that party has not invested substantial expense and

16  time in the litigation." *Photoflex Prods.* , 2006 U.S. Dist. LEXIS 37743, at *5.  Courts have

17  repeatedly held that "[t]he delay inherent to the reexamination process does not constitute,

18  by itself, undue prejudice." *Id.* ; *Nanometrics,* 2007 U.S. Dist. LEXIS 18785, at *9; *KLA-*

19  *Tencor Corp. v. Nanometrics, Inc.* , 2006 U.S. Dist. LEXIS 15754, at *7 (N.D. Cal. Mar.

20  16, 2006) (White, J.).  Moreover, some delay in the instant litigation "is more than off-set

21  by increased certainty of whether this single patent will survive reexamination and whether

22  there will be any need for litigation." *Nanometrics,* 2007 U.S. Dist. LEXIS 18785, at *10.

23         Sorensen cannot be prejudiced due to the progression of the instant litigation, as

24  there has been no substantial progress.  Stays of litigation pending reexamination are

25  favored where the litigation has not progressed beyond the initial stages and where there is

26  an "absence of 'significant discovery' or 'substantial expense and time ... invested' in the

27  litigation." *Photoflex Prods.* , 2006 U.S. Dist. LEXIS 37743, at *3-4.  Courts may

28  additionally consider evidence of dilatory motives or tactics on the part of the moving

1    party. *Id.* at 5.  However, there has been no undue delay by DNNA in seeking a stay.  The

2    complaint in the instant litigation was filed on November 1, 2007, and DNNA was not

3    served until November 12, 2007.  The Amended Complaint was filed on November 27 and

4    Sorensen has contended that they have properly served the Amended Complaint and that a

5    response is due by January 4, 2008.  "This is not a case where reexamination is sought on

6    the eve of trial or after protracted discovery." *KLA-Tencor*, 2006 U.S. Dist. LEXIS 15754,

7    at *8.

8            Finally, a stay would in no way prejudice Sorensen by way of damages.  The '184

9    patent will expire in February of 2008 independently of the reexamination.  Given that a

10   trial on the merits cannot realistically occur prior to that date, Sorensen has no entitlement

11   to an injunction against the Defendant.  His claim is solely for past monetary damages,

12   which will not change regardless of whether the case is stayed at the present time.

13   *Nanometrics*, 2007 U.S. Dist. LEXIS 18785, at *9.  Since Plaintiff cannot realistically

14   obtain injunctive relief in this case, there is no potential prejudice to Sorensen from a stay.

15          In sum, there is no identifiable prejudice which would impact Sorensen as a result of

16   a stay being entered in this case.  The case remains at a relatively early stage, and the

17   present time is appropriate for the requested stay.

18       **C.      Defendant DNNA May Be Prejudiced By a Failure to Enter a Stay**

19          The Federal Circuit has recently confirmed that the determinations of this court do

20   not bind the PTO in its reexamination of patents. *In re Trans Texas Holdings Corp. 2006-*

21   *1599 and 2006-1600,* 498 F.3d 1290, 1296-1298 (Fed. Cir. Aug. 22, 2007).  While this will

22   not prejudice the patent holder Sorensen, it may prejudice the defendant DNNA.  As

23   explained by the court in *Bausch & Lomb, Inc. v. Alcon Lab., Inc.,* 914 F. Supp. 951, 952

24   (W.D.N.Y. 1996):

25          Not only could the Court and the PTO reach conflicting determinations, but
            one possible scenario could result in irreparable harm to [Defendant]; if this
26          Court finds that the [patent] is not invalid and that [Defendant] has infringed
            it, and orders [Defendant] to pay damages to [Plaintiff] for such
27          infringement, then [Defendant] would have no ability to recover those
            damages if at a later date the PTO determined that the [] patent is invalid.
28

1   *Bausch & Lomb, Inc.*, 914 F. Supp. 951, 952 (W.D.N.Y. 1996)

2       In granting a stay of litigation, the court hearing the *Black & Decker,* Case No. 06-

3   cv-1572, at 8 (S.D. Cal. August 7, 2006) case regarding this same '184 patent described the

4   possibility of prejudice to the defendant by failing to grant a stay "a highly undesirable

5   outcome." *Black & Decker* (Document #243) (Rohde Decl., Exhibit E, page 37).

6   Accordingly, it would be appropriate for this Court to grant a stay to prevent the potential

7   for prejudice against DNNA.

8       **D.    A Stay Will Simplify the Issues for Trial or Eliminate the Need for a**

9       **Trial Altogether**

10      As the Federal Circuit has explained with respect to the issue of patent claim

11  validity "one purpose of the reexamination procedure is to eliminate trial (when the claim is

12  cancelled) or facilitate trial of that issue by providing the district court with the expert view

13  of the PTO (when a claim survives the reexamination proceedings)." Gould, 705 F.2d at

14  1342. As noted by this court, the claims of a patent are likely be canceled, amended, or

15  narrowed during reexamination. *Target Therapeutics*, 33 U.S.P.Q.2d at 2023, 1995 WL

16  20470 at *1 (discussing *Output Tech. Corp. v. Dataproducts Corp.*, 22 U.S.P.Q.2d 1072,

17  1074, 1991 U.S. Dist. LEXIS at *6 (W.D. Wash. 1991) and noting that 77% of

18  reexaminations lead to cancelled or amended claims). It makes sense to ascertain the

19  ultimate scope of the claims before trying to figure out whether DNNA's accused products

20  infringe the '184 patent. Absent a stay, the parties may end up conducting a significantly

21  wider scope of discovery than necessary and the court may waste time examining the

22  validity of claims which are eliminated during reexamination. See *Target Therapeutics*, 33

23  U.S.P.Q.2d at 2023, 1995 WL 20470 at *1.

24      The circumstances are especially compelling here in light of the upcoming

25  expiration of the '184 patent. Specifically, unlike in most reexamination proceedings,

26  Sorensen will not be afforded the opportunity to amend the claims of the '184 patent:

27      *No enlargement of claim scope.* No amendment may enlarge the scope of
        the claims of the patent or introduce new matter. No amendment may be
28      proposed for entry in an expired patent. **Moreover, no amendment, other**

1   **than the cancellation of claims, will be incorporated into the patent by a
    certificate issued after the expiration of the patent.**

2   37 C.F.R. § 1.530(j) (Sept. 8, 2000) (emphasis added).

3

4       The cancellation of the original patent claims is the only "amendatory"
        change permitted in an expired patent.

5   Manual of Patent Examining Procedure (Eight Edition, Rev. 6, Sept. 2007) § 2250 (III)

6   (section last revised Aug. 2006)  (Exhibit F, page 41).

7       Recent data from the PTO indicates that reexamination results in complete

8   cancellation of all originally issued claims of a patent 10% of the time, and results in the

9   patent holder being required to make amendments to at least one or more claims 64% of the

10  time (Rohde Decl., Exhibit D, page 29).  Because of the impending expiration of the '184

11  patent, claims that otherwise would have to be amended due to prior art must instead be

12  canceled.  The result is a substantial likelihood that at least some, if not all, claims will fail

13  to survive the pending reexamination proceeding.

14      The Defendant also believes the reexamination of the '184 patent to be particularly

15  meritorious since it relies on prior art references never before considered by the PTO,

16  including prior art virtually identical to even the specific drawings and preferred

17  embodiments of the '184 patent.

18      Simply put, the claims of the '184 patent (as well as Sorensen's ability to assert

19  infringement thereof) will live or die with the pending reexamination proceeding without

20  change.  If the present litigation is not stayed, there is a substantial risk of expending

21  enormous resources by the parties and by the Court through discovery and motion practice

22  on claims that may ultimately be cancelled by the PTO.  Conversely, granting a stay will

23  simplify (and likely eliminate entirely) the issues for trial in this case.

24      **E.      A Stay Will Reduce the Burden of Litigation on the Parties as Well as**

25              **the Court**

26      With the reexamination of the '184 patent now pending before the PTO, there is

27  little, if any, justification for conducting parallel proceedings before this Court.  A stay

28  would reduce the burdens associated with litigation (such as cost and time) for not only the

1    parties, but the Court as well.  Indeed, this is the very reason that the reexamination process

2    was codified.  In passing the legislation establishing the reexamination proceeding,

3    Congress stated its approval of district courts liberally granting stays within their discretion:

4        It is believed by the committee that stay provisions are unnecessary in that
         such power already resides with the Court to prevent costly pre-trial
5        maneuvering which attempts to circumvent the reexamination procedure.  **It
         is anticipated that these measures provide a useful and necessary**
6        **alternative for challengers and for patent owners to test the validity of**
         **United States patents in an efficient and relatively inexpensive manner.**
7

8    H.R.Rep. No. 1307 Part I, 96th Cong., 2d Sess. 4, reprinted in 1980 U.S. Code Cong. & Ad.

9    News 6460, 6463 (emphasis added).

10        As discussed above, there is a significant chance that the PTO will invalidate the

11    '184 patent.  This creates a very real possibility that the parties will waste their resources

12    litigating over issues that will ultimately be rendered moot by the PTO's findings.  Because

13    granting a stay will simplify the issues and streamline the trial, should there still be a need

14    for a trial, the Court can reduce the burdens on the parties and conserve its resources.  See,

15    e.g., *Photoflex Prods.* , 2006 U.S. Dist. LEXIS 37743, at *6.  Absent a stay, the parties will

16    embark on a path of extensive (and highly expensive) written and oral discovery on the

17    issues of infringement and validity.  The parties will also need to prepare claim construction

18    briefs, which the Court will ultimately evaluate in conjunction with a Markman hearing.  It

19    is likely (if not certain) that both parties will need to retain experts on the topics of

20    infringement and validity of the '184 patent.  Dispositive motions will follow.  All of the

21    costs and time associated with these tasks can be greatly reduced (if not eliminated) by

22    staying the present litigation, with no prejudice to Plaintiff.  A stay is appropriate under

23    these circumstances.  For all of the foregoing reasons, the DNNA respectfully requests that

24    the Court order this case stayed pending completion of the PTO's ongoing reexamination of

25    the '184 patent.

26

27

28

1    Dated: December 11, 2007

2                                        PILLSBURY WINTHROP SHAW PITTMAN LLP
                                         DAVID A. JAKOPIN
3                                        THEODORE K. BELL
                                         DANIEL J. RICHERT
4                                        2475 Hanover Street
                                         Palo Alto, CA  94304-1114
5

6

7                                        By _____/s/_____
                                                    Daniel J. Richert
8                                        Attorneys for Defendant,
                                         DIGITAL NETWORKS NORTH AMERICA,
9    Of Counsel:                         INC.

10   Bradley J. Hulbert (admitted *pro hac vice*)
     Richard A. Machonkin (admitted *pro hac vice*)
11   Kurt W. Rohde (admitted *pro hac vice*)
     MCDONNELL BOEHNEN HULBERT
12    & BERGHOFF
     300 South Wacker Drive
13   Chicago, Illinois  60606
     312-913-0001  Telephone
14   312-913-0002  Facsimile
     hulbert@mbhb.com
15   machonkin@mbhb.com
     rohdek@mbhb.com
16

17

18

19

20

21

22

23

24

25

26

27

28

Memorandum of Points and Authorities ISO
Defendants' Motion to Stay
Case No. 07 CV 5568