1  PILLSBURY WINTHROP SHAW PITTMAN LLP
   DAVID A. JAKOPIN #209950
2     david.jakopin@pillsburylaw.com
   THEODORE K. BELL #184289
3     tad.bell@pillsburylaw.com
   DANIEL J. RICHERT #232208
4     daniel.richert@pillsburylaw.com
   2475 Hanover Street
5  Palo Alto, CA 94304-1114
   Telephone: (650) 233-4500
6  Facsimile: (650) 233-4545

7  MCDONNELL BOEHNEN HULBERT & BERGHOFF LLP
   BRADLEY J. HULBERT
8     hulbert@mbhb.com
   KURT W. ROHDE
9     rohdek@mbhb.com
   RICHARD A. MACHONKIN
10    machonkin@mbhb.com
   300 South Wacker Drive
11 Chicago, IL 60606-6709
   Telephone: (312) 913-0001
12 Facsimile: (312) 913-0002

13 Attorneys for Defendant
   DIGITAL NETWORKS NORTH AMERICA, INC.
14

15               UNITED STATES DISTRICT COURT

16               NORTHERN DISTRICT OF CALIFORNIA

17  _____
                                            )
18  JENS ERIK SORENSEN, as Trustee of       )   No. 07 CV 5568
    SORENSEN RESEARCH AND                   )
19  DEVELOPMENT TRUST,                      )   [PROPOSED] ORDER GRANTING
                                            )   DEFENDANT'S MOTION TO STAY
20                          Plaintiff,      )   THE LITIGATION PENDING THE
                                            )   OUTCOME OF REEXAMINATION
21       vs.                                )   PROCEEDINGS
                                            )
22  DIGITAL NETWORKS NORTH                  )   Date:      January 18, 2008
    AMERICA, INC., a Delaware corporation,  )   Time:      9:00 a.m.
23                                          )   Courtroom: 2, 17th Floor
                            Defendant.      )   Judge:     Hon. Jeffrey S. White
24                                          )
                                            )
25  _____)

26

27

28

1      GOOD CAUSE APPEARING, Defendant's motion to stay the litigation pending
2 the outcome of the reexamination proceeding for U.S. Patent No. 4,935,184 is hereby
3 GRANTED.
4      Defendant's motion is based on the pending reexamination of Plaintiff's '184
5 Patent. The United States Patent & Trademark Office ("PTO") has found substantial new
6 questions of patentability for all claims of the '184 Patent that are asserted in the present
7 litigation. The reexamination is based on a number of prior art references, almost all of
8 which were apparently not considered by the PTO in the prosecution of the '184 Patent.
9      Courts have inherent power to stay an action pending conclusion of PTO
10 reexamination proceedings. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422,1426-27 (Fed. Cir.
11 1988). The decision whether to grant or deny a motion to stay proceedings pending PTO
12 reexamination rests within the sound discretion of the court. *See, e.g., Photoflex Prods.,*
13 *Inc. v. Circa 3 LLC*, 2006 U.S. Dist. LEXIS 37743, at *2-3 (N.D. Cal. May 24, 2006).
14 There is a "liberal policy" in favor of granting motions to stay pending the outcome of PTO
15 reexamination proceedings. *ASCII Corp, v. STD Entertainment USA, Inc.*, 844 F. Supp.
16 1378, 1381 (N.D. Cal. 1994).
17      In determining whether to stay litigation pending reexamination by the PTO, courts
18 generally consider: (1) whether a stay would unduly prejudice or present a clear tactical
19 disadvantage to the non-moving party, (2) whether a stay will simplify the issues in
20 question and trial of the case, and (3) whether discovery is completed and whether a trial
21 date has been set. *Nanometrics, Inc. v. Nova Measuring Instruments, Ltd.*, 2007 U.S. Dist.
22 LEXIS 18785, at *4 (N.D. Cal. Feb. 26, 2007); *Photoflex Prods., Inc. v. Circa 3 LLC*, 2006
23 U.S. Dist. LEXIS 37743, at *2-3 (N.D. Cal. May 24, 2006); *Target Therapeutics, Inc. v.*
24 *SciMed Life Systems, Inc.*, 33 U.S.P.Q.2d 2022, 2023, 1995 WL 20470, at *1 (N.D. Cal.
25 1995).
26      As the court recognized in *Broadcast Innovation, LLC v. Charter Communs., Inc.*,
27 the prejudice factor "is best summarized by one question: do the Plaintiffs have an adequate
28 remedy at law?" 2006 U.S. Dist. LEXIS 46623, *32 (D.Colo. Jul. 11, 2006). The answer

here is that Plaintiff clearly does have an adequate remedy. The '184 Patent will expire in February 2008 independent of reexamination. Given that a trial on the merits could not occur prior to that date, Plaintiff would not have been granted any injunctive relief by this Court. Therefore, his claim would be restricted to past monetary damages, which, with the addition of prejudgment interest, are fully capable of compensating Plaintiff. The general prejudice of having to wait for resolution is not a persuasive reason to deny the motion for stay. Courts have repeatedly held that "[t]he delay inherent to the reexamination process does not constitute, by itself, undue prejudice." *Photoflex Prods.*, 2006 U.S. Dist. LEXIS 37743, at *5; *Nanometrics*, 2007 U.S. Dist. LEXIS 18785 at *9; *KLA-Tencor Corp. v. Nanometrics, Inc.*, 2006 U.S. Dist. LEXIS 15754, at *7 (N.D. Cal. Mar. 16, 2006).

This Court finds that the stay will result in the simplification of issues in this case. As explained by the Federal Circuit, "[one purpose of the reexamination procedure is to eliminate trial of [the issue of patent claim validity] (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)." *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983), cert. denied, 464 U.S. 935 (1983). The *Broadcast* court, elaborating on this point, explained:

Shifting the patent validity issue to the PTO has many advantages, including:

1. All prior art presented to the Court will have been first considered by the PTO, with its particular expertise.
2. Many discovery problems relating to prior art can be alleviated by the PTO examination.
3. In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed.
4. The outcome of the reexamination may encourage a settlement without the further use of the Court.
5. The record of reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation.
6. Issues, defenses, and evidence will be more easily limited in final pretrial conferences after a reexamination.
7. The cost will likely be reduced both for the parties and the Court.

1  2006 U.S. Dist. LEXlS 46623, at *9-10 (quoting *Emhart Indus., Inc. v. Sankyo Seiki Mfg.*
2  *Co.*, 3 U.S.P.Q.2d 1889, 1890 (N.D. 111. 1987)).
3      The Court believes that it will benefit from the PTO's evaluation of how the
4  previously unconsidered prior art impacts the claims of the patent-in-suit. The PTO's
5  expert evaluation is likely to be of assistance not only as to the issues of validity, but its
6  understanding of the claims is also likely to aid this Court in the preliminary process of
7  claim construction.
8      The Court finds that, especially in this case, the reexamination process has the
9  potential to significantly narrow the issues for trial because of the impending expiration of
10 the '184 Patent. Since no amendments can be offered to an expired patent, there is
11 obviously a significant likelihood that the validity of some or all of the claims at issue in
12 this action will be affected by the reexamination.
13     The Court finds that this litigation has not proceeded so far that it would be unjust to
14 stay the action. No discovery has yet begun and no trial date is currently set for any aspect
15 of this case. Thus, a substantial amount of resources may be conserved by a stay at this
16 incipient stage of litigation.
17     For these reasons, Defendant's motion to stay the litigation pending the outcome of
18 the reexamination proceedings is granted. All proceedings are hereby stayed pending the
19 PTO's reexamination of the U.S. Patent No. 4,935,184. During the pendency of the
20 reexamination, Defendant will be required to file a notice every 6 months apprising the
21 Court of any change in the status of those proceedings.
22 DATED: _____
23
24
                                                _____
                                                Honorable Jeffrey S. White
25                                                 United States District Judge
26
27
28