| | |
|---|---|
| 1 | PILLSBURY WINTHROP SHAW PITTMAN LLP |
|  | DAVID A. JAKOPIN  #209950 |
| 2 |   david.jakopin@pillsburylaw.com |
|  | THEODORE K. BELL  #184289 |
| 3 |   tad.bell@pillsburylaw.com |
|  | DANIEL J. RICHERT  #232208 |
| 4 |   daniel.richert@pillsburylaw.com |
|  | 2475 Hanover Street |
| 5 | Palo Alto, CA  94304-1114 |
|  | Telephone: (650) 233-4500 |
| 6 | Facsimile: (650) 233-4545 |
| 7 | MCDONNELL BOEHNEN HULBERT & BERGHOFF LLP |
|  | BRADLEY J. HULBERT |
| 8 |   hulbert@mbhb.com |
|  | KURT W. ROHDE |
| 9 |   rohdek@mbhb.com |
|  | RICHARD A. MACHONKIN |
| 10 |   machonkin@mbhb.com |
|  | 300 South Wacker Drive |
| 11 | Chicago, IL  60606-6709 |
|  | Telephone: (312) 913-0001 |
| 12 | Facsimile: (312) 913-0002 |
| 13 | Attorneys for Defendant |
|  | DIGITAL NETWORKS NORTH AMERICA, INC. |
| 14 | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 18 | JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,, | Case No. 07 CV 5568 |
| 20 | Plaintiff, | DEFENDANT'S MOTION PURSUANT TO CIVIL L.R. 6-3 TO ENLARGE TIME TO RESPOND TO THE AMENDED COMPLAINT PENDING THE OUTCOME OF MOTION TO STAY |
| 21 | vs. | |
| 22 | DIGITAL NETWORKS NORTH AMERICA, INC., a Delaware corporation, | **[Civ. L.R. 6-3]** |
| 23 | | Courtroom: 2, 17th Floor |
|  | Defendant. | Judge:     Hon. Jeffrey S. White |
| 24 | | |
| 25 | | Filed Concurrently: |
|  | | 1. Declaration of Theodore K. Bell |
|  | | 2. Proposed Order |

I.   **RELIEF SOUGHT.**

Defendant DIGITAL NETWORKS NORTH AMERICA, INC. ("Defendant" or "DNNA") moves pursuant to Civil Local Rule 6-3 for an Order to extend the time to respond to the amended complaint in this patent litigation until after the Court rules on DNNA's motion to stay the action pending reexamination of the '184 patent ("Motion to Stay"). *See* Dkt. 24. The Motion to Stay is currently scheduled to be heard on January 18, 2008. *Id.* DNNA's response to the amended complaint is currently due January 4, 2008. *See* Dkt. 14.

II.  **REASONS SUPPORTING THE MOTION.**

A.   <u>DNNA's Pleading Should Await The Court's Decision on DNNA's Motion to Stay</u>.

As discussed in the Motion to Stay, a stay will conserve the resources of both the Court and the parties and will provide the benefit of simplifying or eliminating the issues for trial. It makes no sense that DNNA should be required to expend the significant time and money resources to plead to the amended complaint while its Motion to Stay is pending. Given that the '184 patent will expire in less than three months—independent of the reexamination—and that this litigation remains in its incipient stages, plaintiff will not be prejudiced in any way by entry of an order staying the present litigation pending the United States Patent and Trademark Office's ongoing reexamination of the '184 patent. Further, plaintiff will not be prejudiced by staying DNNA's time to respond during the pendency of the Motion to Stay.

B.   <u>Plaintiff Has Refused to Stipulate to Stay the Pleading During While Awaiting The Court's Decision on the Motion to Stay</u>.

DNNA asked plaintiff to stipulate to the requested enlargement of time, and plaintiff refused. *See* Declaration of Theodore K. Bell ("Bell Decl."), filed concurrently herewith, ¶ 3. The parties previously stipulated to an extended response date to an original complaint and there have been no previous enlargements of time to plead to the amended complaint. Bell Decl. ¶ 4.

1         C. <u>DNNA Will Be Prejudiced If It Must Plead Now</u>.

2      DNNA will be substantially prejudiced if it is required to respond to the amended

3 complaint while the Court is considering the Motion to Stay. DNNA would spend

4 considerable amounts of time and money in a Rule 11 pleading that would very likely be

5 moot if the Court grants the Motion to Stay. No purpose would be served by such make-

6 work. If the Motion to Stay is granted, the enlargement would not other affect the schedule

7 for the case or the administration of justice. If the stay motion is denied, DNNA would

8 promptly respond to the amended complaint. Granting this motion will promote, not impair,

9 the orderly consideration of this case and will not prejudice plaintiffs in any way.

10 **III. CONCLUSION.**

11      For all of the reasons set forth herein, as well as those set forth in the accompanying

12 Declaration of Theodore K. Bell, DNNA respectfully requests that the Court grant this

13 motion and entered an Order in the form attached staying DNNA's response date during the

14 pendency of the Motion to Stay and ordering DNNA to respond to the amended complaint

15 within ten days of any ruling by the Court denying DNNA's motion.

16      Dated: December 11, 2007.

17                                    PILLSBURY WINTHROP SHAW PITTMAN LLP
DAVID A. JAKOPIN
18                                    THEODORE K. BELL
DANIEL J. RICHERT
19                                    2475 Hanover Street
Palo Alto, CA 94304-1114
20

                                   MCDONNELL BOEHNEN HULBERT &
21                                    BERGHOFF LLP
BRADLEY J. HULBERT
22                                    KURT W. ROHDE
RICHARD A. MACHONKIN
23                                    300 South Wacker Drive
Chicago, IL 60606-6709
24

25

                                   By        /s/
26                                         Theodore K. Bell
Attorneys for Defendant,
27                                    DIGITAL NETWORKS NORTH AMERICA, INC.

28