1  PILLSBURY WINTHROP SHAW PITTMAN LLP
   DAVID A. JAKOPIN  #209950
2    david.jakopin@pillsburylaw.com
   THEODORE K. BELL  #184289
3    tad.bell@pillsburylaw.com
   DANIEL J. RICHERT  #232208
4    daniel.richert@pillsburylaw.com
   2475 Hanover Street
5  Palo Alto, CA  94304-1114
   Telephone: (650) 233-4500
6  Facsimile: (650) 233-4545

7  MCDONNELL BOEHNEN HULBERT & BERGHOFF LLP
   BRADLEY J. HULBERT
8    hulbert@mbhb.com
   KURT W. ROHDE
9    rohdek@mbhb.com
   RICHARD A. MACHONKIN
10    machonkin@mbhb.com
   300 South Wacker Drive
11 Chicago, IL  60606-6709
   Telephone: (312) 913-0001
12 Facsimile: (312) 913-0002

13 Attorneys for Defendant
   DIGITAL NETWORKS NORTH AMERICA, INC.
14

15              UNITED STATES DISTRICT COURT

16              NORTHERN DISTRICT OF CALIFORNIA

17

18 JENS ERIK SORENSEN, as Trustee of          )   No. 07 CV 5568
   SORENSEN RESEARCH AND                     )
19 DEVELOPMENT TRUST,,                        )   DECLARATION OF THEODORE K. BELL
                                              )   IN SUPPORT OF DEFENDANT'S
20                    Plaintiff,              )   MOTION PURSUANT TO CIVIL L.R. 6-3
                                              )   TO ENLARGE TIME TO RESPOND TO
21       vs.                                  )   THE AMENDED COMPLAINT
                                              )
22 DIGITAL NETWORKS NORTH                     )   **[Civ. L.R. 6-3]**
   AMERICA, INC., a Delaware corporation,     )
23                                            )   Courtroom: 2, 17th Floor
                      Defendant.              )   Judge:    Hon. Jeffrey S. White
24                                            )
                                              )
25                                            )   Filed Concurrently:
                                              )   1. Motion to Enlarge Time
26                                            )   2. Proposed Order

27

28

1    THEODORE K. BELL declares as follows:

2    1.    I am an attorney duly licensed to practice before the United States District Court for the Northern District of California and a senior associate at the law firm Pillsbury Winthrop Shaw Pittman LLP, attorneys for defendant Digital Networks North America, Inc. ("DNNA"). Except where stated to be based upon information and belief, the statements made in this declaration are based upon my personal knowledge. If called as a witness to testify with respect to the matters stated in this declaration, I could and would competently do so under oath.

2.    On December 11, 2007, DNNA filed a motion to stay this patent litigation pending the outcome of reexamination proceedings. By this motion pursuant to Local Rule 6-3, DNNA is asking the Court for an Order enlarging DNNA's time to respond to the Amended Complaint until ten days after the Court has ruled on DNNA's motion to stay. Civ. L.R. 6-3 (a)(1).

3.    On December 11, 2007, I had separate telephonic meet and confer conferences with plaintiff's counsel J. Michael Kaler and Melody A. Kramer. I advised counsel that DNNA was filing a motion to stay the litigation pending reexamination and the motion was scheduled to be heard on January 18, 2008. I asked whether plaintiff would agree to extend DNNA's time to respond to the amended complaint until after the Court ruled on that motion. Mr. Kaler and Ms. Kramer indicated that their client might be willing to discuss an extension of time beyond the January 4, 2008 date currently set by stipulation, however, they would not agree to stay DNNA's response date until after the Court ruled on DNNA's motion to stay. As a result, I informed Mr. Kaler and Ms. Kramer that DNNA would be filing this Rule 6-3 motion. Civ. L.R. 6-3(a)(2).

4.    For all of the reasons set forth in DNNA's motion, an extension of time to respond to the amended complaint until after the Court rules on DNNA's motion to stay the litigation serves the interests of justice and is necessary to avoid undue waste of DNNA's time and resources. The Court's ruling on the motion to stay may obviate the need for DNNA to answer the amended complaint. Accordingly, substantial harm or prejudice will

1  occur if DNNA is required to answer the amended complaint prior to the Court's ruling on
2  the motion to stay.  Civ. L. R. 6-3(a)(1), (a)(3), (a)(4).
3      5.    The parties stipulated to an extension of time until January 4, 2008 to
4  respond to the original complaint, DNNA has not filed any prior motion to enlarge time
5  under Local Rule 6-3, and DNNA cannot identify any grounds upon which plaintiff could
6  reasonably oppose this motion.  Civ. L. R. 6-3(a)(5), (a)(4)(ii).  Granting the motion to
7  enlarge time would have little effect on the schedule of the case if the Court were to deny
8  DNNA's motion to stay.  Civ. L. R. 6-3(a)(6).
9      I declare under penalty of perjury under the laws of the United States that the
10 foregoing is true and correct.  Executed on December 11, 2007, at Pacifica, California.

                                              /s/
                                   Theodore K. Bell