1  MELODY A. KRAMER, SBN 169984
2  KRAMER LAW OFFICE
3  9930 Mesa Rim Road, Suite 1600
   San Diego, California 92121
4  Telephone (858) 362-3150

5  J. MICHAEL KALER, SBN 158296
6  KALER LAW OFFICES
   9930 Mesa Rim Road, Suite 200
7  San Diego, California 92121
8  Telephone (858) 362-3151

10 Attorneys for Plaintiff JENS ERIK SORENSEN,
   as Trustee of SORENSEN RESEARCH AND
11 DEVELOPMENT TRUST

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>          Plaintiff<br>   v.<br><br>DIGITAL NETWORKS NORTH AMERICA, INC., a Delaware corporation; LEGACY SUPPORT SERVICES, LTD. d/b/a S2G; and DOES 1-100,<br><br>          Defendants. | Case No. 07cv 05568 JSW<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT DIGITAL NETWORKS NORTH AMERICA, INC.'S MOTION PURSUANT TO CIVIL L.R. 6-3 TO ENLARGE TIME TO RESPOND TO THE AMENDED COMPLAINT PENDING THE OUTCOME OF MOTION TO STAY** |

//

**SUMMARY OF OPPOSITION**

Defendant Digital Networks North America, Inc.'s ("DNNA") motion to enlarge time for answer beyond the stipulated extension of time ("Motion") should be denied because:

1.  The Motion fails to identify or establish substantial harm or prejudice if the Court does not extend the deadline to file its responsive pleading.  Requiring DNNA to file a responsive pleading in a timely manner does not cause substantial harm or prejudice to the moving party.

2.  Failure to require DNNA to file a responsive pleading when due (and, in advance of the motion for stay) prevents Plaintiff and the Court from having information necessary to properly evaluate factors relevant to DNNA's Motion for Stay scheduled for hearing on January 18, 2008.

3.  DNNA's request for stay is not a proper responsive pleading within the requirements of Fed.R.Civ.P. Rules 8 and 12 and thus should not delay the filing of an answer.

**FACTUAL SUMMARY**

The Complaint for Patent Infringement in this case was filed on November 1, 2007, and personally served on DNNA's registered agent on November 12, 2007 (see Docket #1 and 13).  The responsive pleading deadline was thus December 3, 2007.

On or about November 26, 2007, Mr. Theodore Bell, counsel for DNNA, called Plaintiff's counsel, Ms. Melody Kramer, and requested an extension of time to respond to the Complaint. *Kramer Decl.* ¶ 4.  No particular reason for the request for extension was made, however, Ms. Kramer agreed to an extension until January 4, 2008 and a Stipulation was filed with the Court. *Kramer Decl.* ¶ 5.

On November 27, 2007 an Amended Complaint was filed naming an additional defendant (Docket #12).  The allegations against DNNA remained

essentially the same as those in the initial Complaint. DNNA was served with the Amended Complaint via its counsel (Docket #23). Plaintiff's counsel has conversed with DNNA's counsel and agreed that the response date for the Amended Complaint would also be extended to January 4, 2008. *Kramer Decl.* ¶ 6.

On December 11, 2007, DNNA's counsel called both of Plaintiff's counsel and attempted to obtain an agreement to further extend the response deadline to a certain amount of time after the Court issues its ruling on DNNA's motion for stay (which had not been filed at the time of the telephone calls). Plaintiff, having already granted a more than sufficient extension of time, did not agree to a further extension. *Kramer Decl.* ¶ 7.

Ms. Kramer asked DNNA's counsel for a specific reason as to why it wanted to delay the filing of an answer for so long, and Mr. Bell responded that its responsive pleading may not be an answer. Mr. Bell did not identify what alternate pleading DNNA may intend to file. Mr. Bell also did not identify any prejudice, harm, or other impediment to DNNA filing a responsive pleading in advance of a ruling on DNNA's motion for stay. *Kramer Decl.* ¶ 8.

## **ARGUMENT**

### I. DNNA'S MOTION FAILED TO IDENTIFY OR ESTABLISH SUBSTANTIAL HARM OR PREJUDICE AS REQUIRED BY CIVIL L.R. 6-3.

A motion to change time under Civil L.R. 6-3 is required to be supported by a declaration that:

> (1) <u>Sets forth with particularity, the reasons for the requested enlargement or shortening of time</u>;
> (2) Describes the efforts the party has made to obtain a stipulation to the time change;
> (3) <u>Identifies the substantial harm or prejudice that would occur if the Court did not change the time</u> . . .

    (5) Discloses all previous time modifications in the case, whether by stipulation or Court order;
    (6) Describes the effect the requested time modification would have on the schedule for the case.

Civil L.R. 6-3(a) (emphasis added).

DNNA's motion is supported by the Declaration of Mr. Bell. It does not set forth with sufficient particularity the reasons for the requested enlargement of time as required by subparagraph (1) nor identify any substantial harm or prejudice if time is not changed as required by subparagraph (3).

Mr. Bell uses boilerplate language about "serv[ing] the interests of justice" and "avoid[ing] undue waste of DNNA's time and resources" and speculates about the outcome of the not-even–fully-briefed motion for stay. It does not explain how the simple response to a 67-paragraph Amended Complaint on an already-stipulated extension of time could cause substantial harm or prejudice to DNNA. To the extent that DNNA infers that it intends to file some type of unidentified Rule 11 motion, those deadlines are set forth in the Fed.R.Civ.P. and have no bearing on the statutory responsive pleading date.

Mr. Bell likewise recites the verbiage that "substantial harm or prejudice will occur," but does not explain what any harm or prejudice would accrue to DNNA by filing an answer or responsive pleading. A defendant is not substantially harmed by filing a routine initial pleading, nor is it *per se* prejudiced by filing an answer before a motion for stay is heard.

The effect of the requested time modification on the schedule of this case is substantial. Plaintiff has already agreed to a month-long delay for DNNA's answer date. The motion for stay is scheduled for January 18, 2008, however, there can only be speculation as to when the Court will be able to issue an order. Thus, DNNA is requesting more than a tripling of the normal time for filing a responsive pleading without providing a basis beyond not wanting to spend the minimal time or money required to answer the allegations.

1 Having failed to establish the necessary basis for an enlargement of time, DNNA's motion should be denied.

## II. A FAILURE TO FILE A RESPONSIVE PLEADING PRIOR TO BRIEFING ON THE MOTION FOR STAY DENIES PLAINTIFF AND THE COURT INFORMATION ESSENTIAL TO RULING ON THE MOTION FOR STAY.

Courts are not required to stay judicial proceedings pending reexamination of a patent. *Nanometrics, Inc. v. Nova Measuring Instruments, Ltd.*, 2007 WL 627920, at *1 (N.D.Cal. Feb. 26, 2007).

In determining whether to grant a motion for stay pending reexamination, the court must weigh the competing interests presented by the specific set of facts. *Jain v. Trimas Corporation*, 2005 WL 2397041, at *1 (E.D.Cal. Sept. 27, 2005); *Gladish v. Tyco Toys,* 29 1993 WL 625509, 29 U.S.P.Q.2d 1718, 1719 (E.D.Cal. Sept. 16, 1993).

One of the factors to be considered is whether a stay will simplify the issues in question and trial of the case. *Predicate Logic, Inc. v. Distributive Software, Inc.*, Case No. 01cv1951, Doc. #126 at pp. 2 (S.D. Cal. Nov. 14, 2002) (Moskowitz, J., presiding), citing to *Xerox Corp. v. 3Com Corp.* 69 F.Supp.2d 404, 406-7 (W.D.N.Y. Feb. 18, 1999).

Plaintiff cannot effectively argue, and the Court cannot properly evaluate this factor, if the Defendant avoids identifying what matters are at issue between the parties by failing to answer the Amended Complaint. Until an answer is filed, the Court has no basis for assuming that there are ANY factual issues in dispute.

This is especially troublesome in light of the specific facts of this case. There have been ongoing communications between the parties for more than two years, during which Defendant DNNA has never denied infringement as accused by

1  Plaintiff. *Kramer Decl.* ¶ 9. The only issue disputed between the parties prior to the
2  filing of the complaint has been the appropriate licensing fee.
3      DNNA should be required to answer the Amended Complaint in advance of
4  hearing on the motion for stay and thus, this request for enlargement of time should
5  be denied.

### III. DNNA's MOTION FOR STAY IS NOT A PROPER RESPONSIVE PLEADING TO THE AMENDED COMPLAINT.

    Federal Rules of Civil Procedure Rules 8 and 12 describe the various types of pleadings to be filed by the parties upon commencement of a lawsuit. Rule 12, in particular, outlines all the responsive pleadings that a party can file to a complaint, including an answer and the various motions under Rule 12(b). A motion to stay pending reexamination is not a motion that satisfies the requirement for answering or otherwise responding to a complaint provided under Fed.R.Civ.P. Rule 12.

    DNNA wants to engage in motion practice before it has stated its position in routine initial pleadings, but in a manner not authorized by Rule 12. Because the motion for stay is not a motion delaying the obligation to respond to a complaint under Rule 12, the responsive pleading deadline should not be modified.

### CONCLUSION

    Defendant DNNA's motion to enlarge time for answer far beyond the stipulated extension of time ("Motion") should be denied because there is no substantial harm or prejudice that would accrue to DNNA if the Court does not extend the deadline to file its responsive pleading. Requiring DNNA to file a responsive pleading in a timely manner does not cause substantial harm or prejudice to the moving party.

    Furthermore, allowing DNNA to further postpone the filing of a responsive pleading when due (and, in advance of the motion for stay) denies Plaintiff and the

Court from evaluating factors relevant to the motion for stay, specifically, whether the requested stay would simply issues for trial.

Finally, DNNA's motion for stay is not a proper responsive pleading within the requirements of Fed.R.Civ.P. Rules 8 and 12, and thus the delay in answering a complaint allowed under Rule 12 should not be applied in this case.

WHEREFORE, Plaintiff requests the Court to deny Defendant DNNA's Motion Pursuant to Civil L.R. 6-3 to Enlarge Time to Respond to the Amended Complaint, and not disturb the stipulated due date of January 4, 2008.

DATED this 13th day of December, 2007.

        JENS ERIK SORENSEN, as Trustee of
        SORENSEN RESEARCH AND DEVELOPMENT
        TRUST, Plaintiff

        /s/ Melody A. Kramer

        Melody A. Kramer, Esq.
        J. Michael Kaler, Esq.
        Attorneys for Plaintiff

**PROOF OF SERVICE**

I, Melody A. Kramer declare: I am and was at the time of this service working within in the County of San Diego, California. I am over the age of 18 year and not a party to the within action. My business address is the Kramer Law Office, Inc., 9930 Mesa Rim Road, Suite 1600, San Diego, California, 92121. I am a member of the State Bar of California and the Bar of this Court.

On December 13, 2007, I served on the parties to this action the following documents:

**PLAINTIFF'S OPPOSITION TO DEFENDANT DIGITAL NETWORKS NORTH AMERICA, INC.'S MOTION PURSUANT TO CIVIL L.R. 6-3 TO ENLARGE TIME TO RESPOND TO THE AMENDED COMPLAINT PENDING THE OUTCOME OF MOTION TO STAY**

| PERSON(S) SERVED | PARTY(IES) SERVED | METHOD OF SERVICE |
|---|---|---|
| David A. Jakopin<br>Theodore K. Bell<br>Daniel J. Richert<br>Pillsbury Winthrop et al<br>2475 Hanover Street<br>Palo Alto, CA 94304-1114<br>david.jakopin@pillsburylaw.com<br>tad.bell@pillsburylaw.com<br>Daniel.richert@pillburylaw.com<br>650-233-4545 FAX | Defendant Digital Networks North America, Inc. | Email – Pleadings Filed with the Court |
| Bradley J. Hulbert<br>Richard A. Machonkin<br>Kurt W. Rohde<br>McDonnell Boehnen et al<br>300 South Wacker Drive<br>Chicago, IL 60606-6709<br>hulbert@mbhb.com<br>machonkin@mbhb.com<br>rohdek@mbhb.com<br>312-913-0002 FAX | Defendant Digital Networks North America, Inc. | Email – Pleadings Filed with the Court |

☐ (Personal Service) I caused to be personally served in a sealed envelope hand-delivered to the office of counsel during regular business hours.

8.

Case No. 07CV05568 JSW

1
2   ☐ (Federal Express) I deposited or caused to be deposited today with Federal Express in a sealed envelope containing a true copy of the foregoing documents with fees fully prepaid addressed to the above noted addressee for overnight delivery.
3
4   ☐ (Facsimile) I caused a true copy of the foregoing documents to be transmitted by facsimile machine to the above noted addressees. The facsimile transmissions were reported as complete and without error.
5
6
7   ☐ (Email) I emailed a true copy of the foregoing documents to an email address represented to be the correct email address for the above noted addressee.
8
9   ☒ (Email--Pleadings Filed with the Court) Pursuant to Local Rules, I electronically filed this document via the CM/ECF system for the United States District Court for the Southern District of California.
10
11  I declare that the foregoing is true and correct, and that this declaration was executed on Thursday, December 13, 2007, in San Diego, California.
12
13                                                          /s/ Melody A. Kramer
                                                    _____
14                                                          Melody A. Kramer
15
16
17
18
19
20
21
22
23
24
25
26
27
28

9.                                                                               Case No. 07CV05568 JSW