IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN,<br><br>  Plaintiff,<br><br>  v.<br><br>DIGITAL NETWORKS NORTH AMERICA INC.; LEGACY SUPPORT SERVICES, LTD. d/b/a S2G; and DOES 1 through 100,<br><br>  Defendants. | No. C 07-05568 JSW<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STAY LITIGATION PENDING REEXAMINATION OF PATENT-IN-SUIT** |

Now before the Court is Defendant Digital Networks North America Inc.'s ("DNNA") motion to stay litigation during the pendency of reexamination of United States Patent 4,935,184 (the "'184 Patent"). The Court finds that this matter is appropriate for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for January 18, 2008 is HEREBY VACATED. Having considered the parties' pleadings and the relevant legal authority, the Court HEREBY GRANTS DNNA's motion to stay litigation.

**BACKGROUND**

In this action, plaintiff Jens Erik Sorensen ("Sorensen") brings a claim for patent infringement of the '184 Patent. Sorensen filed this action on November 1, 2007 and served DNNA on November 12, 2007. On October 11, 2007, before this lawsuit was filed, the Patent and Trademark Office ("PTO") granted a request to reexamine the '184 Patent. (Declaration of Kurt W. Rhode ("Rhode Decl."), Ex. C.) The PTO notified Sorensen that newly submitted prior art resulted in thirteen "substantial questions of patenability" regarding the '184 Patent. (*Id*.)

Maria DNNA now moves the Court to stay litigation in the above-captioned matter pending the PTO's reexamination of the '184 Patent. The Court shall address additional facts as necessary to its analysis in the remainder of this Order.

## ANALYSIS

### A. Legal Standards Applicable to a Motion to Stay Proceedings Pending Reexamination.

The patent reexamination statute provides in pertinent part that "[a]ny person at any time may file a request for reexamination by the [PTO] of any claim of a patent on the basis of any prior art cited under the provisions of section 301." 35 U.S.C. § 302. The PTO must "determine whether a substantial new question of patentability affecting any claim of the patent concerned is raised by the request . . . ." 35 U.S.C. § 303(a). The reexamination statute further provides that "[a]ll reexamination proceedings . . . including any appeal to the Board of Patent Appeals and Interferences, will be conducted with special dispatch." 35 U.S.C. § 305.

The determination of whether to grant a stay pending the outcome of the PTO's reexamination is soundly within the Court's discretion. *See Tap Pharm. Prods. Inc. v. Atrix Labs. Inc.*, 70 U.S.P.Q. 2d 1319, 1320 (N.D. Ill. 2004) (citing *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir. 1983)). When ruling on such a stay, courts consider several factors: (1) the stage of the litigation, including whether discovery is or will be almost completed and whether the matter has been marked for trial; (2) whether a stay will unduly prejudice or tactically disadvantage the nonmoving party; and (3) whether a stay will simplify the issues in question and streamline the trial, thereby reducing the burden of litigation on the parties and on the court. *Id.*; *Methode Elecs., Inc. v. Infineon Techs. Corp.*, No. 99-21142, 2000 U.S. Dist. LEXIS 20689, at *5-6 (N.D. Cal. Aug. 7, 2000). There is a "liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." *ASCII Corp. v. STD Entertainment*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994).

**B.     Early Stage of the Litigation Favors a Stay.**

Here, the early stage of this litigation weighs in favor of granting a stay pending reexamination. *See Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, 33 U.S.P.Q. 2d 2022, 2023 (N.D. Cal. 1995) (holding that the absence of "significant discovery" or "substantial expense and time . . . invested" in the litigation weighed in favor of staying the litigation); *see also ASCII Corp.*, 844 F. Supp. at 1381 (granting stay where parties had undertaken little or no discovery and the case had not yet been set for trial). Here, discovery has not even begun and DNNA has not yet responded to the complaint. The Court has not yet set any deadlines in this action regarding discovery, motions, or trial. Therefore, the fact that this case is still in the early stages and the parties have not yet conducted "significant discovery" or invested "substantial expense" into the litigation weighs in favor of granting a stay. *See Target Therapeutics*, 33 U.S.P.Q. 2d at 2023.

**C.     A Stay Will Not Unduly Prejudice Sorensen.**

In determining whether to grant a stay, courts also consider any resulting undue prejudice on the nonmoving party. *See Methode Elecs.*, 2000 U.S. Dist. LEXIS 20689, at *7. Granting a stay does not cause the nonmoving party undue prejudice when that party has not invested substantial expense and time in the litigation. *Id*. The delay inherent to the reexamination process does not constitute, by itself, undue prejudice. *Pegasus Dev. Corp. v. DirecTV, Inc.*, 2003 WL 21105073, at *2 (D. Del. May 14, 2003).

Courts also consider evidence of dilatory motives or tactics, such as when a party unduly delays in seeking reexamination of a patent. *Methode Elecs.*, 2000 U.S. Dist. LEXIS 20689, at *7. This is not a case where reexamination is sought on the eve of trial or after protracted discovery. *Cf. Agar Corp., Inc. v. Multi-Fluid, Inc.*, 983 F. Supp. 1126, 1128 (S.D. Tex. 1997) (finding that "courts are inclined to deny a stay when the case is set for trial and the discovery phase has almost been completed"). Rather, another party filed the request to reexamine the '184 Patent, and the request was granted even before Sorensen filed the instant lawsuit. DNNA promptly sought to stay this action pending the reexamination proceedings. The Court finds that Sorensen has not presented any evidence of dilatory motives or shown that he would be

3

unduly prejudiced or tactically disadvantaged if this Court were to grant a stay. Although Sorensen presents concerns that his ability to conduct discovery may be impaired by the delay in litigation, the Court finds that DNNA has submitted sufficient evidence to allay such concerns. Accordingly, the Court finds that a stay will not unduly prejudice Sorensen, and thus, this factor also weighs in favor of granting a stay

**D.  A Stay Will Simplify the Issues, Streamline the Trial, and Reduce the Burden of Litigation on Both Parties and the Court.**

Because the patent-in-suit is currently being reexamined, the Court finds that this patent infringement action should be stayed during the pendency of the reexamination. The Court finds that such a stay will simplify the issues and streamline the trial, thereby reducing the burden on, and preserving the resources of both the parties and the Court.

Therefore, having considered the factors relevant in determining whether to grant a stay pending reexamination, the Court hereby GRANTS DNNA's motion to stay all proceedings pending reexamination of the '184 Patent.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS DNNA's motion to stay pending reexamination of the '184 Patent. The proceedings are stayed from the date of this Order until further notice. The Court HEREBY ORDERS the parties to submit a joint status report regarding the status of the reexamination proceedings every 120 days, or sooner if the PTO issues a final decision with respect to the '184 Patent, until the stay in this case is lifted.

**IT IS SO ORDERED.**

Dated: January 16, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4