1  MELODY A. KRAMER, SBN 169984
2  KRAMER LAW OFFICE, INC.
   9930 Mesa Rim Road, Suite 1600
3  San Diego, California 92121
4  Telephone (858) 362-3150

5  J. MICHAEL KALER, SBN 158296
6  KALER LAW OFFICES
   9930 Mesa Rim Road, Suite 200
7  San Diego, California 92121
8  Telephone (858) 362-3151

10  Attorneys for Plaintiff JENS ERIK SORENSEN,
11  as Trustee of SORENSEN RESEARCH AND
    DEVELOPMENT TRUST

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST, <br><br> Plaintiff <br><br> v. <br><br> DIGITAL NETWORKS NORTH AMERICA, INC., a Delaware corporation; LEGACY SUPPORT SERVICES, LTD. d/b/a S2G; and DOES 1-100, <br><br> Defendants. | Case No. CV 07-05568 JSW <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL LIFT OF STAY AS TO DEFENDANT LEGACY SUPPORT SERVICES FOR PURPOSES OF ENTERING DEFAULT** <br><br> Date: June 13, 2008 <br> Time: 9:00 a.m. <br> Courtroom 2, 17th Floor <br> Judge: Hon. Jeffrey S. White |

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................3

INTRODUCTION .................................................................................................4

FACTUAL SUMMARY ........................................................................................4

ARGUMENT .........................................................................................................4

    I.    COURTS WILL GRANT A LIFT OF STAY WHERE THE CIRCUMSTANCES HAVE CHANGED SUCH THAT THE PREVIOUSLY IMPOSED STAY IS UNWARRANTED OR INAPPROPRIATE. .........................................................................5

    II.    CHANGED CIRCUMSTANCES IN THIS CASE WARRANT A PARTIAL LIFT OF STAY..........................................................6

        A.  Stage of Litigation..........................................................................6

        B.  Undue Prejudice to the Plaintiff ....................................................7

        C.  Streamline Litigation .....................................................................7

CONCLUSION ......................................................................................................8

# TABLE OF AUTHORITIES

<u>Statutes</u>

Fed.R.Civ.P. § 4(e)(1) ..............................................................................................1

*California Code of Civil Procedure* § 415.40 .........................................................1

<u>Cases</u>

*Atlantic Constr. Fabrics, Inc. v. Metrochem, Inc.*,
    2007 U.S. Dist. LEXIS 77205................................................................3, 4

*Boyle v. County of Kern*, 2008 U.S. Dist. LEXIS 5592 .....................................1, 2

*Canady v. Erbe Elektromedizin, GmbH*, 271 F. Supp 2d 64, 74
    (D.D.C. 2002) ........................................................................................2

*Clinton v. Jones*, 520 U.S. 681 (1997)....................................................................1

*Landis v. North American Co.,* 299 U.S. 248 (1936)..........................................1, 2

*Marsh v. Johnson*, 263 F. Supp 2d 49 (2003) ........................................................2

*Purolite Int'l, Ltd. v. Rohm & Haas Co.*, 24 U.S.P.Q. 2d 1857
    (E.D. Pa. 1992) ......................................................................................2

*Rohm & Haas Co. v. Brotech Corp.*, 24 U.S.P.Q. 2d 1369 (D. Del. 1992) .............2

# INTRODUCTION

The court should exercise its inherent authority to grant an exception to the stay entered on January 16, 2008 for the following limited purpose:

> Requesting and entering default against defendant Legacy Support Services, Ltd. ("Legacy"), a party that defaulted just days prior to entry of the stay order.

# FACTUAL SUMMARY

On November 27, 2007, Plaintiff filed an Amended Complaint for patent infringement against Digital Networks North America, Inc. ("DNNA"), Legacy, and DOES 1-100. Docket #1. On December 11, 2007 DNNA (and no other defendant) moved for a stay pending reexamination of the patent at issue. Docket # 24, 28.

On December 13, 2007 Service was affected on Legacy via certified mail. Docket # 40. Pursuant to Fed.R.Civ.P. § 4(e)(1) and *California Code of Civil Procedure* § 415.40, Legacy was required to answer by January 13, 2008 (service is effective 10 days after mailing; response time is 20 days later).

Legacy failed to answer or otherwise appear in this action on or before January 13, 2008. *See* Docket Report. On January 16, 2008, before Plaintiff had an opportunity to request entry of default against Legacy, this Court issued a stay. Docket # 39.

# ARGUMENT

Courts have "broad discretion to stay proceedings as an incident to its power to control its own docket." *Boyle v. County of Kern*, 2008 U.S. Dist. LEXIS 5592 at *16 quoting *Clinton v. Jones,* 520 U.S. 681, 706 (1997) (citing *Landis v. North American Co.,* 299 U.S. 248 (1936)). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."

*Boyle v. County of Kern*, *supra* at 16 quoting *Landis, supra* at 254.

Along with the power to grant a stay, courts have the inherent power to lift a stay or grant an exception to a stay for limited purposes. *Boyle v. County of Kern*, *supra*, at 16 citing *Canady v. Erbe Elektromedizin, GmbH*, 271 F. Supp 2d 64, 74 (D.D.C. 2002) (citing *Purolite Int'l, Ltd. v. Rohm & Haas Co.*, 24 U.S.P.Q. 2d 1857 (E.D. Pa. 1992), and *Rohm & Haas Co. v. Brotech Corp.*, 24 U.S.P.Q. 2d 1369 (D. Del. 1992)).

For the reasons set forth herein, Plaintiff respectfully requests the Court to utilize its inherent power to grant an exception to stay for the limited purpose requested.

I.  COURTS WILL GRANT A LIFT OF STAY WHERE THE CIRCUMSTANCES HAVE CHANGED SUCH THAT THE PREVIOUSLY IMPOSED STAY IS UNWARRANTED OR INAPPROPRIATE.

The general rule is that a lift of stay may be granted "when circumstances have changed such that the court's reasons for imposing the stay no longer exist or are inappropriate . . ." *Canady v. Erbe Elektromedizin, GmbH*, *supra*, at 74 (citing *Purolite Int'l, Ltd. V. Rohm & Haas Co.*, *supra*, and *Rohm & Haas Co. v. Brotech Corp.*, *supra*. *See Marsh v. Johnson*, 263 F. Supp 2d 49 (2003).

In *Marsh v. Johnson*, the court granted lift of stay "after consideration of the parties' submissions, the relevant law and the record . . ." *supra* at 50-51. The court held circumstances previously requiring the stay changed; thus, the reasons for imposing the stay no longer existed or were inappropriate. *Id*. at 52. The court lifted the stay. *Id*. at 52-53.

II. CHANGED CIRCUMSTANCES IN THIS CASE WARRANT A PARTIAL LIFT OF STAY

In this case, circumstances have changed since the motion for stay was briefed. Legacy failed to timely answer or otherwise appear in this action, rendering

1  Legacy in default, *after* the motion to stay had been submitted to the Court. This
2  changed circumstance favors a grant of a partial lift of stay for limited proceedings
3  that do not impact DNNA, the party that requested stay, at all.

4  Some courts examine the following three factors when deciding whether to lift
5  a stay (the same factors used in determining whether to issue a stay): (1) the stage of
6  litigation; (2) whether a stay would cause undue prejudice or present a clear
7  disadvantage to the non-moving party; and (3) whether a stay will simplify the issues
8  and streamline litigation. *See Atlantic Constr. Fabrics, Inc. v. Metrochem, Inc.*, 2007
9  U.S. Dist. LEXIS 77205).

10  In issuing the Stay in this action the Court considered the above three factors.
11  *See* Docket # 39. The same three factors support granting the requested partial lift of
12  stay.

13      A.    <u>Stage of Litigation.</u>

14  The litigation against Legacy is almost completed. Having failed to filed an
15  answer or otherwise appear in this action (Legacy did not join the motion for stay),
16  Legacy defaulted. Plaintiff is merely seeking to have the clerk enter default, and
17  have a damages prove-up hearing scheduled to finalize a default judgment. There is
18  no need to stay this case as to Legacy.

19      B.    <u>Undue Prejudice to the Plaintiff.</u>

20  This factor will weigh in favor of granting a lift of stay where maintaining the
21  stay will unduly prejudice the nonmoving party. *See Atlantic Constr. Fabrics, Inc. v.*
22  *Metrochem, Inc.*, 2007 U.S. Dist. LEXIS 77205 at *6-7.

23  The entry of the stay came only days after Legacy's deadline to answer.
24  Plaintiff's entitlement to an entry of default was thereby taken away almost
25  immediately upon it becoming available, unduly prejudicing Plaintiff. Allowing
26  Plaintiff the opportunity to enter default and obtain a default judgment by granting an
27  exception to the stay will remedy this prejudice.

28

C. <u>Streamlining Litigation</u>.

Where litigation will be streamlined and issues will be simplified, a lift of stay or exception to the stay is warranted. *See Atlantic Constr. Fabrics, Inc. v. Metrochem, Inc.*, 2007 U.S. Dist. LEXIS 77205 at *7-8.

Plaintiff intends to request entry of default and a damages prove-up hearing upon being granted leave by the Court to do so. This will streamline this litigation by resolving the issue of liability as to one defendant and rapidly determining damages as to that defendant.

## CONCLUSION

Circumstances have changed since the briefing that resulted in a stay, rendering a partial lift of stay as to a non-appearing Defendant appropriate at this time.

Defendant Legacy defaulted just days before stay was entered, but Plaintiff has not yet been able to reduce that default to judgment. Plaintiff should be granted the ability to wrap up this portion of the suit forthwith.

Failure to allow this partial lift of stay will greatly prejudice Plaintiff, and granting this partial lift will not negatively impact the single appearing defendant, DNNA, in any manner.

Under these circumstances, the Court should utilize its inherent power to grant a partial lift of stay for the limited purposes of obtaining entry of default, a damages prove-up hearing, and entry of a default judgment against Defendant Legacy Support Services, Ltd.

1 | DATED this Tuesday, April 15, 2008.

JENS ERIK SORENSEN, as Trustee of
SORENSEN RESEARCH AND DEVELOPMENT
TRUST, Plaintiff

/s/ Melody A. Kramer
_____
J. Michael Kaler, Esq.
Melody A. Kramer, Esq.
Attorneys for Plaintiff

5.

Case No. CV 07-05568 JSW