1  PILLSBURY WINTHROP SHAW PITTMAN LLP
   DAVID A. JAKOPIN #209950
2    david.jakopin@pillsburylaw.com
   DANIEL J. RICHERT #232208
3    daniel.richert@pillsburylaw.com
   2475 Hanover Street
4  Palo Alto, CA 94304-1114
   Telephone: (650) 233-4500
5  Facsimile: (650) 233-4545

6  MCDONNELL BOEHNEN HULBERT & BERGHOFF LLP
   BRADLEY J. HULBERT
7    hulbert@mbhb.com
   RICHARD A. MACHONKIN
8    machonkin@mbhb.com
   KURT W. ROHDE
9    rohdek@mbhb.com
   300 South Wacker Drive
10 Chicago, IL 60606-6709
   Telephone: (312) 913-0001
11 Facsimile: (312) 913-0002

12 Attorneys for Defendants
   DIGITAL NETWORKS NORTH AMERICA, INC. and
13 LEGACY SUPPORT SERVICES, LTD.

14
                    **UNITED STATES DISTRICT COURT**
15
                    **NORTHERN DISTRICT OF CALIFORNIA**
16  _____
                                    )
17 JENS ERIK SORENSEN, as Trustee   )
   of SORENSEN RESEARCH AND         )          No. 07 CV 5568  JSW
18 DEVELOPMENT TRUST,               )
                                    )
19           Plaintiff,             )     **DEFENDANTS' MEMORANDUM IN**
                                    )     **OPPOSITION TO PLAINTIFF'S**
20      v.                          )     **MOTION FOR PARTIAL LIFT OF STAY**
                                    )     **AS TO LEGACY SUPPORT SERVICES**
21 DIGITAL NETWORKS NORTH           )     **FOR PURPOSES OF ENTERING**
   AMERICA, INC., a Delaware        )     **DEFAULT**
22 corporation; LEGACY SUPPORT      )
   SERVICES, LTD. d/b/a S2G; and    )     Date: June 13, 2008
23 DOES 1-100,                      )     Time: 9:00 A.M.
                                    )     Ctrm: 2, 17th Floor
24           Defendants.            )     Judge: Hon. Jeffrey S. White
                                    )
25  _____

26

27

28
   701060107v1                          Defendants' Opposition to Plaintiff's
                                          Motion for Partial Lift of Stay
                                              Case No. 07 CV 5568 JSW

1

# **TABLE OF CONTENTS**

2                                                                                   <u>Page</u>

3  I.   ISSUE ...................................................................................................3

4  II.  STATEMENT OF FACTS .....................................................................3

5  III. ARGUMENT .......................................................................................4

6       A.   Defendant Legacy Is Entitled to Rely on the Court's Orders........................4

7       B.   Plaintiff Has Failed to Show a Change in Circumstances .............................4

8       C.   Factors Relevant to Whether to Lift a Stay Favor the Defendant .................5

9            (1)  Early Stage of Litigation Favors Maintaining the Stay .....................6

10           (2)  Maintaining the Stay Will Not Unduly Prejudice Sorensen...............6

11           (3)  Lifting the Stay Will Not Simplify the Issues or Streamline
                  the Litigation ...................................................................................7

12
13  IV.  CONCLUSION .........................................................................8

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

701060107v1                          - i -                  Defendants' Opposition to Plaintiff's
                                                            Motion for Partial Lift of Stay
                                                            Case No. 07 CV 5568 JSW

1

## **TABLE OF AUTHORITIES**

2

Page

3

Cases

4 Atlantic Constr. Fabrics, Inc. v. Metrochem, Inc.,
    2007 U.S. Dist. LEXIS 77205 (W.D. Wash Oct. 9, 2007)........................................ 6

5

6 Canady v. Erbe Elektromedizin GmbH,
    271 F. Supp. 2d 64 (D.D.C. 2002)............................................................ 4

7 Methode Elecs., Inc. v. Infineon Techs. Corp.,
    No. C 99-21142 (N.D. Cal. Aug. 7, 2000) ............................................... 6

8

9 Sorensen v. Ampro Tools Corp.,
    No. 4:08-cv-00096 (N.D. Cal 2008) (Docket Entry #11)........................... 7

10 Sorensen v. First Int'l Digital, Inc.,
    No. 3:07-cv-05525 (N.D. Cal. 2007) (Docket Entry #12)......................... 6

11

12 Sorensen v. Global Mach. Co.,
    No. 3:08-cv-00233 (S.D. Cal. 2008) (Docket Entry #18) ......................... 7

13 Sorensen v. Head USA, Inc.,
    No. 3:06-cv-1434 (S.D. Cal. 2006) (Docket Entry #9) ............................ 6

14

15 Sorensen v. Johnson Level & Tool Mfg. Co.,
    No. 3:08-cv-00025 (S.D. Cal. 2008) (Docket Entry #8) ........................... 6

16 Sorensen v. Rally Mfg., Inc.,
    No. 08-cv-00305 (S.D. Cal. 2008) (Docket Entry #10) ............................ 7

17

18 Tap Pharm. Prods., Inc. v. Atrix Labs., Inc.,
    70 U.S.P.Q. 2d 1319 (N.D. Ill. 2004)...................................................... 6

19 Wireless Spectrum Techs., Inc. v. Motorola Corp.,
    57 U.S.P.Q. 2d 1662 (N.D. Ill. 2001)...................................................... 6

20

Rules and Regulations

21

Federal Rules of Civil Procedure
22    Rule 12................................................................................................. 4

23

24

25

26

27

28

701060107v1                                           Defendants' Opposition to Plaintiff's
                                                      Motion for Partial Lift of Stay
                                                      Case No. 07 CV 5568 JSW

1

<u>**Case Docket Documents**</u>

2
Amended Complaint for Patent Infringement
        Docket #12....................................................................................... 1, 2, 3
3

4
Notice of Motion and Motion to Stay the Litigation Pending the Outcome of Reexamination
Proceedings
        Docket #24.............................................................................................. 1
5

6
Defendant's Motion Pursuant to Civil L.R. 6-3 to Enlarge Time to Respond to the Amended
Complaint Pending the Outcome of Motion to Stay
        Docket #28.............................................................................................. 1
7

8
Proof of Service of Summons, Complaint, Order Setting CMC and Requiring Joint Case
Management Conference Statement [to Legacy Support Services, LTD.]
        Docket #31........................................................................................... 1, 2
9

10
Order Granting Defendant's Motion Pursuant to Civil L.R. 6-3 To Enlarge Time to
Respond to the Amended Complaint
        Docket #33.................................................................................*passim*
11

12
Plaintiff's Opposition to Defendant Digital Networks North America, Inc.'s Motion for
Stay
        Docket #34.............................................................................................. 3
13

14
Order Granting Defendant's Motion to Stay Litigation Pending Reexamination of Patent-In-
Suit
        Docket #39.................................................................................... 1, 3, 4, 5
15

16
Memorandum of Points and Authorities in Support of Plaintiff's Motion for Partial Lift of
Stay as to Defendant Legacy Support Services for Purposes of Entering Default.
Docket #45-2  ....................................................................................... 4, 5, 6
17

18

19

20

21

22

23

24

25

26

27

28

Defendants' Opposition to Plaintiff's
Motion for Partial Lift of Stay
Case No. 07 CV 5568 JSW

1  **I.     ISSUE**

2      Defendants Legacy Support Services ("Legacy") and Digital Networks North

3  America ("DNNA") respectfully request that the Court deny Plaintiff's motion for a partial

4  lift of stay as to Defendant Legacy Support Services.

5  **II.     STATEMENT OF FACTS**

6      On November 27, 2007, Plaintiff Jens Erik Sorensen ("Sorensen") filed an

7  Amended Complaint for Patent Infringement, adding Legacy as a Defendant.  Docket #12.

8  On December 11, Legacy co-defendant DNNA simultaneously filed two motions: a motion

9  to stay the litigation pending the outcome of reexamination proceedings and a motion to

10  enlarge the time to respond to the Amended Complaint pending the outcome of the motion

11  to stay.  Docket #24 ("Motion to Stay"); Docket #28 ("Motion to Extend Time").

12  Subsequent to Defendant's filing, on December 13, Sorensen filed with the Court proof of

13  service to Legacy of the Amended Complaint.  Docket #31.

14      On December 18, 2007, before Legacy was required to Answer the Amended

15  Complaint, the Court granted Defendant DNNA's motion to extend the time to answer.

16  Docket #33 ("Time Extension Order").  The Court's Order stated that "*Defendants* need not

17  answer or otherwise respond to plaintiff's amended complaint unless and until ten (10) days

18  after this Court enters an Order denying the Motion to Stay."  *Id.* at 2 (emphasis added).

19  On January 16, 2008, the Court granted DNNA's motion to stay litigation pending

20  reexamination of the patent-in-suit.  Docket #39 ("Stay Order").

21      Since the Court's Order granting the stay, the United States Patent and Trademark

22  Office ("PTO") has granted an additional reexamination of the patent-in-suit.  U.S. Patent

23  Reexamination 90/008,976 Office Action (Decl. of Kurt W. Rohde, submitted herewith,

24  ¶ 5, Ex. A).  The reexamination is distinct from the first reexamination and was not

25  submitted by either Defendant in this litigation.  Rohde Decl. ¶¶ 2-5, Ex. A.  The PTO

26  ordered the additional reexamination on February 21, 2008 after finding nine substantial

27  new questions of patentability based primarily on new prior art not previously considered in

28  the first request for reexamination.  *Id.*

701060107v1                    - 3 -              Defendants' Opposition to Plaintiff's
                                                                Motion for Partial Lift of Stay
                                                                Case No. 07 CV 5568 JSW

1  III.    ARGUMENT

2      A.    Defendant Legacy Is Entitled to Rely on the Court's Orders

3          Defendant Legacy did not file an Answer to the Amended Complaint because the

4  Court's Time Extension Order specifically stated that "_Defendants_ need not answer or

5  otherwise respond to plaintiff's amended complaint unless and until ten (10) days after this

6  Court enters an Order denying the Motion to Stay."  Docket #33 at 2 (emphasis added).  At

7  the time of the Court's Time Extension Order, Defendants Legacy and DNNA were (and

8  are) the only named Defendants in the case.  Prior to the date for Legacy to file an Answer,

9  Legacy was aware of the Time Extension Order extending the time to Answer for all

10  Defendants and was also aware that the Court knew Legacy was a Defendant, due to the

11  proof service filed with the Court five days prior to the Court's Order.  Docket #31.  Legacy

12  is entitled to rely on the Court's Time Extension Order as written and was (and is) under no

13  duty to file an Answer.

14      B.    Plaintiff Has Failed to Show a Change in Circumstances

15          As Sorensen correctly points out, the general rule is that a lift of stay may be

16  granted "[w]hen circumstances have changed such that the court's reasons for imposing the

17  stay no longer exist or are inappropriate."  _Canady v. Erbe Elektromedizin GmbH_, 271 F.

18  Supp. 2d 64, 74 (D.D.C. 2002) (denying a motion to lift a stay pending PTO reexamination

19  of the patent in suit).  However, Sorensen has failed to show a change in circumstances

20  warranting a partial lift of stay.

21          Sorensen cannot sustain an allegation of changed circumstances when Sorensen

22  himself has previously acknowledged that the Court's Time Extension Order applied to all

23  Defendants, including Legacy.  In Sorensen's December 27, 2007 Opposition to the Motion

24  to Stay, Sorensen specifically requested that the Court "require _Defendants_ to respond to

25  the Amended Complaint."  Docket #34 at 11 (emphasis added).  If the Court's Time

26  Extension Order applied only to DNNA, Sorensen would have been entitled to an Answer

27  from Legacy pursuant to Fed. R. Civ. P. 12, without need to resort to a request for a Court

28  order as to Legacy.  Sorensen cannot argue that circumstance have changed due to an

701060107v1                                    - 4 -                          Defendants' Opposition to Plaintiff's
                                                                                        Motion for Partial Lift of Stay
                                                                                        Case No. 07 CV 5568 JSW

1   alleged default when Sorensen has already recognized that Legacy had no requirement to

2   respond to the Amended Complaint.  Legacy cannot be in default when it had no pending

3   duty to respond.

4         Sorensen also contends that Legacy's inclusion within the Time Extension Order

5   was a Court "mistake."[1]  Kramer Letter at 1, ¶ 3 (Apr. 16, 2008) (Rohde Decl. ¶ 6, Ex. B);

6   s*ee also* Rohde Letter (Apr. 21, 2008) (Rohde Decl. ¶ 7, Ex. C).  Legacy disagrees.  Nine

7   days after the Time Extension Order issued, Sorensen understood that there was no mistake,

8   as evidenced by his request for a Court Order requiring Legacy to file an Answer within 10

9   days.  Docket #34 at 11-12.  Tellingly, the Court did not change its ruling on the Time

10  Extension Order, nor did the Court grant Sorensen's request for an Answer from Legacy.

11        Sorensen also cannot sustain an allegation of changed circumstances because the

12  "changed" circumstances occurred <u>prior</u> to the January 16, 2008 Stay Order, Docket #39.

13  The only changed circumstance that Sorensen alleges is that "Legacy failed to timely

14  answer or otherwise appear in this action, rendering Legacy in default."  Docket #45-2

15  at 2-3.  Under Sorensen's own argument, Legacy was already allegedly in default prior to

16  the Court granting the stay, thus the circumstances could not have changed after the stay

17  was granted.  Docket #45-2 at 4 ("Defendant Legacy defaulted just days before stay was

18  entered . . . .").

19        **C.     Factors Relevant to Whether to Lift a Stay Favor the Defendant**

20        When ruling on a motion to stay, courts consider several factors: (1) the stage of the

21  litigation, including whether discovery is or will be almost completed and whether the

22  matter has been marked for trial; (2) whether a stay will unduly prejudice or tactically

23  disadvantage the nonmoving party; and (3) whether a stay will simplify the issues in

24  question and streamline the trial, thereby reducing the burden of litigation on the parties and

25  on the court.  *Tap Pharm. Prods., Inc. v. Atrix Labs., Inc.,* 70 U.S.P.Q. 2d 1319, 1320 (N.D.

26  _____

27  [1] Sorensen attorney Melody Kramer stated in an April 16, 2008 teleconference with counsel
    for Legacy that she believes the plural "Defendants" was a mistake of the Court.  Kramer

28  Letter (Apr. 16, 2008) (Rohde Decl. ¶ 6, Ex. B).

701060107v1                          - 5 -                    Defendants' Opposition to Plaintiff's
                                                              Motion for Partial Lift of Stay
                                                              Case No. 07 CV 5568 JSW

1   Ill. 2004) (citing *Wireless Spectrum Techs., Inc. v. Motorola Corp.*, 57 U.S.P.Q. 2d 1662,

2   1663 (N.D. Ill. 2001)); *Methode Elecs., Inc. v. Infineon Techs. Corp.*, No. C 99-21142,

3   2000 U.S. Dist. LEXIS 20689, at *5-6 (N.D. Cal. Aug. 7, 2000).  Those same factors apply

4   when deciding a motion to lift a stay.  *See Atlantic Constr. Fabrics, Inc. v. Metrochem, Inc.*,

5   2007 U.S. Dist. LEXIS 77205, at *5 (W.D. Wash Oct. 9, 2007) (applying the factors in

6   denying a motion to lift a stay pending reexamination of patent-in-suit).  Just three months

7   ago this Court determined that the factors surrounding this litigation favor a stay.  Docket

8   #39.  Sorensen now attempts to alter the calculus of those factors in this case.

9               **(1)      Early Stage of Litigation Favors Maintaining the Stay**

10          Sorensen argues that the litigation against Legacy is almost complete.  Docket #45-2

11  at 6.  This assertion is just plain false.  Litigation has proceeded no further against Legacy

12  than it has against co-defendant DNNA.  Should litigation resume, Legacy will vigorously

13  defend itself both in arguing against any alleged default and against any charge of

14  infringement.

15              **(2)      Maintaining the Stay Will Not Unduly Prejudice Sorensen**

16          Sorensen argues that he has been prejudiced by the Court's Stay Order, Docket #39,

17  because he was entitled to an entry of default.  Docket #45-2 at 3.  Under Sorensen's theory

18  that the alleged default occurred, Sorensen still had opportunity to file with the Clerk for

19  entry of the default.  By Sorensen's own admission, the alleged default occurred three days

20  prior to the stay Order.  Docket #45-2 at 1.  Sorensen is no certainly no stranger to filing for

21  default judgment entries immediately upon alleged default.  *See, e.g.*, Docket Entry #12 in

22  *Sorensen v. First Int'l Digital, Inc.*, No. 3:07-cv-05525 (N.D. Cal. 2007) (J. White) (Rohde

23  Decl. ¶ 8, Ex. D) (filing for entry of default two days after default); Docket Entry #8 in

24  *Sorensen v. Johnson Level & Tool Mfg. Co.*, No. 3:08-cv-00025 (S.D. Cal. 2008) (Rohde

25  Decl. ¶ 9, Ex. E) (filing for entry of default one day after alleged default); Docket Entry #9

26  in *Sorensen v. Head USA, Inc.*, No. 3:06-cv-1434 (S.D. Cal. 2006) (Rohde Decl. ¶ 10, Ex.

27  F) (filing for entry of default one day after alleged default and one day after defendant

28  allegedly in default filed a motion to stay the litigation pending reexamination); s*ee also*

701060107v1                                    - 6 -                   Defendants' Opposition to Plaintiff's
                                                                                                    Motion for Partial Lift of Stay
                                                                                                    Case No. 07 CV 5568 JSW

1    Docket Entry #11 in *Sorensen v. Ampro Tools Corp.*, No. 4:08-cv-00096 (N.D. Cal 2008)

2    (Rohde Decl. ¶ 11, Ex. G) (filing for entry of default 16 days after alleged default); Docket

3    Entry #10 in *Sorensen v. Rally Mfg., Inc.*, No. 08-cv-00305 (S.D. Cal. 2008) (Rohde Decl.

4    ¶ 12, Ex. H) (filing for entry of default 10 days after alleged default); Docket Entry #18 in

5    *Sorensen v. Global Mach. Co.*, No. 3:08-cv-00233 (S.D. Cal. 2008) (Rohde Decl. ¶ 13,

6    Ex. I) (filing for entry of default against three defendants 10 days after alleged default; later

7    withdrawn).

8          Sorensen was aware of the impending decision on the motion to stay and was

9    clearly capable of filing a motion for entry of default following the alleged default of

10    Legacy.  Thus, any prejudice actually suffered by Sorensen was accrued through his own

11    inaction.

12          Sorensen has had plenty of opportunity to argue against the language in the Court's

13    Time Extension Order.  Although Sorensen has contended to Legacy counsel that the

14    Court's Time Extension Order was a "mistake," Kramer Letter at 1, ¶ 3 (Apr. 16, 2008)

15    (Rohde Decl. ¶ 6, Ex. B), Sorensen has never sought clarification from the Court, nor has

16    he disclosed in any court filing that the plain language of the Time Extension Order is

17    contrary to his position.

18          Further, Sorensen cannot be prejudiced since the litigation is currently stayed by

19    Order of this Court.  The litigation has not proceeded, and is not currently proceeding,

20    against any Defendant.  Sorensen is in the same position as all parties to the litigation,

21    awaiting a determination from the PTO on the reexamination of the patent-in-suit.  It makes

22    no sense at this point to hold Legacy liable for an alleged default (especially when Legacy

23    is represented by counsel and intends to vigorously defend itself) when the litigation is

24    stayed pending reexamination of the patent-in-suit.

25          **(3)**        **Lifting the Stay Will Not Simplify the Issues or Streamline the**

26                            **Litigation**

27          Sorensen argues that the issue of liability as to Legacy would be rapidly resolved if

28    the stay were lifted.  Docket #45-2 at 4.  Legacy again disagrees.  If the stay is lifted,

701060107v1          - 7 -          Defendants' Opposition to Plaintiff's
Motion for Partial Lift of Stay
Case No. 07 CV 5568 JSW

1    Legacy will, as previously stated, vigorously defend itself.  Legacy submits that it is not in

2    default, and alternatively if the Clerk enters default, Legacy submits that it can readily show

3    good cause for the Court to set aside the entry of default.  Thus, Legacy would not be

4    removed from the litigation and no issues relating to the stay would have been simplified or

5    streamlined for later trial.  Further, if the Court agrees that Legacy has shown good cause

6    for setting aside any alleged default, Legacy will argue for the current stay to be imposed

7    once again.

8    **IV.        CONCLUSION**

9            An Order denying Plaintiff's Motion for Partial Lift of Stay as to Defendant Legacy

10    Support Services for Purposes of Entering Default is appropriate under these circumstances.

11    For the reasons detailed in this response Brief, Legacy and DNNA respectfully requests that

12    the Court maintain the stay as previously ordered.

13

14    Dated: April 30, 2008.

                                        PILLSBURY WINTHROP SHAW PITTMAN LLP
15                                      DAVID A. JAKOPIN
                                        DANIEL J. RICHERT
16                                      2475 Hanover Street
                                        Palo Alto, CA 94304-1114
17

18
                                        By _____/s/_____
19                                              Daniel J. Richert
                                        Attorneys for Defendants
20                                      DIGITAL NETWORKS NORTH AMERICA, INC.
                                        and LEGACY SUPPORT SERVICES, LTD. d/b/a
21                                      S2G

22    Of Counsel:
      Bradley J. Hulbert  (admitted *pro hac vice*)
23    Richard A. Machonkin  (admitted *pro hac vice*)
      Kurt W. Rohde  (admitted *pro hac vice*)
24    MᴄDᴏɴɴᴇʟʟ Bᴏᴇʜɴᴇɴ Hᴜʟʙᴇʀᴛ & Bᴇʀɢʜᴏғғ
      300 South Wacker Drive
25    Chicago, Illinois  60606
      312-913-0001  Telephone
26    312-913-0002  Facsimile
      hulbert@mbhb.com
27    machonkin@mbhb.com
      rohdek@mbhb.com
28

701060107v1                    - 8 -              Defendants' Opposition to Plaintiff's
                                                   Motion for Partial Lift of Stay
                                                   Case No. 07 CV 5568 JSW