# EXHIBIT A

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/008,976 | 12/21/2007 | 4935184 | 065640-0260 | 6753 |

22653        7590        02/21/2008

EDWARD W CALLAN
NO. 705 PMB 452
3830 VALLEY CENTRE DRIVE
SAN DIEGO, CA  92130

| EXAMINER |
|---|
| |

| ART UNIT | PAPER NUMBER |
|---|---|
| | |

DATE MAILED: 02/21/2008

Please find below and/or attached an Office communication concerning this application or proceeding.

 UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

Pavan Agarwal

Foley & Lardner LLP

3000 K Street, NW, Suite 500

Washington, DC 20007

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/008,976*.

PATENT NO. *4935184*.

ART UNIT *3991*.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

| *Order Granting / Denying Request For Ex Parte Reexamination* | Control No. | Patent Under Reexamination | |
|---|---|---|---|
| | 90/008,976 | 4935184 | |
| | Examiner | Art Unit | |
| | Krisanne Jastrzab | 3991 | |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed *21 December 2007* has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments: a)☐ PTO-892,   b)☒ PTO/SB/08,   c)☐ Other: _____

1. ☒   The request for *ex parte* reexamination is GRANTED.

RESPONSE TIMES ARE SET AS FOLLOWS:

For Patent Owner's Statement (Optional): TWO MONTHS from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

2. ☐   The request for *ex parte* reexamination is DENIED.

This decision is not appealable (35 U.S.C. 303(c)).  Requester may seek review by petition to the Commissioner under 37 CFR 1.181 within ONE MONTH from the mailing date of this communication (37 CFR 1.515(c)). **EXTENSION OF TIME TO FILE SUCH A PETITION UNDER 37 CFR 1.181 ARE AVAILABLE ONLY BY PETITION TO SUSPEND OR WAIVE THE REGULATIONS UNDER 37 CFR 1.183.**

In due course, a refund under 37 CFR 1.26 ( c ) will be made to requester:

a) ☐   by Treasury check or,

b) ☐   by credit to Deposit Account No. _____ ,  or

c) ☐   by credit to a credit card account, unless otherwise notified (35 U.S.C. 303(c)).

/Krisanne Jastrzab/
Primary Examiner
Art Unit: 3991

cc:Requester ( if third party requester )
U.S. Patent and Trademark Office
PTOL-471 (Rev. 08-06)                    Office Action in *Ex Parte* Reexamination                    Part of Paper No. 20080220

71338   U.S. PTO

12/21/07

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

PTO/SB/08 (09-06)
Approved for use through 03/31/2007. OMB 0651-0031
U.S. Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE

00000970

12/21/07

| Substitute for form 1449/PTO | Complete if Known | |
|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT**<br><br>Date Submitted: December 21, 2007 | Reexamination Control Number | Unassigned |
| | Patent Number | 4,935,184 |
| | First Named Inventor | Jens O. Sorensen |
| Sheet | 1 | of | 2 | Attorney Docket Number | 065640-0260 |

### U.S. PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Document Number — Number-Kind Code[2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| /K.J./ | A1 | 4,935,184 | 06/19/1990 | SORENSEN | |
| ↓ | A2 | 4,422,995 | 12/27/1983 | SCHAD | |
| | A3 | 4,508,676 | 04/02/1985 | SORENSEN | |
| /K.J./ | A4 | 3,375,554 | 04/02/1968 | BLUMER | |

### UNPUBLISHED U.S. PATENT APPLICATION DOCUMENTS

| Examiner Initials* | Cite No.[1] | U.S. Patent Application Document — Serial Number-Kind Code[2] (if known) | Filing Date of Cited Document MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | | | | | |

### FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Foreign Patent Document Country Code[3] Number[4] Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Documents | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| /K.J./ | A5 | JP 59-199227 | 11/12/1984 | IDEMITSU SEKIYU KAGAKU KK | | Tr. |
| ↓ | A6 | JP 60-154022 | 08/13/1985 | FUJITSU, LTD. | | Tr. |
| | A7 | JP 58-82401 | 05/18/1983 | NISSAN MOTOR CO., LTD. | | Tr. |
| /K.J./ | A8 | JP S52-51449 | 04/25/1977 | KABUSHIKI KAISHA YOSHINO KOGYOSHO | | Tr. |

### NON PATENT LITERATURE DOCUMENTS

| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.) date, page(s), volume-issue number(s), publisher, city and/or country where published. | T[6] |
|---|---|---|---|
| | A9 | ~~SUMITOMO HEAVY INDUSTRIES, LTD., Promat 100-100/100 Sumitomo Netstal Dual Material Injection Molding Machine~~ | Tr. |

| Examiner Signature | /Krisanne Jastrzab/ | Date Considered | 02/20/2008 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. 1 Applicant's unique citation designation number (optional). 2 See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. 3 Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). 4 For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. 5 Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. 6 Applicant is to place a check mark here if English language Translation is attached.
This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*

WASH_2164550.1

PTO/SB/08 (09-06)
Approved for use through 03/31/2007. OMB 0651-0031
U.S. Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Substitute for form 1449/PTO | | | | Complete if Known | |
|---|---|---|---|---|---|
| INFORMATION DISCLOSURE STATEMENT BY APPLICANT Date Submitted: December 21, 2007 | | | | Reexamination Control Number | Unassigned |
| | | | | Patent Number | 4,935,184 |
| | | | | First Named Inventor | Jens O. Sorensen |
| Sheet | 2 | of | 2 | Attorney Docket Number | 065640-0260 |

| | | NON PATENT LITERATURE DOCUMENTS | |
|---|---|---|---|
| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.) date, page(s), volume-issue number(s), publisher, city and/or country where published. | T[6] |
| /K.J./ | A10 | WRIGHT, "New Vigor for Two-Shot Molding with Automation," *Modern Plastics*, Vol. 45, No. 9, May 1968, pp. 78 – 83. | |
| | A11 | Plaintiff's Amended Preliminary Claim Constructions and Extrinsic Evidence , SORENSEN v. THE BLACK & DECKER CORPORATION ET AL., U.S. District Court for the Southern District of California, Case No. 06-cv-1572 BTM (CAB). | |
| | A12 | SORENSEN v. INTERNATIONAL TRADE COM'N., 427 F.3d 1375 (Fed. Cir. 2005) | |
| | A13 | Deposition of Paul P. Brown, December 19, 2006, SORENSEN v. THE BLACK & DECKER CORPORATION ET AL., U.S. District Court for the Southern District of California, Case No. 06-cv-1572 BTM (CAB). | |
| /K.J./ | A14 | Plaintiffs' Local Civil Rule 56.1 Statement of Material Facts in Opposition to Defendants' Motion for Summary Judgment of Invalidity Based on Prior Art, U.S. District Court for the District of New Jersey Newark Vicinage, CIV. No. 03-1763(HAA). | |
| | | | |
| | | | |
| | | | |
| | | | |

| Examiner Signature | /Krisanne Jastrzab/ | Date Considered | 02/20/2008 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. 1 Applicant's unique citation designation number (optional). 2 See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. 3 Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). 4 For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. 5 Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. 6 Applicant is to place a check mark here if English language Translation is attached.
This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*

WASH_2164550.1

Application/Control Number:                                    Page 2
90/008,976
Art Unit: 3991

### *Reexamination*

### Decision on Reexamination Request

A substantial new question of patentability affecting claims 1, 2, 4 and 6-10 of

United States Patent Number 4,935,184 (hereinafter referred to as "the '184 patent) is

raised by the request for *ex parte* reexamination. The request was filed by a Third Party

on 12/21/2007.

Since requestor did not request reexamination of claims 3 and 5 and did not

assert the existence of a substantial new question of patentability (SNQ) for such claims

(see 35 U.S.C. § 302); see also 37 CFR 1.510b and 1.515), such claims will not be

reexamined. This matter was squarely addressed in *Sony Computer Entertainment*

*America Inc., et al v. Jon W. Dudas,* Civil Action No. 1:05CV1447 (E.D.Va. May 22,

2006), Slip Copy, 2006 WL 1472462. The District Court upheld the Office's discretion to

not reexamine claims in a reexamination proceeding other than those claims for which

reexamination had specifically been requested. The Court stated:

"To be sure, a party may seek, and the PTO may grant .... review of each and every
claim of a patent. Moreover, while the PTO in its discretion may review claims for
which ... review was not requested, nothing in the statute compels it to do so. To
ensure that the PTO considers a claim for ... review, ...requires that the party
seeking reexamination demonstrate why the PTO should reexamine each and every
claim for which it seeks review. Here, it is undisputed that Sony did not seek review
of every claim under the '213 and '333 patents. Accordingly, Sony cannot now
claim that the PTO wrongly failed to reexamine claims for which Sony never
requested review, and its argument that AIPA compels a contrary result is
unpersuasive."

### Extensions of Time

Extensions of time under 37 CFR 1.136(a) will not be permitted in these

proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and

not to parties in a reexamination proceeding. Additionally, 35 U.S.C. 305 requires that

Application/Control Number:                                    Page 3
90/008,976
Art Unit: 3991

*ex parte* reexamination proceedings "will be conducted with special dispatch" (37

CFR 1.550(a)). Extensions of time in *ex parte* reexamination proceedings are provided

for in 37 CFR 1.550(c).

## Substantial New Question of Patentability (SNQ)

The substantial new question of patentability (SNQ) is based on:

JP S59-199227 (hereinafter referred to as "JP '227")

JP 60-154022 (hereinafter referred to as "JP '022")

JP 58-82401 (hereinafter referred to as "JP '401")

JP S52-51449 (hereinafter referred to as "JP '449")

Schad, U.S. patent No. 4,422,995 (hereinafter referred to as "Schad")

Blumer U.S. patent No. 3,375,554 (hereinafter referred to as "Blumer")

Sorensen U.S. patent No. 4,508,676 (hereinafter referred to as "Sorensen")

Promot 100-100/100 (hereinafter referred to as "Promot 100")

Modern Plastics, "New Vigor for Two-Shot Molding with

Automation...Versatility...Ingenuity" (hereinafter referred to as "Modern Plastics")


A discussion of the specifics follows:


## Request

Application/Control Number:                                          Page 4
90/008,976
Art Unit: 3991

**The request indicates that the Requestor considers JP '227 as raising a**

**substantial new question of patentability for claims 1, 6-8 and 10 of the '184**

**patent.**

It is agreed that the consideration of JP '227 raises an SNQ as to claims 1, 6-8

and 10 of the '184 patent.  The last paragraph of page 31 through page 42 of the

request is hereby incorporated by reference for the explanation of the teachings

provided in JP '227 regarding a method of two-shot injection molding of a part utilizing a

common mold core.  These teachings were not present in the prosecution of the

application which became the '184 patent.  Further, there is a substantial likelihood that

a reasonable examiner would consider these teachings important in deciding whether or

not these claims are patentable.  Accordingly, JP '227 raises a substantial new question

of patentability as to claims 1, 6-8 and 10, which question has not been decided in a

previous examination of the '184 patent.

**The request indicates that the Requestor considers JP '022 as raising a**

**substantial new question of patentability for claims 1 and 10 of the '184 patent.**

It is agreed that the consideration of JP '022 raises an SNQ as to claims 1 and

10 of the '184 patent.  Page 43 through the top of page 47 of the request is hereby

incorporated by reference for the explanation of the teachings provided in JP '022

regarding a method of two-shot injection molding of a part utilizing a common mold

core.  These teachings were not present in the prosecution of the application which

became the '184 patent.  Further, there is a substantial likelihood that a reasonable

Application/Control Number:                          Page 5
90/008,976
Art Unit: 3991

examiner would consider these teachings important in deciding whether or not these

claims are patentable. Accordingly, JP '022 raises a substantial new question of

patentability as to claims 1 and 10, which question has not been decided in a previous

examination of the '184 patent.


**The request indicates that the Requestor considers JP '401 as raising a**

**substantial new question of patentability for claims 1 and 10 of the '184 patent.**

It is agreed that the consideration of JP '401 raises an SNQ as to claims 1 and

10 of the '184 patent. The bottom of page 47 through the top of page 52 of the request

is hereby incorporated by reference for the explanation of the teachings provided in JP

'401 regarding a method of two-shot injection molding of a part utilizing a common mold

core. These teachings were not present in the prosecution of the application which

became the '184 patent. Further, there is a substantial likelihood that a reasonable

examiner would consider these teachings important in deciding whether or not these

claims are patentable. Accordingly, JP '401 raises a substantial new question of

patentability as to claims 1 and 10, which question has not been decided in previous

examination of the '184 patent.


**The request indicates that the Requestor considers the combination of JP**

**'449 and the Admitted State of the Prior Art as raising a substantial new question**

**of patentability for claims 1 and 6-9 of the '184 patent.**

Application/Control Number:                                    Page 6
90/008,976
Art Unit: 3991

It is agreed that the combination of JP '449 and the Admitted State of the Prior

Art raises an SNQ as to claims 1 and 6-9 of the '184 patent. The bottom of page 6

through the top of page 9, page 22 beginning at "E." through the top of page 27 and

page 54 through the top of page 60 of the request is hereby incorporated by reference

for the explanation of the Admitted State of the Prior Art and the teachings in JP '449

regarding a method of molding a two-component part. These combined teachings were

not present in the prosecution of the application which became the '184 patent. Further,

there is a substantial likelihood that a reasonable examiner would consider these

teachings important in deciding whether or not these claims are patentable.

Accordingly, the combination of JP '449 and the Admitted State of the Prior Art, raise a

substantial new question of patentability as to claims 1 and 6-9, which question has not

been decided in previous examination of the '184 patent.


**The request indicates that the Requestor considers the combination of JP**

**'449, the Admitted State of the Prior Art and Schad as raising a substantial new**

**question of patentability for claim 10 of the '184 patent.**

It is agreed that the combination of JP '449, the Admitted State of the Prior Art

and Schad raises an SNQ as to claim 10 of the '184 patent. Page 60 of the request is

hereby incorporated by reference for the explanation of the teachings of Schad

regarding the separation of mold components in a two-shot molding process as

applicable to the combination of the JP '449 and the Admitted State of the Prior Art.

These combined teachings were not present in the prosecution of the application which

Application/Control Number:                                    Page 7
90/008,976
Art Unit: 3991

became the '184 patent. Further, there is a substantial likelihood that a reasonable

examiner would consider these teachings important in deciding whether or not this claim

is patentable. Accordingly, the combination of JP '449, the Admitted State of the Prior

Art and Schad, raises a substantial new question of patentability as to claim 10, which

question has not been decided in previous examination of the '184 patent.

**The request indicates that the Requestor considers the combination of JP**
**'449 and Modern Plastics as raising a substantial new question of patentability for**
**claim 1 of the '184 patent.**

It is agreed that the combination of JP '449 and Modern Plastics raises an SNQ

as to claim 1 of the '184 patent. Pages 60-64 of the request are hereby incorporated by

reference for the explanation of the combination of the teachings of JP '449 and Modern

Plastic regarding a two-shot molding process. These combined teachings were not

present in the prosecution of the application which became the '184 patent. Further,

there is a substantial likelihood that a reasonable examiner would consider these

teachings important in deciding whether or not this claim is patentable. Accordingly, the

combination of JP '449 and Modern Plastics raises a substantial new question of

patentability as to claim 1, which question has not been decided in previous

examination of the '184 patent.

Application/Control Number:                                    Page 8
90/008,976
Art Unit: 3991

**The request indicates that the Requestor considers the combination of JP**

**'227 and Modern Plastics as raising a substantial new question of patentability for**

**claims 1, 2, 4, and 6-10 of the '184 patent.**

It is agreed that the combination of JP '227 and Modern Plastics raises an SNQ

as to claims 1, 2, 4 and 6-10 of the '184 patent.  Page 65 through the top of page 68 of

the request is hereby incorporated by reference for the explanation of the combination

of teachings of JP '227 and Modern Plastics regarding a two-shot molding process.

These combined teachings were not present in the prosecution of the application which

became the '184 patent.  Further, there is a substantial likelihood that a reasonable

examiner would consider these teachings important in deciding whether or not these

claims are patentable.  Accordingly, the combination of JP '227 and Modern Plastics

raises a substantial new question of patentability as to claims 1, 2, 4 and 6-10, which

question has not been decided in previous examination of the '184 patent.

**The request indicates that the Requestor considers the combination of**

**either JP '022 or JP '401 and Promot 100 as raising a substantial new question of**

**patentability for claims 6-8 of the '184 patent.**

It is agreed that the combination of JP '022 or JP '401 in view of Promot 100

raises an SNQ as to claims 6-8 of the '184 patent.  The bottom of page 67 through the

top of page 72 is hereby incorporated by reference for the explanation of the

combination of teachings of JP '022 or JP '401 with Promot 100 regarding a two-shot

molding process.  While no date has been supplied for Promot 100, it is noted that

during prosecution of the application which became the '184 patent, an IDS was submitted (6/16/1988) citing Promot 100 and noting that Figures 1 through 4 of Promot 11 illustrate the prior art described in the Background portion of the specification of the application which became the '184 patent. These combined teachings were not present in the prosecution of the application which became the '184 patent. Further, there is a substantial likelihood that a reasonable examiner would consider these teaching important in deciding whether or not these claims are patentable. Accordingly, the combination of JP '022 or JP '401 and Promot 100, raises a substantial new question of patentability as to claims 6-8, which question has not been decided in previous examination of the '184 patent.

**The request indicates that the Requestor considers the combination of either JP '227, JP '022 or JP '401 with either Blummer or Soreneson as raising a substantial new question of patentability for claim 9 of the '184 patent.**

It is agreed that the combination of either JP '227, JP '022 or JP '401 in view of either Bummer or Sorensen raises an SNQ as to claim 9 of the '184 patent. The bottom of page 72 through page 74 of the request is hereby incorporated by reference for the explanation of the combination of the teachings of any of JP '227, JP '022 or JP '401 and either Blummer or Sorensen regarding the securing of two mold components in a two-shot molding process. These combined teachings were not present in the prosecution of the application which became the '184 patent. Further, there is a substantial likelihood that a reasonable examiner would consider these teachings

Application/Control Number: ·                                    Page 10
90/008,976
Art Unit: 3991

important in deciding whether or not this claim is patentable. Accordingly, the

combination of any of JP '227, JP '022 or JP '401 with either Blummer or Sorensen

raises a substantial new question of patentability as to claim 9, which question has not

been decided in previous examination of the '184 patent.

### Duty of Disclosure

The patent owner is reminded of the continuing responsibility under 37 CFR

1.565(a) to apprise the Office of any litigation activity, or other prior or concurrent

proceeding, involving Patent No. 4,935,184 throughout the course of this reexamination

proceeding. The third party requester is also reminded of the ability to similarly apprise

the Office of any such activity or proceeding throughout the course of this reexamination

proceeding. See MPEP §§ 2207, 2282 and 2286.

### Service of Papers

After the filing of a request for reexamination by a third party requester, any

document filed by either the patent owner or the third party requester must be served on

the other party (or parties where two or more third party requester proceedings are

merged) in the reexamination proceeding in the manner provided in 37 CFR 1.248. See

37 CFR 1.550(f).

### Waiver of Right to File Patent Owner Statement

In a reexamination proceeding, Patent Owner may waive the right under 37

C.F.R. 1.530 to file a Patent Owner Statement. The document needs to contain a

Application/Control Number:                                    Page 11
90/008,976
Art Unit: 3991

statement that Patent Owner waives the right under 37 C.F.R. 1.530 to file a Patent

Owner Statement and proof of service in the manner provided by 37 C.F.R. 1.248, if the

request for reexamination was made by a third party requester, see 37 C.F.R 1.550(f).


### Correspondence

Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Krisanne Jastrzab whose telephone number is 571-272-

1279. The examiner can normally be reached on Mon.-Thurs. 6:00am-4:30pm.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Deborah Jones can be reached on 571-272-1535

Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system. Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a

USPTO Customer Service Representative or access to the automated information

system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

Application/Control Number:                                      Page 12
90/008,976
Art Unit: 3991

### Notice Re Patent Owner's Correspondence Address

Effective May 16, 2007, 37 CFR 1.33(c) has been revised to provide that:

The patent owner's correspondence address for all communications in an *ex parte*
reexamination or an *inter partes* reexamination is designated as the correspondence
address of the patent.

> *Revisions and Technical Corrections Affecting Requirements for Ex Parte
> and Inter Partes Reexamination,* 72 FR 18892 (April 16, 2007)(Final Rule)

**The correspondence address for any pending reexamination proceeding not
having the same correspondence address as that of the patent is, by way of this
revision to 37 CFR 1.33(c), <u>automatically changed to that of the patent file</u> as of
the effective date.**

This change is effective for any reexamination proceeding which is pending before the
Office as of May 16, 2007, <u>including the present reexamination proceeding</u>, and to any
reexamination proceeding which is filed after that date.
Parties are to take this change into account when filing papers, and direct
communications accordingly.

In the event the patent owner's correspondence address listed in the papers (record) for
the present proceeding is different from the correspondence address of the patent, it is
strongly encouraged that the patent owner affirmatively file a Notification of Change of
Correspondence Address in the reexamination proceeding and/or the patent (depending
on which address patent owner desires), to conform the address of the proceeding with
that of the patent and to clarify the record as to which address should be used for
correspondence.

Telephone Numbers for reexamination inquiries:

| | |
|---|---|
| Reexamination and Amendment Practice | (571) 272-7703 |
| Central Reexam Unit (CRU) | (571) 272-7705 |
| Reexamination Facsimile Transmission No. | (571) 273-9900 |

Please mail any communications to:

> Mail Stop *Ex Parte* Reexam
> ATTN:  Central Reexamination Unit
> Commissioner for Patents
> P.O. Box 1450

Application/Control Number:                                      Page 13
90/008,976
Art Unit: 3991

     Alexandria, VA  22313-1450


Please FAX to:
     (571) 273-9900
     Central Reexamination Unit


Please hand-deliver to:
     Customer Service Window
     Randolph Building
     401 Dulany St.
     Alexandria, VA  22314


/Krisanne Jastrzab/                                    /Alan Diamond/
Primary Examiner                                       Primary Examiner
Central Reexamination Unit                             Art Unit 3991
Art unit 3991
(571) 272-1279

JERRY D. JOHNSON
PRIMARY EXAMINER
CRU · AU 3991

# EXHIBIT B

## Kramer Law Office, Inc.

9930 Mesa Rim Rd., Ste. 1600
San Diego, California 92121
Phone 858/362-3150
Fax 858/824-9073

**Melody A. Kramer, Esq.**
mak@kramerlawip.com

VIA FACSIMILE; 312-913-0002
AND FEDERAL EXPRESS

April 16, 2008

Kurt Rohde
McConnell Boehnen et al
300 South Wacker Drive
Chicago, IL 60606

RE:    Sorensen Research & Development Trust v. Digital Networks North
America, Inc., et al, Case No. cv074468, Northern District of California

Dear Mr. Rohde:

This letter confirms your telephone call with me earlier today. In that call, you identified yourself as attorney for Legacy, though I note that you are also counsel of record for DNNA.

You directed my attention to Document # 33 in the above-captioned case, an order on Defendant DNNA's motion for extension of time to respond to the amended complaint. You pointed out that the order referred to "Defendants' Motion is GRANTED" and "Defendants need not answer . . ." (emphasis added). You asked me if I was aware of that language when I filed our recent motion for partial lift of stay for default proceedings against Legacy. I acknowledged that I was aware of the "s," but pointed out that line 1 of the Order explicitly identified "Defendant" as Digital Networks North America, Inc.

You further asked me whether it was my contention that the "s" on Defendant in the order was a mistake of the Court, and I said that yes, it appeared to be.

After concluding our phone call, I re-checked my file and discovered Document # 27, the proposed order submitted to the Court by DNNA that was signed by Judge White and became Document # 33. In other words, the "s" on "Defendant" came from your office or that of your co-counsel, not from the Court, and not from Plaintiff. I advised you of this fact in an immediately subsequent phone call to you.

I am writing to you to ensure that you understand the seriousness of this matter. I trust that you will not be making an argument to the Court that an order drafted by you

Mr. Rohde
April 16, 2008
Page 2

should be construed to cover a new client of yours, a party that has never entered an appearance of any kind in this action and whom you were not representing at the time. If your office had any intention for DNNA's motion for extension, motion for stay, or resulting orders to accrue to the benefit of Legacy, you were grossly misrepresenting your intent at the time both to us and to the Court.

    Therefore, I trust that your phone call this morning reflected a mere error on your part and that upon further reflection you will drop your proposed argument.

    Thank you in advance for your professionalism in this matter.

                                        Sincerely,

                                        Melody A. Kramer

# EXHIBIT C

 **McDonnell Boehnen Hulbert & Berghoff LLP**

300 South Wacker Drive          312 913 0001 phone
Chicago, Illinois 60606-6709    312 913 0002 fax
www.mbhb.com

April 21, 2008

VIA FACSIMILE
CONFIRMATION VIA FEDERAL EXPRESS

Melody A. Kramer, Esq.
Kramer Law Office Inc.
9930 Mesa Rim Rd., Suite 1600
San Diego, CA 92121

Re:    Sorensen Research & Development Trust v. Digital Networks North America Inc., et al.
       Case No. 07cv5568, North District of California

Dear Ms. Kramer:

My intent in contacting you on April 16, 2008 was to give you the opportunity to withdraw
Plaintiff's Motion for Partial Lift of Stay as to Defendant Legacy Support Services for
Purposes of Entering Default gracefully, since Document #33 clearly shows that Legacy is
not in default.  Your refusal to take advantage of that opportunity is disappointing.

Even more serious is your explanation that you were aware of the "Defendants" language in
Document #33 when you filed the Motion.  Given that awareness, it is difficult to
understand why Document #33 is not mentioned at all in the Motion or its associated
papers.  The failure of your motion papers to mention Document #33 is especially troubling
since your April 16, 2008 letter indicates that all you can really say is that the "s" on
Defendant "appeared to be" a mistake of the Court.  Given your own uncertainty regarding
Document #33, it is inexplicable that your Motion did not seek any clarification from the
Court and did not disclose the plain language of Document #33 that was contrary to your
position.

Your argument that DNNA's motion for enlargement of time was somehow a
misrepresentation is also without merit.  Obviously there was no misrepresentation, as
anyone who read the proposed order would have seen that the enlargement of time would
apply to all "Defendants," not just DNNA.  Moreover, in opposing DNNA's motion for
enlargement of time, you had every opportunity to argue against the language in the

proposed order.  You failed to do so.  As well, the Court had the option of entering an order that was different than the proposed order.  Instead, the Court chose to enlarge the time to answer for all defendants.  In all likelihood, the Court felt that no responsive pleading was necessary from any defendant unless and until the Court denied the Motion to Stay.

In any event, your arguments directed against DNNA are beside the point since the real issue at this stage is with respect to Legacy.  Although it is apparently your view that the "Defendant<u>s</u>" language in Document #33 is a mistake, Legacy reasonably relied on that language.  I submit that the Court will not consider Legacy to be in default for abiding by the Court's own order.

We continue to hope that you will withdraw Plaintiff's Motion voluntarily.  If not, we will oppose on behalf of both Legacy and DNNA.

Sincerely,

Kurt W. Rohde
312 913 3356 direct
rohdek@mbhb.com

KWR/ws

# EXHIBIT D

1  **MELODY A. KRAMER**, SBN 169984
2  **KRAMER LAW OFFICE**
3  9930 Mesa Rim Road, Suite 1600
   San Diego, California 92121
4  Telephone (858) 362-3150

5  **J. MICHAEL KALER**, SBN 158296
6  **KALER LAW OFFICES**
7  9930 Mesa Rim Road, Suite 200
   San Diego, California 92121
8  Telephone (858) 362-3151

9

10 Attorneys for Plaintiff JENS ERIK SORENSEN,
   as Trustee of SORENSEN RESEARCH AND
11 DEVELOPMENT TRUST

12

13

14                    UNITED STATES DISTRICT COURT

15            FOR THE NORTHERN DISTRICT OF CALIFORNIA

16 JENS ERIK SORENSEN, as Trustee of ) Case No. CV 075525 JSW
17 SORENSEN RESEARCH AND              )
   DEVELOPMENT TRUST,                 )
18                                     )
                                       ) **REQUEST FOR ENTRY OF**
19                    Plaintiff        ) **DEFAULT and DEFAULT**
20        v.                           ) **JUDGMENT AGAINST**
                                       ) **DEFENDANT FIRST**
21 FIRST INTERNATIONAL DIGITAL,       ) **INTERNATIONAL DIGITAL, INC.**
   INC. an Illinois corporation; and DOES 1-)
22 100,                                )
                                       )
23                                     )
                    Defendants.        )
24 _____

25

26 TO THE CLERK:

27      PLAINTIFF Jens Erik Sorensen, as Trustee of Sorensen Research and

28 Development Trust ("SRDT") hereby requests the clerk to enter DEFENDANT First

1  International Digital, Inc.'s ("FID") default pursuant to Fed.R.Civ.P. Rule 55(a) and

2  (b).

3       On November 9, 2007, Defendant FID was served by certified mail pursuant

4  to Fed.R.Civ.P. Rule 4 and *California Code of Civil Procedure* § 415.40. Pursuant

5  to statute, the effective date of service when certified mail service is accomplished is

6  10 days after the date of mailing, or November 19, 2007.

7       Defendant FID's responsive pleading was due on or before December 10,

8  2007. No responsive pleading was filed, thereby placing FID in default.

9       Furthermore, Plaintiff's claim is for a sum certain and is supported herewith

10  by an Affidavit of Plaintiff's counsel, Melody A. Kramer, thereby allowing the

11  Clerk to enter judgment for that amount and costs.

12       WHEREFORE, Plaintiff requests the Clerk to (1) enter default against

13  Defendant First International Digital, Inc.; and (2) to enter judgment in favor of

14  Plaintiff and against Defendant First International Digital, Inc., in the amount of

15  One Million Five Hundred Thousand Dollars ($1,500,000.00), plus costs of

16  $356.96, plus reasonable attorney fees of $2,512.50.

17

18  DATED this 12th day of December, 2007.

19

20              JENS ERIK SORENSEN, as Trustee of

               SORENSEN RESEARCH AND DEVELOPMENT

21              TRUST, Plaintiff

22              /s/ Melody A. Kramer

23

24              Melody A. Kramer, Esq.

             J. Michael Kaler, Esq.

25              Attorneys for Plaintiff

26

27

28

# EXHIBIT E

1  MELODY A. KRAMER, SBN 169984
2  KRAMER LAW OFFICE, INC.
   9930 Mesa Rim Road, Suite 1600
3  San Diego, California 92121
4  Telephone (858) 362-3150
   mak@kramerlawip.com
5
6  J. MICHAEL KALER, SBN 158296
   KALER LAW OFFICES
7  9930 Mesa Rim Road, Suite 200
8  San Diego, California 92121
   Telephone (858) 362-3151
9  michael@kalerlaw.com
10
11
   Attorneys for Plaintiff JENS ERIK SORENSEN,
12 as Trustee of SORENSEN RESEARCH AND
   DEVELOPMENT TRUST
13
14
15            UNITED STATES DISTRICT COURT
16
          FOR THE SOUTHERN DISTRICT OF CALIFORNIA
17

18 JENS ERIK SORENSEN, as Trustee of   ) Case No. 08cv00025 BTM CAB
19 SORENSEN RESEARCH AND               )
   DEVELOPMENT TRUST,                  )
20                                     ) **REQUEST FOR ENTRY OF**
21                   Plaintiff         ) **DEFAULT PURSUANT TO**
                                       ) *FED.R.CIV.P.* **RULE 55(a) AGAINST**
22         v.                          ) **DEFENDANT JOHNSON LEVEL &**
                                       ) **TOOL MFG. CO., INC.**
23 JOHNSON LEVEL & TOOL MFG. CO.,      )
   INC., a Wisconsin corporation; and  )
24 DOES 1 – 100,                       )
25                                     )
                     Defendants.       )
26                                     )
27 _____ )

28

TO THE CLERK:

PLAINTIFF Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust ("SRDT") hereby requests the clerk to enter the default of Defendant Johnson Level & Tool Mfg. Co., Inc. pursuant to Fed.R.Civ.P. Rule 55(a) and 55(b).

On January 14, 2008, Defendant Johnson Level & Tool Mfg. Co., Inc. was served by certified mail pursuant to Fed.R.Civ.P. Rule 4 and *California Code of Civil Procedure* § 415.40. Pursuant to statute, the effective date of service when certified mail service is accomplished is 10 days after the date of mailing, or January 24, 2008. See Docket # 7 Summons Returned Executed.

Defendant Johnson Level & Tool Mfg. Co., Inc.'s responsive pleading was due on or before February 13, 2008. No responsive pleading was filed as reflected in the court docket, thereby placing Defendant Johnson Level & Tool Mfg. Co., Inc. in default.

WHEREFORE, Plaintiff requests the Clerk to (1) enter the default of Defendant Johnson Level & Tool Mfg. Co., Inc.

DATED this 14th day of February, 2008.

JENS ERIK SORENSEN, as Trustee of
SORENSEN RESEARCH AND DEVELOPMENT
TRUST, Plaintiff

/s/ Melody A. Kramer

Melody A. Kramer, Esq.
J. Michael Kaler, Esq.
Attorneys for Plaintiff

2.

# EXHIBIT F

1   **MELODY A. KRAMER**, SBN 169984
2   **KRAMER LAW OFFICE**
3   9930 Mesa Rim Road, Suite 1600
    San Diego, California 92121
4   Telephone (858) 362-3150

5   **J. MICHAEL KALER**, SBN 158296
6   **KALER LAW OFFICES**
    9930 Mesa Rim Road, Suite 200
7   San Diego, California 92121
8   Telephone (858) 362-3151

9   **PATRICIA SHACKELFORD**, SBN 218647
10  744 Glen Arbor Drive
    Encinitas, CA 92024
11  Telephone (760) 635-3843

12

13  Attorneys for Plaintiff JENS ERIK SORENSEN,
    as Trustee of SORENSEN RESEARCH AND
14  DEVELOPMENT TRUST

15

16              UNITED STATES DISTRICT COURT

17        FOR THE SOUTHERN DISTRICT OF CALIFORNIA

18
    JENS ERIK SORENSEN, as Trustee of    ) Case No. 3:06cv1434 BTM
19  SORENSEN RESEARCH AND                )
    DEVELOPMENT TRUST,                   )
20                                       ) **MEMORANDUM OF POINTS AND**
                                         ) **AUTHORITIES IN SUPPORT OF**
21                      Plaintiff        ) **MOTION FOR DEFAULT**
22      v.                               ) **JUDGMENT PURSUANT TO**
                                         ) **F.R.Civ.P. RULE 55**
23  HEAD USA, INC. a Connecticut         )
24  corporation,                         )
                                         ) Date:  October 27, 2006
25                      Defendant.       ) Time:  11:00 a.m.
                                         ) Hon. Barry Ted Moskowitz
26                                       )
                                         ) **NO ORAL ARGUMENT UNLESS**
27                                       ) **REQUESTED BY THE COURT**
28

FILED

SEP - 1 2006

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          DEPUTY

ORIGINAL

1

2    Plaintiff JENS E. SORENSEN, as TRUSTEE OF THE SORENSEN

3    RESEARCH AND DEVELOPMENT TRUST ("SRDT"), pursuant to F.R.Civ.P.

4    Rule 55, moves the Court for entry of default against Defendant HEAD USA, INC.

5    ("HEAD"), and to set proceedings for determination of damages.

6

7                                  **FACTS**

8        On July 14, 2006, Plaintiff filed the Complaint for Patent Infringement in the

9    above-captioned case.  On July 19, 2006, Defendant was served by certified mail,

10    return receipt requested, pursuant to *California Code of Civil Procedure* § 415.40

11    and F.R.Civ.P. Rule 4.

12        On August 14, 2006, a Stipulation was entered into by Plaintiff and Defendant

13    to extend the time for a response to be filed up to and including August 31, 2006.

14    Said Stipulation was approved by Hon. Barry Ted Moskowitz on the same date.

15        No responsive pleading was filed by Defendant on or before August 31, 2006,

16    thereby placing them in default.

17        Plaintiff needs to obtain sales information of the Accused Products from

18    Defendant in order to present the Court with the necessary evidence to compute

19    infringement damages.

20

21                                **ARGUMENT**

22

23    JUDGMENT BY DEFAULT MAY BE ENTERED BY THE COURT ON
      LIABILITY, WITH FURTHER PROCEEDINGS SET FOR DETERMINATION

24    OF DAMAGES.

25        (a) **Entry**.  When a party against whom a judgment for affirmative relief

26        is sought has failed to plead or otherwise defend as provided by these
          rules and that fact is made to appear by affidavit or otherwise, the clerk

27        shall enter the party's default.

28        (b) **Judgment**.  Judgment by default may be entered as follows: . . .

                                    2.                    Case No. 3:06cv1434

(2) **By the Court**. In all other cases the party entitled to judgment by default shall apply to the court therefore; . . . If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such hearings or order such references as it deems necessary and proper . . .

F.R.Civ.P. Rule 55(a) and (b).

Defendant is in default by having failed to file any responsive pleading on or before the extended due date for such response.

Because the damages amount to which Plaintiff is entitled is subject to proof, Plaintiffs request an entry of default on all requested matters of liability, and further proceedings be scheduled for an evidentiary hearing on damages.

## CONCLUSION

Entry of default against Defendant is appropriate under Rule 55, and said default should be entered without delay.

Furthermore, because damages are not certain, further proceedings should be set by the Court for a hearing on damages.

WHEREFORE, Plaintiff respectfully requests the Court to enter default on all issues of liability requested in Plaintiff's Complaint for Patent Infringement as follows:

    a.    That the Accused Processes set forth in Plaintiff's Complaint are presumed to infringe the '184 patent pursuant to 35 U.S.C. § 295;

    b.    HEAD is adjudicated and decreed to have infringed the '184 patent;

    c.    HEAD is adjudicated and decreed to have contributed to the

Case No. 3:06cv1434

1  infringement of the '184 patent and to have induced others to infringe the '184

2  patent;

3      d.      HEAD, their parents, subsidiaries, divisions, affiliates, officers, agents,

4  and attorneys, and those acting in privity or concert with them, are enjoined from

5  further infringement of the '184 patent, and from further contribution to or

6  inducement of the infringement of the '184 patent;

7      e.      HEAD is ordered to account for damages adequate to compensate

8  SRDT for the infringement of '184 patent, their contributory infringement of the '184

9  patent, and their inducement of infringement of the '184 patent through further

10  proceedings;

11      f.      Damages computed in further proceedings are to be trebled by the Court

12  pursuant to 35 U.S.C. § 284 by reason of the willful, wanton, and deliberate nature of

13  the infringement;

14      g.      That this is decreed an "exceptional case" and SRDT is awarded

15  reasonable attorneys' fees by the Court pursuant to 35 U.S.C. § 285 according to

16  proof at a further hearing by the Court;

17      h.      For interest thereon at the legal rate;

18      i.      For costs of suit herein incurred;

19      j.      For such other and further relief as the Court may deem just and proper.

20  DATED this 1st day of September, 2006.

21

22                      JENS ERIK SORENSEN, as Trustee of
                        SORENSEN RESEARCH AND DEVELOPMENT
23                      TRUST, Plaintiff

24

25

26  J. Michael Kaler, Esq.
    Melody A. Kramer, Esq.
27  Patricia A. Shackelford, Esq.
    Attorneys for Plaintiff
28

                            4.                      Case No. 3:06cv1434

# EXHIBIT G

1   MELODY A. KRAMER, SBN 169984
2   KRAMER LAW OFFICE, INC.
3   9930 Mesa Rim Road, Suite 1600
    San Diego, California 92121
4   Telephone (858) 362-3150
    mak@kramerlawip.com
5
6   J. MICHAEL KALER, SBN 158296
    KALER LAW OFFICES
7   9930 Mesa Rim Road, Suite 200
    San Diego, California 92121
8   Telephone (858) 362-3151
    michael@kalerlaw.com
9
10
11
    Attorneys for Plaintiff JENS ERIK SORENSEN,
12  as Trustee of SORENSEN RESEARCH AND
    DEVELOPMENT TRUST
13
14
15              UNITED STATES DISTRICT COURT
16         FOR THE NORTHERN DISTRICT OF CALIFORNIA
17                    OAKLAND DIVISION
18
19  JENS ERIK SORENSEN, as Trustee of   ) Case No. CV08-000096 CW
20  SORENSEN RESEARCH AND                )
    DEVELOPMENT TRUST,                   )
21                                       )
                                         )  **REQUEST FOR ENTRY OF**
22                  Plaintiff            )  **DEFAULT PURSUANT TO**
                                         )  *FED.R.CIV.P.* **RULE 55(a) AGAINST**
23          v.                           )  **DEFENDANT AMPRO TOOLS**
                                         )  **CORPORATION**
24  AMPRO TOOLS CORPORATION, a           )
    California Corporation; and DOES 1 – )
25  100,                                 )
                                         )
26                                       )
                    Defendants.          )
27                                       )
                                         )
28  _____  )

1  TO THE CLERK:

2      PLAINTIFF Jens Erik Sorensen, as Trustee of Sorensen Research and

3  Development Trust ("SRDT") hereby requests the clerk to enter the default of

4  Defendant Ampro Tools Corporation pursuant to Fed.R.Civ.P. Rule 55(a) and 55(b).

5      On January 15, 2008, Defendant Ampro Tools Corporation was personally

6  served pursuant to *Fed.R.Civ.P.* Rule 4.        (Docket # 10, Summons Returned

7  Executed).

8      Defendant Ampro Tools Corporation's responsive pleading was due twenty

9  (20) days later, on or before February 4, 2008.  No responsive pleading was filed as

10 reflected in the court docket, thereby placing Defendant Ampro Tools Corporation

11 in default.

12     WHEREFORE, Plaintiff requests the Clerk to enter the default of Defendant

13 Ampro Tools Corporation.

14

15 DATED this 20th day of February, 2008.

16

17                    JENS ERIK SORENSEN, as Trustee of
                      SORENSEN RESEARCH AND DEVELOPMENT
18                    TRUST, Plaintiff

19

20                    /s/ Melody A. Kramer

21                    _____

22                    Melody A. Kramer, Esq.
                      J. Michael Kaler, Esq.
23                    Attorneys for Plaintiff

24

25

26

27

28

2.                              Case No. 08cv00025 BTM CAB

# EXHIBIT H

1  MELODY A. KRAMER, SBN 169984
2  KRAMER LAW OFFICE, INC.
   9930 Mesa Rim Road, Suite 1600
3  San Diego, California 92121
   Telephone (858) 362-3150
4  mak@kramerlawip.com
5
6  J. MICHAEL KALER, SBN 158296
   KALER LAW OFFICES
7  9930 Mesa Rim Road, Suite 200
   San Diego, California 92121
8  Telephone (858) 362-3151
   michael@kalerlaw.com
9
10
11
   Attorneys for Plaintiff JENS ERIK SORENSEN,
12 as Trustee of SORENSEN RESEARCH AND
   DEVELOPMENT TRUST
13
14
15                    UNITED STATES DISTRICT COURT
16          FOR THE SOUTHERN DISTRICT OF CALIFORNIA
17
18 JENS ERIK SORENSEN, as Trustee of   )  Case No. 08 cv 305 BTM CAB
19 SORENSEN RESEARCH AND               )
   DEVELOPMENT TRUST,                  )
20                                     )
                                       )  **REQUEST FOR ENTRY OF**
21                     Plaintiff       )  **DEFAULT PURSUANT TO**
                                       )  ***FED.R.CIV.P.* RULE 55(a) AGAINST**
22        v.                           )  **DEFENDANT RALLY**
                                       )  **MANUFACTURING, INC.**
23 RALLY MANUFACTURING, INC., a        )
   Florida Corporation; and DOES 1 – 100, )
24                                     )
                                       )
25                     Defendants.     )
                                       )
26                                     )
                                       )
27 _____)
28

TO THE CLERK:

PLAINTIFF Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust ("SRDT") hereby requests the clerk to enter the default of Defendant Rally Manufacturing, Inc. pursuant to Fed.R.Civ.P. Rule 55(a) and 55(b).

On February 22, 2008, Defendant Rally Manufacturing, Inc. was served by certified mail pursuant to Fed.R.Civ.P. Rule 4 and *California Code of Civil Procedure* § 415.40. Pursuant to statute, the effective date of service when certified mail service is accomplished is 10 days after the date of mailing, or March 3, 2008. See Docket # 7 Summons Returned Executed.

Defendant Rally Manufacturing, Inc.'s responsive pleading was due on or before March 24, 2008. No responsive pleading compliant with Fed.R.Civ.P. Rules 8 or 12 were filed as reflected in the court docket, thereby placing Defendant Rally Manufacturing, Inc. in default.

WHEREFORE, Plaintiff requests the Clerk to enter the default of Defendant Rally Manufacturing, Inc.

DATED this Thursday, April 03, 2008.

JENS ERIK SORENSEN, as Trustee of
SORENSEN RESEARCH AND DEVELOPMENT
TRUST, Plaintiff


/s/ Melody A. Kramer
Melody A. Kramer, Esq.
J. Michael Kaler
Attorney for Plaintiff

Case No. 08cv305 BTM CAB

# PROOF OF SERVICE

I, Melody A. Kramer, declare:  I am and was at the time of this service working within in the County of San Diego, California.  I am over the age of 18 year and not a party to the within action.  My business address is the Kramer Law Office, Inc., 9930 Mesa Rim Road, Suite 1600, San Diego, California, 92121.

On Thursday, April 03, 2008, I served the following documents:

**REQUEST FOR ENTRY OF DEFAULT PURSUANT TO *FED.R.CIV.P.* RULE 55(a) AGAINST DEFENDANT RALLY MANUFACTURING, INC.**

| PERSON(S) SERVED | PARTY(IES) SERVED | METHOD OF SERVICE |
|---|---|---|
| Gary M. Anderson<br>FULWIDER PATTON LLP<br>Howard Hughes Center<br>6060 Center Drive, Tenth Floor<br>Los Angeles, CA 90045<br>litdocketla@fulpat.com<br>ganderson@fulpat.com | Rally Manufacturing, Inc. | Email - Pleadings Filed with the Court via ECF |

☐ (Personal Service) I caused to be personally served in a sealed envelope hand-delivered to the office of counsel during regular business hours.

☐ (Federal Express) I deposited or caused to be deposited today with Federal Express in a sealed envelope containing a true copy of the foregoing documents with fees fully prepaid addressed to the above noted addressee for overnight delivery.

☐ (Facsimile) I caused a true copy of the foregoing documents to be transmitted by facsimile machine to the above noted addressees.  The facsimile transmissions were reported as complete and without error.

☐ (Email) I emailed a true copy of the foregoing documents to an email address represented to be the correct email address for the above noted addressee.

☒ (Email--Pleadings Filed with the Court) Pursuant to Local Rules, I electronically filed this document via the CM/ECF system for the United States District Court for the Southern District of California.

☐ (U.S. Mail) I mailed a true copy of the foregoing documents to a mail address represented to be the correct mail address for the above noted addressee.

2.

Case No. 08cv305 BTM CAB

1

2          I declare that the foregoing is true and correct, and that this declaration was executed on

3    Thursday, April 03, 2008, in San Diego, California.

4

5                                                    /s/ Melody A. Kramer

6                                                    Melody A. Kramer

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                3.

# EXHIBIT I

1  J. MICHAEL KALER, SBN 158296
2  KALER LAW OFFICES
   9930 Mesa Rim Road, Suite 200
3  San Diego, California 92121
   Telephone (858) 362-3151
4  michael@kalerlaw.com
5
6  MELODY A. KRAMER, SBN 169984
   KRAMER LAW OFFICE, INC.
7  9930 Mesa Rim Road, Suite 1600
   San Diego, California 92121
8  Telephone (858) 362-3150
   mak@kramerlawip.com
9
10
11 Attorneys for Plaintiff JENS ERIK SORENSEN,
   as Trustee of SORENSEN RESEARCH AND
12 DEVELOPMENT TRUST
13
14
15              UNITED STATES DISTRICT COURT
16       FOR THE SOUTHERN DISTRICT OF CALIFORNIA
17
18 JENS ERIK SORENSEN, as Trustee of   )  Case No. 08 cv 233 BTM CAB
   SORENSEN RESEARCH AND               )
19 DEVELOPMENT TRUST,                  )  **REQUEST FOR ENTRY OF**
                                       )  **DEFAULT PURSUANT TO**
20              Plaintiff              )  *FED.R.CIV.P.* **RULE 55(a) AGAINST**
21    v.                               )  **ALL DEFENDANTS**
                                       )
22 GLOBAL MACHINERY COMPANY,           )
23 an Australian company; GMCA PTY.    )
   LTD., an Australian company;        )
24 TRAPONE CORPORATION PTY.            )
25 LTD., an Australian company; and DOES )
   1 – 100,                            )
26                                     )
                                       )
27              Defendants.            )
                                       )
28

TO THE CLERK:

PLAINTIFF Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust ("SRDT") hereby requests the clerk to enter the default of the following Defendants pursuant to Fed.R.Civ.P. Rule 55(a) and 55(b):

- Global Machinery Company
- GMCA Pty. Ltd.
- Trapone Corporation Pty. Ltd.

On February 22, 2008, Defendants were served by certified mail pursuant to Fed.R.Civ.P. Rule 4 and *California Code of Civil Procedure* § 415.40. Pursuant to statute, the effective date of service when certified mail service is accomplished is 10 days after the date of mailing, or March 4, 2008. See Docket # 17 Summons Returned Executed.

Defendants' responsive pleading was due on or before March 24, 2008. No responsive pleading compliant with Fed.R.Civ.P. Rules 8 or 12 was filed as to any Defendant as reflected in the court docket, thereby placing Defendants in default.

WHEREFORE, Plaintiff requests the Clerk to enter the default of Defendants Global Machinery Company, GMCA Pty. Ltd., and Trapone Corporation Pty. Ltd.

DATED this Thursday, April 03, 2008.


JENS ERIK SORENSEN, as Trustee of
SORENSEN RESEARCH AND DEVELOPMENT
TRUST, Plaintiff


/s/ Melody A. Kramer
J. Michael Kaler, Esq.
Melody A. Kramer, Esq.
Attorney for Plaintiff

Case No. 08cv233 BTM CAB

1

## PROOF OF SERVICE

2      I, Melody A. Kramer, declare:  I am and was at the time of this service working within in

3   the County of San Diego, California.  I am over the age of 18 year and not a party to the within

4   action.  My business address is the Kramer Law Office, Inc., 9930 Mesa Rim Road, Suite 1600,

5   San Diego, California, 92121.

6      On Thursday, April 03, 2008, I served the following documents:

7

## REQUEST FOR ENTRY OF DEFAULT PURSUANT TO *FED.R.CIV.P.* RULE

8   55(a) AGAINST ALL DEFENDANTS

9

| PERSON(S) SERVED | PARTY(IES) SERVED | METHOD OF SERVICE |
|---|---|---|
| THOMAS W. FERRELL, ESQ. tferrell@higgslaw.com HIGGS, FLETCHER & MACK LLP 401 West "A" Street, Suite 2600 San Diego, CA 92101-7913 | Global Machinery Company; GMCA Pty. Ltd; Trapone Corporation Pty Ltd. | Email - Pleadings Filed with the Court via ECF |
| MARK G. KACHIGIAN mkachigian@hjklaw.com CASSANDRA L. WILKINSON cwilkinson@hjklaw.com HEAD, JOHNSON & KACHIGIAN, P.C. 228 West 17th Place Tulsa, Oklahoma 74119 | Global Machinery Company; GMCA Pty. Ltd; Trapone Corporation Pty Ltd. | Email - Pleadings Filed with the Court via ECF |

20

21   ☐   (Personal Service) I caused to be personally served in a sealed envelope hand-delivered

22   to the office of counsel during regular business hours.

22   ☐   (Federal Express) I deposited or caused to be deposited today with Federal Express in a

23   sealed envelope containing a true copy of the foregoing documents with fees fully

24   prepaid addressed to the above noted addressee for overnight delivery.

25   ☐   (Facsimile) I caused a true copy of the foregoing documents to be transmitted by

facsimile machine to the above noted addressees.  The facsimile transmissions were

26   reported as complete and without error.

27

28   ☐   (Email) I emailed a true copy of the foregoing documents to an email address

represented to be the correct email address for the above noted addressee.

3.

1

2 ☒ (Email--Pleadings Filed with the Court) Pursuant to Local Rules, I electronically filed
this document via the CM/ECF system for the United States District Court for the
3 Southern District of California.

4 ☐ (U.S. Mail) I mailed a true copy of the foregoing documents to a mail address
represented to be the correct mail address for the above noted addressee.
5

6      I declare that the foregoing is true and correct, and that this declaration was executed on

7 Thursday, April 03, 2008, in San Diego, California.

8

9                                                 /s/ Melody A. Kramer

10                                                Melody A. Kramer

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4.