PILLSBURY WINTHROP SHAW PITTMAN LLP
DAVID A. JAKOPIN #209950
  david.jakopin@pillsburylaw.com
DANIEL J. RICHERT #232208
  daniel.richert@pillsburylaw.com
2475 Hanover Street
Palo Alto, CA 94304-1114
Telephone: (650) 233-4500
Facsimile: (650) 233-4545

MCDONNELL BOEHNEN HULBERT & BERGHOFF LLP
BRADLEY J. HULBERT
  hulbert@mbhb.com
RICHARD A. MACHONKIN
  machonkin@mbhb.com
KURT W. ROHDE
  rohdek@mbhb.com
300 South Wacker Drive
Chicago, IL 60606-6709
Telephone: (312) 913-0001
Facsimile: (312) 913-0002

Attorneys for Defendants
DIGITAL NETWORKS NORTH AMERICA, INC. and
LEGACY SUPPORT SERVICES, LTD.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>  Plaintiff,<br><br>  v.<br><br>DIGITAL NETWORKS NORTH AMERICA, INC., a Delaware corporation; LEGACY SUPPORT SERVICES, LTD. d/b/a S2G; and DOES 1-100,<br><br>  Defendants. | No. 07 CV 5568 JSW<br><br>**[PROPOSED] ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL LIFT OF STAY AS TO LEGACY SUPPORT SERVICES FOR PURPOSES OF ENTERING DEFAULT**<br><br>Date: June 13, 2008<br>Time: 9:00 A.M.<br>Ctrm: 2, 17th Floor<br>Judge: Hon. Jeffrey S. White |

Now before the Court is Plaintiff Jens Erik Sorensen's motion for partial lift of stay as to Legacy Support Services for purposes of entering default. The Court finds that this matter is appropriate for disposition without oral argument. *See* N.D. Cal. Civ. R. 7-1(b). Accordingly, the hearing set for June 13, 2008 is HEREBY VACATED. Having considered the parties' pleadings and the relevant legal authority, the Court HEREBY DENIES Sorensen's motion for partial lift of stay as to Legacy Support Services for purposes of entering default.

## BACKGROUND

In this action plaintiff Jens Erik Sorensen ("Sorensen") brings a claim for patent infringement of the '184 Patent. Sorensen filed an amended complaint in this action on November 27, 2007, adding Legacy as a Defendant. Docket #12. On December 11, Legacy co-defendant DNNA simultaneously filed two motions: a motion to stay the litigation pending the outcome of reexamination proceedings and a motion to enlarge the time to respond to the amended complaint pending the outcome of the motion to stay. Docket #24 ("Motion to Stay"); Docket #28 ("Motion to Extend Time"). Subsequent to DNNA's filing, on December 13, Sorensen filed with the Court proof of service to Legacy of the Amended Complaint. Docket #31.

On December 18, 2007, before Legacy was required to answer the amended complaint, the Court granted Defendant DNNA's motion to extend the time to answer as to all Defendants. Docket #33 ("Time Extension Order"). On January 16, 2008, the Court granted DNNA's motion to stay litigation pending reexamination of the patent-in-suit. Docket #39 ("Stay Order"). Sorensen's motion alleges that Legacy is in default for failing to answer the amended complaint, Docket #45-2 at 1. The Court shall address additional facts as necessary to its analysis in the remainder of this Order.

## ANALYSIS

This Court's previous order granting an enlargement of time to answer, Docket #33, applied to all Defendants in this litigation. Accordingly, Legacy was under no duty to answer the amended complaint prior to this Court's order granting the stay, Docket #39. Consequently, Legacy could not have been in default at the time the stay was granted.

# ALTERNATIVE ANALYSIS

Sorensen has indicated that he intends to ask the Clerk to enter a default against Legacy if this Court lifts the current stay. Docket #45-2 at 1, 4. This Court finds that if it were to lift the stay, Legacy could show good cause as to why such an entry of default should be set aside.

Under Fed. R. Civ. P. 55(c) and Fed. R. Civ. P. 60(b), the Court may set aside entry of default or judgment by default for good cause shown. The determination to set aside default is entrusted to the discretion of the Court. *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986). In determining whether good cause exists, courts generally look at three factors: (i) whether the party has engaged in culpable conduct that led to default; (ii) whether the party has a meritorious defense; or (iii) whether reopening default would prejudice opponent. *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004). Further, where timely relief is sought and the defendant has a meritorious defense, doubt, if any, should be resolved in favor of the motion for relief. *In re Roxford Foods, Inc.*, 12 F.3d 875, 879, 881 (9th Cir. 1993). Additionally, when the relief sought is from a mere entry of default, the Fed. R. Civ. P. 60(b) grounds for relief from judgment should be liberally interpreted. *Hawaii Carpenters*, 794 F.2d at 513; *accord Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 783 (8th Cir. 1998).

**A.     Legacy Has Not Engaged In Culpable Conduct**

In deciding not to file an answer or request an extension of time to answer, Legacy reasonably believed that the Time Extension Order, Docket #33, applied to Legacy. Because Legacy has not exhibited any intention of taking advantage of the opposing party and has not attempted to interfere with the judicial decision making process, Legacy's failure to file an answer was the result of a reasonable mistake. Further, Legacy's inaction was excusable neglect in light of Sorensen's failure to communicate any basis for doubting the language contained in the Time Extension Order. Legacy's neglect is further excusable due to the brief delay in filing between the January 13, 2008 answer date and the January 16, 2008 stay order. *See Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981) (under lenient standard of Fed. R. Civ. P. 55(c), district court should have excused party for 10-day delay in submitting amended Answer); *Johnson*, 140

F.3d at 784 (relief should have been granted where default in filing initial pleading was caused by poor communication and was cured within one day once party learned of its mistake). Under the first factor, the Court finds that Legacy has engaged in no culpable conduct that led to default.

**B.     Legacy Has a Meritorious Defense**

When a meritorious defense exists, any doubts should be resolved in favor of setting aside the default, so the case may be decided on its merits. *See, e.g.*, *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945-46 (9th Cir. 1986). The defaulting party need not prove the defense for the Court to set aside the default; rather, the defense must merely be a legally cognizable defense and, if proven at trial, constitute a complete defense to the claims. *See, e.g.*, *Keegel v. Key West & Caribbean Trading Co.,* 627 F.2d 372, 374 (D.C. Cir. 1980) (allegations of defense are meritorious if they contain "even a hint of a suggestion" that, if proven at trial, would constitute complete defense); *Berthelsen v. Kane*, 907 F.2d 617, 621-22 (6th Cir. 1990) (likelihood of success on the merits is not the test, but rather the test is whether the party states a defense that is good at law). Legacy asserts that the patent-in-suit is invalid based on the prior art currently being considered in two different United States Patent and Trademark Office reexamination proceedings. Consequently, under the second factor, the Court finds that Legacy has shown that it has a meritorious defense that, if proven at trial, would constitute a complete defense to the claims.

**C.     There is No Prejudice to Sorensen**

As a preliminary matter, the Clerk has not yet entered any default against Legacy, so there can be no prejudice against Sorensen for reopening default. More importantly, the prejudice to Sorensen must be something other than what would be experienced by an ordinary litigant. *See, e.g.*, *TCI Group Life Ins. Plan*, 244 F.3d at 701 (merely being forced to litigate on the merits not considered prejudicial). The standard of prejudice is whether claimant's ability to pursue a claim will be hindered. *Id.* (to be prejudicial, setting aside of judgment must result in greater harm than simply delaying the resolution of the case). The Court finds that there is no evidence that maintenance of the *status quo* in this litigation will hinder Sorensen's ability to

pursue a later claim against Legacy.

## CONCLUSION

For the foregoing reasons, the Court DENIES Sorensen's motion for a partial lift of the stay of this litigation.

Dated: _____    _____
                                           Hon. Jeffrey S. White