PILLSBURY WINTHROP SHAW PITTMAN LLP
DAVID A. JAKOPIN #209950
  david.jakopin@pillsburylaw.com
DANIEL J. RICHERT #232208
  daniel.richert@pillsburylaw.com
2475 Hanover Street
Palo Alto, CA 94304-1114
Telephone: (650) 233-4500
Facsimile: (650) 233-4545

MCDONNELL BOEHNEN HULBERT & BERGHOFF LLP
BRADLEY J. HULBERT
  hulbert@mbhb.com
RICHARD A. MACHONKIN
  machonkin@mbhb.com
KURT W. ROHDE
  rohdek@mbhb.com
300 South Wacker Drive
Chicago, IL 60606-6709
Telephone: (312) 913-0001
Facsimile: (312) 913-0002

Attorneys for Defendants
DIGITAL NETWORKS NORTH AMERICA, INC. and
LEGACY SUPPORT SERVICES, LTD.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff,<br><br>v.<br><br>DIGITAL NETWORKS NORTH AMERICA, INC., a Delaware corporation; LEGACY SUPPORT SERVICES, LTD. d/b/a S2G; and DOES 1-100,<br><br>Defendants. | No. 07 CV 5568 JSW<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT LEGACY SUPPORT SERVICES' MOTION TO SET ASIDE ANY APPEARANCE OF DEFAULT AND TO GRANT LEGACY THE SAME ENLARGEMENT OF TIME TO ANSWER AS DNNA**<br><br>Date:  June 13, 2008<br>Time: 9:00 a.m.<br>Ctrm: 2, 17th Floor<br>Judge: Hon. Jeffrey S. White |

## **TABLE OF CONTENTS**

Page

1   I.    ISSUES ...................................................................................................................... 1
2   II.   STATEMENT OF FACTS ........................................................................................ 1
3   III.  ARGUMENT .............................................................................................................. 2
4         A.   Any Alleged Appearance of Default by Legacy Should Be Set Aside .......... 2
5              **(1)   Legacy Has Not Engaged In Culpable Conduct** ............................. 3
6              **(2)   Legacy Has a Meritorious Defense** ................................................. 4
7              **(3)   There is No Prejudice to Sorensen** ................................................. 5
8         B.   The Court Should Grant Legacy the Same Enlargement of Time to
                   Respond As DNNA .......................................................................................... 5
9   IV.   CONCLUSION .......................................................................................................... 7

701059338v1                    - i -                    Memo ISO Mtn to Set Aside Appearance
                                                        Of Default and Enlarge Time to Answer
                                                        Case No. 07 CV 5568 JSW

**TABLE OF AUTHORITIES**

Page

Cases

Berthelsen v. Kane,
    907 F.2d 617 (6th Cir. 1990) ............................................................................... 4

Franchise Holding II, LLC v. Huntington Rests. Group, Inc.,
    375 F.3d 922 (9th Cir. 2004) ............................................................................... 2

Hawaii Carpenters' Trust Funds v. Stone,
    794 F.2d 508 (9th Cir. 1986) ........................................................................... 2, 3

In re Roxford Foods, Inc.,
    12 F.3d 875 (9th Cir. 1993) .................................................................................. 2

Johnson v. Dayton Elec. Mfg. Co.,
    140 F.3d 781 (8th Cir. 1998) ............................................................................ 3, 4

Keegel v. Key West & Caribbean Trading Co.,
    627 F.2d 372 (D.C. Cir. 1980) ............................................................................. 4

Meehan v. Snow,
    652 F.2d 274 (2d Cir. 1981) ................................................................................ 4

Mendoza v. Wight Vineyard Mgmt.,
    783 F.2d 941 (9th Cir. 1986) ............................................................................... 4

TCI Group Life Ins. Plan v. Knoebber,
    244 F.3d 691 (9th Cir. 2001) ............................................................................ 3, 5

Rules and Regulations

Federal Rules of Civil Procedure
    Rule 55(c) ............................................................................................................ 2

Federal Rules of Civil Procedure
    Rule 60(b) ............................................................................................................ 2

1 **Case Docket Documents**

2 Amended Complaint for Patent Infringement
   Docket #12................................................................................................................*passim*

3 Notice of Motion and Motion to Stay the Litigation Pending the Outcome of Reexamination
4 Proceedings
   Docket #24................................................................................................................ 1, 3

5 Declaration of Kurt W. Rohde in Support of Defendant's Motion to Stay the Litigation
6 Pending the Outcome of Reexamination Proceedings (Exhibit C – "PTO Order Granting
   Reexamination of U.S. Patent 4,935,184")
7    Docket #26 (Exhibit C) ...............................................................................................5

8 Defendant's Motion Pursuant to Civil L.R. 6-3 to Enlarge Time to Respond to the Amended
   Complaint Pending the Outcome of Motion to Stay
9    Docket #28..................................................................................................................1

10 Proof of Service of Summons, Complaint, Order Setting CMC and Requiring Joint Case
   Management Conference Statement [to Legacy Support Services, LTD.]
11    Docket #31............................................................................................................. 1, 3

12 Order Granting Defendant's Motion Pursuant to Civil L.R. 6-3 To Enlarge Time to
   Respond to the Amended Complaint
13    Docket #33........................................................................................................*passim*

14 Order Granting Defendant's Motion to Stay Litigation Pending Reexamination of Patent-In-
   Suit
15    Docket #39.............................................................................................................2, 5

16 Plaintiff's Motion for Partial Lift of Stay as to Defendant Legacy Support Services for
   Purposes of Entering Default.
17    Docket #45..................................................................................................................4

18 Memorandum of Points and Authorities in Support of Plaintiff's Motion for Partial Lift of
   Stay as to Defendant Legacy Support Services for Purposes of Entering Default.
19    Docket #45-2 ..............................................................................................................2

20

21

22

23

24

25

26

27

28

**I.     ISSUES**

Defendant Legacy Support Services ("Legacy") respectfully requests that the Court grant an Order setting aside any appearance of default by Legacy in the current litigation and giving Legacy the same enlargement of time to Answer as Digital Networks North America, Inc. ("DNNA") has.

**II.    STATEMENT OF FACTS**

On November 27, 2007, Plaintiff Jens Erik Sorensen ("Sorensen") filed an Amended Complaint for Patent Infringement, adding Legacy as a Defendant. Docket #12. On December 11, Legacy co-defendant DNNA simultaneously filed two motions: a motion to stay the litigation pending the outcome of reexamination proceedings and a motion to enlarge the time to respond to the Amended Complaint pending the outcome of the motion to stay. Docket #24 ("Motion to Stay"); Docket #28 ("Motion to Extend Time"). Subsequent to DNNA's filing, on December 13, Sorensen filed with the Court proof of service to Legacy of the Amended Complaint. Docket #31.

On December 18, 2007, before Legacy was required to Answer the Amended Complaint, the Court granted Defendant DNNA's motion to extend the time to answer. Docket #33 ("Time Extension Order"). The Court's Order stated that "<u>Defendants</u> need not answer or otherwise respond to plaintiff's amended complaint unless and until ten (10) days after this Court enters an Order denying the Motion to Stay." *Id.* at 2 (emphasis added).

As of January 13, 2008, the date that Legacy's Answer was allegedly due, Legacy was represented by attorneys from McDonnell Boehnen Hulbert and Berghoff LLP[1] and reasonably relied through its counsel on the plain language of the Time Extension Order. Rohde Decl. ¶¶ 3-4. Sorensen alleges that Legacy was required to file an Answer on or before January 13, 2008. Docket #45-2 at 1. On January 16, 2008, the Court granted DNNA's motion to stay litigation pending reexamination of the patent-in-suit. Docket #39 ("Stay Order").

---

[1] Brad Hulbert, Richard Machonkin, and Kurt Rohde of McDonnell Boehnen Hulbert and Berghoff LLP, counsel for DNNA.

Since the Court's Order granting the stay, the United States Patent and Trademark Office ("PTO") has granted an additional reexamination of the patent-in-suit. U. S. Patent Reexamination 90/008,976 Office Action (Decl. of Kurt W. Rohde, submitted herewith, ¶ 5, Ex. A). The reexamination is distinct from the first reexamination and was not submitted by either Defendant in this litigation. Rohde Decl. ¶¶ 2-5, Ex. A. The PTO ordered the additional reexamination on February 21, 2008 after finding nine substantial new questions of patentability based primarily on new prior art not previously considered in the first request for reexamination. *Id.*

### III.  ARGUMENT

#### A.  Any Alleged Appearance of Default by Legacy Should Be Set Aside

Legacy submits that it is not in default. Alternatively, if the Court was to lift the stay and the Clerk was to enter a default, Legacy submits that it could readily show good cause for the Court to set aside any entry of default. Accordingly, Legacy respectfully requests that the Court act now and grant an Order setting aside any alleged appearance of default by Legacy in the current litigation.

Under Fed. R. Civ. P. 55(c) and Fed. R. Civ. P. 60(b), the Court may set aside entry of default or judgment by default for good cause shown. The determination to set aside default is entrusted to the discretion of the Court. *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986). In determining whether good cause exists, courts generally look at three factors: (i) whether the party has engaged in culpable conduct that led to default; (ii) whether the party has a meritorious defense; or (iii) whether reopening default would prejudice opponent. *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004). Further, where timely relief is sought and the Defendant has a meritorious defense, doubt, if any, should be resolved in favor of the motion for relief. *In re Roxford Foods, Inc.*, 12 F.3d 875, 879, 881 (9th Cir. 1993). Additionally, when the relief sought is from a mere entry of default, the Fed. R. Civ. P. 60(b) grounds for relief from judgment should be liberally

interpreted. *Hawaii Carpenters*, 794 F.2d at 513; *accord Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998).

### (1)     Legacy Has Not Engaged In Culpable Conduct

Defendant Legacy did not intentionally default. Legacy did not file an Answer to the Amended Complaint because Legacy reasonably relied on the Court's Time Extension Order which stated "*Defendants* need not answer or otherwise respond to plaintiff's amended complaint unless and until ten (10) days after this Court enters an Order denying the Motion to Stay." Docket #33 at 2 (emphasis added). At the time of the Court's Time Extension Order, co-defendants Legacy and DNNA were (and are still) the only named defendants in the case. Prior to the date for Legacy to file an Answer, Legacy was aware of the Time Extension Order and was also aware that the Court knew Legacy was a Defendant, due to the proof service filed with the Court five days prior to the Court's Time Extension Order. Docket #31. Legacy would have filed an Answer or requested an extension to Answer if there had been ANY indication that an Answer was required prior to the decision on the Motion to Stay. Legacy was entitled to rely on the plain language of the Court's Time Extension Order and was in no way culpable for any default or appearance of default.

If the Court determines that Legacy was required to have filed an Answer, Legacy submits that Legacy's failure to do so was the result of reasonable mistake or excusable neglect. Where a party has not exhibited an intention to take advantage of the opposing party, nor attempted to interfere with the judicial decision making process, the failure to answer may be excusable. *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697-98 (9th Cir. 2001).

As previously described, Legacy did not believe that it was required to file an Answer prior to the Court deciding the Motion to Stay. Legacy relied on the Court's Time Extension Order as written and without reason to doubt its binding effect. Rohde Decl. ¶ 3. Any mistake in not answering was therefore reasonable.

Additionally, Sorensen failed to communicate any indication to Legacy, or to the Court, that he believed the Court's Time Extension Order was faulty. Any neglect by Legacy is

1  certainly excusable in view of Sorensen's failure to communicate any basis for doubting the
2  language contained in the Court's Time Extension Order.  Legacy did not even learn of
3  Sorensen's allegations regarding the Court's Time Extension Order until Legacy's counsel
4  telephoned Sorensen's counsel after Sorensen filed the pending motion to partially lift the stay,
5  Docket #45.
6       Finally, brief delays in filing an early or initial pleading are generally considered
7  excusable neglect.  *See Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981) (under lenient
8  standard of Fed. R. Civ. P. 55(c), district court should have excused party for ten-day delay in
9  submitting amended Answer); *Johnson*, 140 F.3d at 784-85 (relief should have been granted
10 where default in filing initial pleading was caused by poor communication and was cured within
11 one day once party learned of its mistake).  In this case, Legacy allegedly defaulted after January
12 13, 2008 and the stay was ordered on January 16.  Docket # 39.  That few day period is certainly
13 a brief delay in filing and should be considered excusable neglect.

14                    **(2)    Legacy Has a Meritorious Defense**

15       When a meritorious defense exists, any doubts should be resolved in favor of setting
16 aside the default, so the case may be decided on its merits.  *See, e.g.*, *Mendoza v. Wight Vineyard*
17 *Mgmt.*, 783 F.2d 941, 945-946 (9th Cir. 1986).  The defaulting party need not prove the defense
18 for the Court to set aside the default; rather, the defense must merely be a legally cognizable
19 defense and, if proven at trial, constitute a complete defense to the claims.  *See, e.g.*, *Keegel v.*
20 *Key West & Caribbean Trading Co.,* 627 F.2d 372, 374 (D.C. Cir. 1980) (allegations of defense
21 are meritorious if they contain "even a hint of a suggestion" that, if proven at trial, would
22 constitute complete defense); *Berthelsen v. Kane*, 907 F.2d 617, 621-22 (6th Cir. 1990)
23 (likelihood of success on the merits is not the test, but rather the test is whether the party states a
24 defense that is good at law).

25
26
27
28

Legacy asserts that, at a minimum, the patent-in-suit is invalid.[2] The patent-in-suit is currently undergoing two separate reexaminations in the PTO. Each reexamination involves substantially different prior art. In total, the PTO has determined that there are over 20 substantial new questions of patentability based on prior art not previously considered during original prosecution of the patent-in-suit. (Thirteen substantial new questions of patentability in Reexamination 90/008,775, Docket #26 (Exhibit C); nine substantial new questions of patentability in Reexamination 90/008,976, Rohde Decl. ¶ 5, Ex. A). Legacy asserts that the new prior art references render all asserted claims of the patent invalid; thus, Legacy has a complete defense to the claims in this litigation.

### (3) There is No Prejudice to Sorensen

As a preliminary matter, the Clerk has not yet entered any default against Legacy, so there can be no prejudice against Sorensen for reopening default. More importantly, the prejudice to Sorensen must be something other than what would be experienced by an ordinary litigant. *See, e.g.*, *TCI Group Life Ins. Plan*, 244 F.3d at 701 (merely being forced to litigate on the merits not considered prejudicial). The standard of prejudice is whether claimant's ability to pursue a claim will be hindered. *Id.* (to be prejudicial, setting aside of judgment must result in greater harm than simply delaying the resolution of the case). There is no evidence that maintenance of the *status quo* in this litigation will hinder Sorensen's ability to pursue a claim against Legacy, should the patent survive both of the reexaminations.

### B. The Court Should Grant Legacy the Same Enlargement of Time to Respond As DNNA.

If the Court determines that the Time Extension Order, Docket #33, did not apply to Legacy at the time, Legacy requests that Court now issue an Order granting Legacy the same enlargement of time to respond as DNNA has.

---

[2] Legacy does not offer evidence of its prospective invalidity defense as a responsive pleading; rather, Legacy offers the evidence only for the purpose of showing that it has a meritorious defense to the instant litigation. Legacy reserves the right to offer additional details of this defense, and to offer additional defenses, in other pleadings.

1  It makes no sense that Legacy should be required to expend the significant time and
2  money resources to plead to the Amended Complaint after the Court has already determined that
3  the circumstances in this case favor a stay.  The stay pending reexamination currently conserves
4  the resources of both the Court and the parties and provides the benefit of simplifying or
5  eliminating the issues for trial.  Given that the '184 patent expired in February of this year and
6  that this litigation remains in its incipient stages, Sorensen will not be prejudiced in any way by
7  maintaining the *status quo*.  Granting this motion will promote, not impair, the orderly
8  consideration of this case and will not prejudice Plaintiff in any way.
9  //
10 //
11 //
12 //
13 //
14 //
15 //
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28

1  **IV.    CONCLUSION**

2   Under the plain language of the Court's Time Extension Order, Legacy is not in default.
3   This MOTION TO SET ASIDE ANY APPEARANCE OF DEFAULT AND TO GRANT
4   LEGACY THE SAME ENLARGEMENT OF TIME TO ANSWER AS DNNA is being made
5   only in response to Sorensen's argument that the Time Extension Order did not apply to Legacy
6   despite the plain language to the contrary.  An Order setting aside any alleged appearance of
7   default by Legacy in the current litigation is appropriate under the circumstances describe herein.
8   Alternatively, an Order enlarging the time Legacy has to respond to the Amended Complaint in
9   this patent litigation, such that Legacy's Answer would not have been due until after the Court
10  ordered the current stay is also appropriate.

11  Dated: April 30, 2008.

                          PILLSBURY WINTHROP SHAW PITTMAN LLP
12                        DAVID A. JAKOPIN
                          DANIEL J. RICHERT
13                        2475 Hanover Street
                          Palo Alto, CA 94304-1114
14

15
                          By _____/s/_____
16                              Daniel J. Richert
                          Attorneys for Defendants
17                        DIGITAL NETWORKS NORTH AMERICA, INC.
                          LEGACY SUPPORT SERVICES, LTD. d/b/a S2G
18
Of Counsel:
19  Bradley J. Hulbert  (admitted *pro hac vice*)
    Richard A. Machonkin  (admitted *pro hac vice*)
20  Kurt W. Rohde  (admitted *pro hac vice*)
    MCDONNELL BOEHNEN HULBERT & BERGHOFF
21  300 South Wacker Drive
    Chicago, Illinois  60606
22  312-913-0001  Telephone
    312-913-0002  Facsimile
23  hulbert@mbhb.com
    machonkin@mbhb.com
24  rohdek@mbhb.com

25

26

27

28