1  PILLSBURY WINTHROP SHAW PITTMAN LLP
   DAVID A. JAKOPIN #209950
2   david.jakopin@pillsburylaw.com
   DANIEL J. RICHERT #232208
3   daniel.richert@pillsburylaw.com
   2475 Hanover Street
4  Palo Alto, CA 94304-1114
   Telephone: (650) 233-4500
5  Facsimile: (650) 233-4545

6  MCDONNELL BOEHNEN HULBERT & BERGHOFF LLP
   BRADLEY J. HULBERT
7   hulbert@mbhb.com
   RICHARD A. MACHONKIN
8   machonkin@mbhb.com
   KURT W. ROHDE
9   rohdek@mbhb.com
   300 South Wacker Drive
10 Chicago, IL 60606-6709
   Telephone: (312) 913-0001
11 Facsimile: (312) 913-0002

12 Attorneys for Defendants
   DIGITAL NETWORKS NORTH AMERICA, INC. and
13 LEGACY SUPPORT SERVICES, LTD.

14

**UNITED STATES DISTRICT COURT**

15

**NORTHERN DISTRICT OF CALIFORNIA**

16

17  JENS ERIK SORENSEN, as Trustee            )
    of SORENSEN RESEARCH AND                  )        No. 07 CV 5568  JSW
18  DEVELOPMENT TRUST,                        )
                                              )
19              Plaintiff,                    )   **[PROPOSED] ORDER SETTING ASIDE**
                                              )   **APPEARANCE OF DEFAULT BY**
20         v.                                 )   **LEGACY SUPPORT SERVICES**
                                              )
21  DIGITAL NETWORKS NORTH                    )
    AMERICA, INC., a Delaware                 )   Date:   June 13, 2008
22  corporation; LEGACY SUPPORT               )   Time:  9:00 a.m.
    SERVICES, LTD. d/b/a S2G; and             )   Ctrm:  2, 17th Floor
23  DOES 1-100,                               )   Judge: Hon. Jeffrey S. White
                                              )
24              Defendants.                   )

25

26

27

28

1    Now before the Court is Defendant Legacy Support Services, Ltd's ("Legacy") motion to

2    set aside any appearance of default in the present action. The Court finds that this matter is

3    appropriate for disposition without oral argument. *See* N.D. Cal. Civ. R. 7-1(b).  Accordingly,

4    the hearing set for June 13, 2008 is HEREBY VACATED.  Having considered the parties'

5    pleadings and the relevant legal authority, the Court HEREBY GRANTS Legacy's motion to set

6    aside any appearance of default in the present action.

7                                                **BACKGROUND**

8    In this action plaintiff Jens Erik Sorensen ("Sorensen") brings a claim for patent

9    infringement of the '184 Patent.  Sorensen filed an amended complaint in this action on

10   November 27, 2007, adding Legacy as a Defendant.  Docket #12.  On December 11, Legacy co-

11   defendant DNNA simultaneously filed two motions: a motion to stay the litigation pending the

12   outcome of reexamination proceedings and a motion to enlarge the time to respond to the

13   amended complaint pending the outcome of the motion to stay.  Docket #24 ("Motion to Stay");

14   Docket #28 ("Motion to Extend Time").  Subsequent to DNNA's filing, on December 13,

15   Sorensen filed with the Court proof of service to Legacy of the Amended Complaint.  Docket

16   #31.

17   On December 18, 2007, before Legacy was required to answer the amended complaint,

18   the Court granted Defendant DNNA's motion to extend the time to answer as to all Defendants.

19   Docket #33 ("Time Extension Order").  On January 16, 2008, the Court granted DNNA's

20   motion to stay litigation pending reexamination of the patent-in-suit.  Docket #39 ("Stay

21   Order").  Sorensen, in a motion to partially lift the stay, has alleged that Legacy is in default for

22   failing to answer the amended complaint, Docket #45-2 at 1, and Legacy now moves the Court

23   to set aside any appearance of default by Legacy.  The Court shall address additional facts as

24   necessary to its analysis in the remainder of this Order.

25                                                **ANALYSIS**

26   This Court's previous order granting an enlargement of time to answer, Docket #33,

27   applied to all Defendants in this litigation.  Accordingly, Legacy was under no duty to answer

28

[Proposed] Order Setting Aside Appearance
                                     Of Default of Legacy Support Services
                                     Case No. 07 CV 5568 JSW

1    the amended complaint prior to this Court's order granting the stay, Docket #39.  Consequently,

2    Legacy could not have been in default at the time the stay was granted.

3                                    **ALTERNATIVE ANALYSIS**

4            Sorensen has indicated that he intends to ask the Clerk to enter a default against Legacy

5    if this Court lifts the current stay.  Docket #45-2 at 1, 4.  This Court finds that if it were to lift the

6    stay, Legacy could show good cause as to why such an entry of default should be set aside.

7            Under Fed. R. Civ. P. 55(c) and Fed. R. Civ. P. 60(b), the Court may set aside entry of

8    default or judgment by default for good cause shown.  The determination to set aside default is

9    entrusted to the discretion of the Court.  *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508,

10   513 (9th Cir. 1986).  In determining whether good cause exists, courts generally look at three

11   factors: (i) whether the party has engaged in culpable conduct that led to default; (ii) whether the

12   party has a meritorious defense; or (iii) whether reopening default would prejudice opponent.

13   *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir.

14   2004).  Further, where timely relief is sought and the defendant has a meritorious defense, doubt,

15   if any, should be resolved in favor of the motion for relief.  *In re Roxford Foods, Inc.*, 12 F.3d

16   875, 879, 881 (9th Cir. 1993).  Additionally, when the relief sought is from a mere entry of

17   default, the Fed. R. Civ. P. 60(b) grounds for relief from judgment should be liberally

18   interpreted.  *Hawaii Carpenters*, 794 F.2d at 513; *accord Johnson v. Dayton Elec. Mfg. Co.,* 140

19   F.3d 781, 783 (8th Cir. 1998).

20   **A.    Legacy Has Not Engaged In Culpable Conduct**

21           In deciding not to file an answer or request an extension of time to answer, Legacy

22   reasonably believed that the Time Extension Order, Docket #33, applied to Legacy.  Because

23   Legacy has not exhibited any intention of taking advantage of the opposing party and has not

24   attempted to interfere with the judicial decision making process, Legacy's failure to file an

25   answer was the result of a reasonable mistake.  Further, Legacy's inaction was excusable neglect

26   in light of Sorensen's failure to communicate any basis for doubting the language contained in

27   the Time Extension Order.  Legacy's neglect is further excusable due to the brief delay in filing

28

1   between the January 13, 2008 answer date and the January 16, 2008 stay order.  *See Meehan v.*

2   *Snow*, 652 F.2d 274, 277 (2d Cir. 1981) (under lenient standard of Fed. R. Civ. P. 55(c), district

3   court should have excused party for 10-day delay in submitting amended Answer); *Johnson*, 140

4   F.3d at 784 (relief should have been granted where default in filing initial pleading was caused

5   by poor communication and was cured within one day once party learned of its mistake).  Under

6   the first factor, the Court finds that Legacy has engaged in no culpable conduct that led to

7   default.

8   **B.    Legacy Has a Meritorious Defense**

9        When a meritorious defense exists, any doubts should be resolved in favor of setting

10  aside the default, so the case may be decided on its merits.  *See, e.g.*, *Mendoza v. Wight Vineyard*

11  *Mgmt.*, 783 F.2d 941, 945-46 (9th Cir. 1986).  The defaulting party need not prove the defense

12  for the Court to set aside the default; rather, the defense must merely be a legally cognizable

13  defense and, if proven at trial, constitute a complete defense to the claims.  *See, e.g.*, *Keegel v.*

14  *Key West & Caribbean Trading Co.*, 627 F.2d 372, 374 (D.C. Cir. 1980) (allegations of defense

15  are meritorious if they contain "even a hint of a suggestion" that, if proven at trial, would

16  constitute complete defense); *Berthelsen v. Kane*, 907 F.2d 617, 621-22 (6th Cir. 1990)

17  (likelihood of success on the merits is not the test, but rather the test is whether the party states a

18  defense that is good at law).  Legacy asserts that the patent-in-suit is invalid based on the prior

19  art currently being considered in two different United States Patent and Trademark Office

20  reexamination proceedings.  Consequently, under the second factor, the Court finds that Legacy

21  has shown that it has a meritorious defense that, if proven at trial, would constitute a complete

22  defense to the claims.

23  **C.    There is No Prejudice to Sorensen**

24       As a preliminary matter, the Clerk has not yet entered any default against Legacy, so

25  there can be no prejudice against Sorensen for reopening default.  More importantly, the

26  prejudice to Sorensen must be something other than what would be experienced by an ordinary

27  litigant.  *See, e.g.*, *TCI Group Life Ins. Plan*, 244 F.3d at 701 (merely being forced to litigate on

28

1  the merits not considered prejudicial).  The standard of prejudice is whether claimant's ability to

2  pursue a claim will be hindered.  *Id.* (to be prejudicial, setting aside of judgment must result in

3  greater harm than simply delaying the resolution of the case).  The Court finds that there is no

4  evidence that maintenance of the *status quo* in this litigation will hinder Sorensen's ability to

5  pursue a later claim against Legacy.

6                                              **CONCLUSION**

7         For the foregoing reasons, the Court GRANTS Legacy's motion to set aside any

8  appearance of default by Legacy.  The Court HEREBY ORDERS Sorensen to refrain from

9  requesting an entry of default or requesting judgment by default against Legacy based on the fact

10  that Legacy did not file an answer prior to this Court staying the litigation in the instant case.

11  The Court FURTHER ORDERS that Defendants need not answer or otherwise respond to

12  Plaintiff's amended complaint unless and until this Court lifts the stay and orders Defendants to

13  answer.

14

15  Dated: _____          _____

16                                                      Hon. Jeffrey S. White

17

18

19

20

21

22

23

24

25

26

27

28