1  MELODY A. KRAMER, SBN 169984
2  KRAMER LAW OFFICE, INC.
   9930 Mesa Rim Road, Suite 1600
3  San Diego, California 92121
   Telephone (858) 362-3150
4

5  J. MICHAEL KALER, SBN 158296
6  KALER LAW OFFICES
   9930 Mesa Rim Road, Suite 200
7  San Diego, California 92121
   Telephone (858) 362-3151
8

9

10 Attorneys for Plaintiff JENS ERIK SORENSEN,
   as Trustee of SORENSEN RESEARCH AND
11 DEVELOPMENT TRUST

12

13

14                    UNITED STATES DISTRICT COURT

15           FOR THE NORTHERN DISTRICT OF CALIFORNIA

16                           SAN FRANCISCO

17

18  JENS ERIK SORENSEN, as Trustee of  ) Case No. CV 07-05568 JSW
    SORENSEN RESEARCH AND              )
19  DEVELOPMENT TRUST,                 ) **PLAINTIFF'S REPLY TO**
                                       ) **DEFENDANTS' OPPOSITION TO**
20                          Plaintiff   ) **PLAINTIFF'S MOTION FOR**
                                       ) **PARTIAL LIFT OF STAY AS TO**
21      v.                             ) **DEFENDANT LEGACY SUPPORT**
                                       ) **SERVICES FOR PURPOSES OF**
22  DIGITAL NETWORKS NORTH             ) **ENTERING DEFAULT**
    AMERICA, INC., a Delaware          )
23  corporation; LEGACY SUPPORT        )
    SERVICES, LTD. d/b/a S2G; and DOES ) Date: June 13, 2008
24  1-100,                             ) Time:  9:00 a.m.
                                       ) Courtroom 2, 17th Floor
25                                     ) Judge:  Hon. Jeffrey S. White
                         Defendants.    )
26                                     )
                                       )
27 _____ )

28

1

2

## TABLE OF CONTENTS

**Page**

3  TABLE OF AUTHORITIES .................................................................................. ii

4  SUMMARY OF REPLY ..................................................................................... 1

5  ADDITIONAL FACTS ........................................................................................ 1

6  ARGUMENT        ............................................................................................ 3

7

8  I.    DEFENDANTS HAVE NOT SHOWN ANY REASON WHY THE
       PARTIAL LIFT OF STAY SHOULD NOT ISSUE ................................... 3

9

10  II.   LEGACY'S ARGUMENTS REGARDING THE PROPRIETY OF ENTRY
11        OF DEFAULT MUST WAIT UNTIL THE REQUESTED PARTIAL LIFT
         OF STAY IS GRANTED .......................................................................... 3

12        A.    Defendant Legacy Has No Right To Rely On An "s" In An Order
13              That Contradicted The Explicit Wording And Context Of The
                Order .......................................................................................... 4

14        B.    There Is No Good Cause To Set Aside Legacy's Default .................. 5

15

16              1.   Legacy and/or Its Attorneys Engaged In Culpable Conduct That
17                   Lead To Legacy's Default ...................................................... 5
               2.   No One Knows What Legacy's Proposed Defenses Are Until They
18                   File An Answer. .................................................................. 6
               3.   Disregard for the Obligations of a Party to Respond to a
19                   Complaint Will Prejudice Plaintiff .......................................... 6

20

21  CONCLUSION        ............................................................................................ 7

22

23

24

25

26

27

28

1

# TABLE OF AUTHORITIES

2

<u>Rules</u>

3

Fed.R.Civ.P. Rule 8 ...................................................................................7

4

Fed.R.Civ.P. Rule 12 .................................................................................7

5

6

<u>Cases</u>

7

8

*Concerned Citizens Coalition of Stockton v. City of Stockton*,
26 Cal.Rptr.3d 735 (Cal.App.3.Dist.,2005) ...........................................4

9

10

*Gardner v. Rich Mfg. Co.*, 158 P.2d 23 (Cal.App. 2 Dist.,1945)...........5

*Hendrie v. Lowmaster*, 152 F.2d 83 (C.A.6.Mich.,1945) .....................4

11

*N.L.R.B. v. Edward G. Budd Mfg. Co.,* 169 F.2d 571 (C.A.6,1948) .....................4

12

*Roraback v. Roraback*, 101 P.2d 772 (Cal.App. 3 Dist., 1940)............4

13

*Talman v. Talman,* 39 Cal.Rptr. 863 (Cal.App.2.Dist.,1964)...............4

14

*Western Greyhound Lines v. Superior Court of Los Angeles County*,
331 P.2d 793, (Cal.App., 1958) ..........................................................4

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## SUMMARY OF REPLY

2
3
4

Neither Defendant has offered any reason why there should not be a partial lift of stay to deal with the issue of Defendant Legacy Support Services ("Legacy")'s default.

5
6
7
8

Legacy seems eager to have the issue of its failure to file an answer resolved by the Court in light of its filing of a "Motion to Set Aside Any Appearance of Default" (Document # 51, et seq.). A partial lift of stay does not affect Defendant Digital Network North America, Inc. ("DNNA") at all.

9

Therefore, the partial lift of stay requested by Plaintiff should be allowed.

10
11

## ADDITIONAL FACTS

12
13
14

Defendant Legacy Support Services never appeared in this case in any shape or form until April 30, 2008 by co-filing an Opposition to Plaintiff's Motion for Partial Lift of Stay. *Kramer Decl.* ¶ 4.

15
16
17
18

The Order upon which Defendants contend that Legacy is entitled to rely was drafted by Defendant DNNA (compare Document # 27 proposed order with Document # 33 signed order) and explicitly defines "Defendant" in the Order as "Digital Networks North America, Inc."

19
20
21
22

There has been no suggestion, formal or informal, written or oral, prior to the filing of Plaintiff's Motion for Partial Lift of Stay that Legacy was represented by the same lawyers as DNNA or that any appearance or filings by DNNA were intended to have been made by Legacy. *Kramer Decl.* ¶ 5 and the entire court file in this case.

23
24
25
26

Defense counsel has misstated Ms. Kramer's position on this matter by referencing her letter dated April 16th and Mr. Rohde's response letter, but not including Ms. Kramer's April 21st letter in which she corrected Mr. Rohde's misstatements as follows. *Kramer Decl.* ¶ 6.

27
28

I am in receipt of your [Mr. Rohde's] letter dated today. Apparently

Case No. CV 07-05568 JSW

you did not read my letter closely.  It is not my contention that the Court made an error in its order, except to the extent that it did not correct a typographical error in the proposed order that DNNA sent to the Court.

Document # 33 is unambiguous in its identification of the "Defendant" as Digital Networks North America, Inc. and none other.  See the first sentence.  You simply cannot make a good faith argument that the typographical errors should be construed in favor of a defendant who made no appearance, but is currently represented by the same counsel as the party who drafted the order.

Furthermore, although you claim that Legacy relied on DNNA's typographical errors in that Order, there is no legitimate basis for that claim.  The only way that argument would make sense was if your office was secretly representing Legacy in every document that it filed which explicitly and repeatedly represented itself as representing DNNA and only DNNA.  I could not even find any reference to Legacy being noticed on any of DNNA's motions.

On the day of our phone conversation, I gave you the benefit of the doubt that you had just overlooked the specific context in which the Order in question was issued.  It is now clear that you are, in fact, trying to make arguments that are unsupported by fact or law.

Let me again be clear.  I consider it to be a Rule 11 violation for you to make an argument to the Court that contradicts every single written and oral representation, formal and informal, previously made to us and the Court regarding who your office represented and upon whose behalf arguments were made.  If your office had any intention for DNNA's motions for extension, motion for stay, or resulting orders to accrue to the benefit of Legacy, you were grossly misrepresenting your intent at the time both to Plaintiff and to the Court.

I will expect you and your colleagues to drop this frivolous argument.

*Kramer Decl.*, Exhibit A.

Mr. Rohde has now stated, under oath, that its office was indeed (secretly) representing Legacy before January 13, 2008 (Rohde Decl. ¶ 4), though Mr. Rohde fails to identify how long before.

Case No. CV 07-05568 JSW

# ARGUMENT

## I. DEFENDANTS HAVE NOT SHOWN ANY REASON WHY THE PARTIAL LIFT OF STAY SHOULD NOT ISSUE.

Legacy seems eager to have the issue of its failure to file an answer resolved by the Court in light of its filing of a "Motion to Set Aside Any Appearance of Default" (Document # 51, et seq.).  That motion cannot be heard unless Plaintiff's Motion for Partial Lift of Stay is granted.

All discussion in the Opposition regarding why Legacy supposedly did not file an Answer should not be resolved until a partial lift of stay is entered.

A partial lift of stay does not affect Defendant Digital Network North America, Inc. ("DNNA") at all and the Opposition filed with the Court does indicate that DNNA would suffer any prejudice or consequence.

Therefore, a partial lift of stay should be granted.

## II. LEGACY'S ARGUMENTS REGARDING THE PROPRIETY OF ENTRY OF DEFAULT MUST WAIT UNTIL THE REQUESTED PARTIAL LIFT OF STAY IS GRANTED.

Defendants' opposition is filed with argument claiming that Legacy relied on a misleading "s" in an Order drafted by DNNA's counsel, and claiming that Legacy has certain intentions regarding its defense.  However, Legacy cannot argue the propriety of default or any of its newly claimed defenses unless and until the Court enters a partial lift of stay.

Indeed, Legacy is in violation of the stay order by filing a Motion to Set Aside Default without receiving leave of the Court to do so.

Although these matters were inappropriately argued in the Opposition document, Plaintiff will briefly address several of these points.

### A. Defendant Legacy Has No Right To Rely On An "s" In An Order That Contradicted The Explicit Wording And Context Of The Order.

Case No. CV 07-05568 JSW

The true measure of a court order is not an isolated phrase appearing therein, but its effect when considered as a whole, and the same rules of interpretation apply as in ascertaining the meaning of any other writing. *Roraback v. Roraback,* 101 P.2d 772 (Cal.App. 3 Dist., 1940); *Concerned Citizens Coalition of Stockton v. City of Stockton*, 26 Cal.Rptr.3d 735 (Cal.App.3.Dist.,2005); *Western Greyhound Lines v. Superior Court of Los Angeles County*, 331 P.2d 793, Cal.App.,1958

The proper construction of a court's decree is to be determined by an examination of issues made and intended to be submitted, and what decree was really designed to accomplish, rather than by seizing upon isolated parts of decree; and its scope is to be determined by what preceded it and what it was intended to execute. *N.L.R.B. v. Edward G. Budd Mfg. Co.*, 169 F.2d 571 (C.A.6,1948). See also *Hendrie v. Lowmaster*, 152 F.2d 83 (C.A.6.Mich.,1945) (the meaning of ambiguous judgment or order must be determined by what preceded it and what it was intended to execute); *Talman v. Talman*, 39 Cal.Rptr. 863 (Cal.App.2.Dist.,1964)

If language of a court order is uncertain, reference may be had to circumstances surrounding, and the court's intention in making, order. *Gardner v. Rich Mfg. Co.*, 158 P.2d 23 (Cal.App. 2 Dist.,1945); *Concerned Citizens Coalition of Stockton v. City of Stockton*, 26 Cal.Rptr.3d 735 (Cal.App.3.Dist., 2005). In construing an order, resort may be had to the notice of motion. *Western Greyhound Lines v. Superior Court of Los Angeles County*, 331 P.2d 793 (Cal.App., 1958).

The Order at Document # 33, begins with the following statement of definition – "Defendant DIGITAL NETWORKS NORTH AMERICA, INC. ("Defendant") has moved . . . to enlarge time . . ." (Document # 33, page 2:1). This is consistent with Document # 28, the motion to which it referred, which refers to the moving party as DNNA at least 13 times and never refers to Legacy (see Document # 28, throughout). This is also consistent with the motion's declaration (Document # 29) which refers to DNNA no fewer than 15 times, and never references Legacy.

After the initial definition, the Order again refers to a singular "Defendant" or

1    the singular possessive "Defendant's" at lines 4, 5, 6, and 8. It is only at lines 11 and

2    12 that it switches to "Defendants' " and "Defendants."

3        The only logical interpretation of that Order is that it was intended to cover

4    DNNA and only DNNA. Legacy had no part of it.

5        There is no evidence that Legacy "relied" upon the two inconsistent "s"-s.

6    There is only a declaration of Legacy's counsel who drafted the Order with the

7    inconsistent language and context. Legacy cannot rely on a misrepresentation made

8    to the Court and Plaintiff's by its counsel.

9

10        B.    There Is No Good Cause To Set Aside Legacy's Default.

11        Concurrent with the filing of the Opposition to the Motion for Partial Lift of

12    Stay, Legacy filed a motion for "Motion to Set Aside Any Appearance of Default."

13    That filing is in violation of the stay in this case because it was not accompanied

14    with any request for the Court to lift the stay. Legacy is trying to "have its cake"

15    (not participating in litigation) and "eat it too" (file motions before filing an answer).

16

17            1.    Legacy and/or Its Attorneys Engaged In Culpable Conduct That
                    Lead To Legacy's Default.

18        There is no evidence before the Court from anyone at Legacy to indicate that

19    they were either aware of DNNA's motions or resulting orders, or relied upon them.

20    There is only the statement of attorney Mr. Rohde saying that Legacy believed this

21    or relied on that. Mr. Rohde is not a competent witness on this factual question. See

22    Evidentiary Objection filed concurrently herewith.

23        The Order that is argued to be Legacy's basis for reliance explicitly is limited,

24    by its own terms to DNNA, and was drafted by defense counsel. If defense counsel

25    was aware of the typographic error added "s" to Defendants at the time and told

26    Legacy that it was a basis for not answering, defense counsel is demonstrating

27    serious lack of candor with the Court and Plaintiff.

28

If Legacy wanted a delay in filing its answer, it should have filed it along with DNNA. It did not do so. If Legacy wanted a stay, it should have requested one or joined DNNA's request. It did not.

Sorensen's counsel was unaware of the typographical error at the time the Order was served. It is disingenuous for defense counsel making a typographical error in a proposed order submitted on behalf of one defendant (DNNA) to suggest that the plaintiff had an affirmative obligation to notify its other client (Legacy) of its own error.

> ### 2.    No One Knows What Legacy's Proposed Defenses Are Until They File An Answer.

Legacy claims that it will vigorously defense this action, and that it claims the subject patent is invalid, however, it has not filed any Answer. Legacy cannot make empty claims outside of the context of proper procedure.

Fed.R.Civ.P. Rules 8 and 12 sets forth how a defendant is required to respond to a complaint and summons served on the defendant. Legacy has done nothing in compliance therewith, has violated the existing stay, and yet wants to receive affirmative relief from the Court. Such blatant disregard for even the most basic procedures should not be rewarded.

> ### 3.    Disregard for the Obligations of a Party to Respond to a Complaint Will Prejudice Plaintiff.

Legacy was properly served with a summons and amended complaint and obviously made an affirmative decision to not defend. It did not file a timely answer, did not request an extension of time to respond, did not request stay. It did nothing. Even now, when its default has been brought to the attention of the Court, Legacy has not offered to Answer the complaint, and merely sets forth a frivolous argument claiming reliance on an out-of-context "s" that its attorneys full well knew did not make an Order applicable to Legacy, and violates the existing stay by filing a motion

for relief without leave of Court.

Plaintiff is required to abide by the Federal Rules of Civil Procedure; so must the Defendants.

**CONCLUSION**

For the reasons set forth in Plaintiff's motion and above, and in light of Defendants' lack of any reason to not grant the relief requested, the Court should exercise its inherent authority to grant an exception to the stay entered on January 16, 2008 for the following limited purpose:

> Requesting and entering default against defendant Legacy Support Services, Ltd. ("Legacy"), a party that defaulted just days prior to entry of the stay order.

Legacy has affirmatively, and in violation of the stay, filed a motion for relief from default. Such motion cannot be considered until the Court grants the relief requested by the Plaintiff.

Wherefore, Plaintiff again respectfully requests the Court to grant a partial lift of stay for the limited purposes of obtaining entry of default, a damages prove-up hearing, and entry of a default judgment against Defendant Legacy Support Services, Ltd.

//
//
//
//
//
//

Case No. CV 07-05568 JSW

1   DATED this Wednesday, May 07, 2008.

2

3                                    JENS ERIK SORENSEN, as Trustee of
                                     SORENSEN RESEARCH AND DEVELOPMENT
4                                    TRUST, Plaintiff

5                                    /s/ Melody A. Kramer

6                                    J. Michael Kaler, Esq.
                                     Melody A. Kramer, Esq.
7                                    Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. CV 07-05568 JSW

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I, Melody A. Kramer declare:  I am and was at the time of this service working within the County of San Diego, California.  I am over the age of 18 year and not a party to the within action.  My business address is the Kramer Law Office, Inc., 9930 Mesa Rim Road, Suite 1600, San Diego, California, 92121.  I am a member of the State Bar of California and the Bar of this Court.

On May 7, 2008, I served on the parties to this action the following documents:

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL LIFT OF STAY AS TO DEFENDANT LEGACY SUPPORT SERVICES FOR PURPOSES OF ENTERING DEFAULT**

**DECLARATION OF MELODY A. KRAMER IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL LIFT OF STAY AS TO DEFENDANT LEGACY SUPPORT SERVICES FOR PURPOSES OF ENTERING DEFAULT**

**EVIDENTIARY OBJECTION TO DECLARATION OF KURT W. ROHDE (DOCKET #49)**

| PERSON(S) SERVED | PARTY(IES) SERVED | METHOD OF SERVICE |
|---|---|---|
| Theodore K. Bell<br>tad.bell@pillsburylaw.com<br>Daniel J. Richert<br>Daniel.richert@pillsburylaw.com<br>Pillsbury Winthrop et al<br>2475 Hanover Street<br>Palo Alto, CA 94304-1114<br>650-233-4545 FAX | Defendant Digital Networks North America, Inc.<br>Legacy Support Services, LTD. | Email – Pleadings Filed with the Court |
| Kurt W. Rohde<br>rohdek@mbhb.com<br>300 South Wacker Drive<br>Chicago, IL 60606-6709 | Defendant Digital Networks North America, Inc.<br>Legacy Support Services, LTD. | Email – Pleadings Filed with the Court |

☐   (Personal Service) I caused to be personally served in a sealed envelope hand-delivered to the office of counsel during regular business hours.

☐   (Federal Express) I deposited or caused to be deposited today with Federal Express in a sealed envelope containing a true copy of the foregoing documents with fees fully prepaid addressed to the above noted addressee for overnight delivery.

9.

Case No. CV 07-05568 JSW

1

2   ☐   (Facsimile) I caused a true copy of the foregoing documents to be transmitted by
        facsimile machine to the above noted addressees.  The facsimile transmissions were
3       reported as complete and without error.

4

5   ☐   (Email) I emailed a true copy of the foregoing documents to an email address
        represented to be the correct email address for the above noted addressee.

6

7   ☒   (Email--Pleadings Filed with the Court) Pursuant to Local Rules, I electronically filed
        this document via the CM/ECF system for the United States District Court for the
8       Southern District of California.

9

10  I declare that the foregoing is true and correct, and that this declaration was executed on
    Wednesday, May 07, 2008, in San Diego, California.

11                                              /s/ Melody A. Kramer

12                                          _____

13                                              Melody A. Kramer

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10.