1  MELODY A. KRAMER, SBN 169984
2  KRAMER LAW OFFICE, INC.
   9930 Mesa Rim Road, Suite 1600
3  San Diego, California 92121
4  Telephone (858) 362-3150

5  J. MICHAEL KALER, SBN 158296
6  KALER LAW OFFICES
   9930 Mesa Rim Road, Suite 200
7  San Diego, California 92121
8  Telephone (858) 362-3151

10 Attorneys for Plaintiff JENS ERIK SORENSEN,
   as Trustee of SORENSEN RESEARCH AND
11 DEVELOPMENT TRUST

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST, <br><br> Plaintiff <br><br> v. <br><br> DIGITAL NETWORKS NORTH AMERICA, INC., a Delaware corporation; LEGACY SUPPORT SERVICES, LTD. d/b/a S2G; and DOES 1-100, <br><br> Defendants. | Case No. CV 07-05568 JSW <br><br> **EVIDENTIARY OBJECTION TO DECLARATION OF KURT W. ROHDE (DOCKET #49)** <br><br> Date: June 13, 2008 <br> Time: 9:00 a.m. <br> Courtroom 2, 17th Floor <br> Judge: Hon. Jeffrey S. White |

Plaintiff Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust ("Sorensen") makes the following evidentiary objections to Document 49 in this case, captioned

> "Declaration of Kurt W. Rohde in Support of (1) Defendants' Memorandum in Opposition to Plaintiff's Motion for Partial Lift of Stay as to Legacy Support Services for Purposes of Entering Default; and (2) Legacy Support Services' Motion to Set Aside Any Appearance of Default and to Grant Legacy the Same Enlargement of Time to Answer as DNNA."

(hereinafter "Rohde Declaration").

Plaintiff hereby requests that the Court strike all portions of the Rohde Declaration that are not admissible evidence under the Federal Rules of Evidence. The rules referenced are set forth first for reference.

> **Rule 401. Definition of "Relevant Evidence."** "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.
>
> **Rule 402**. **Relevant Evidence Generally Admissible; Irrelevant Evidence Inadmissible.** All relevant evidence is admissible, . . . Evidence which is not relevant is not admissible.
>
> **Rule 602. Lack of Personal Knowledge.** A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony. This rule is subject to the provisions of rule 703, relating to opinion testimony by expert witnesses.

**Rule 802. Hearsay Rule.** Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress.

| Portion of Declaration | Evidentiary Objections |
|---|---|
| Paragraph 3 | <u>Lack of Personal Knowledge; Hearsay</u> (F.R.Evid. Rules 602, 801).<br>Mr. Rohde is not an officer or employer of Legacy Support Services, Ltd., therefore he cannot testify as to what Legacy was "aware of." (lines 9-11). Likewise, the statement that Legacy "reasonably relied" on something is not within his competence to testify. Alternatively, it is hearsay (and a concurrent waiver of attorney-client communications on the subject).<br><br>The statement that "Legacy reasonable relied on the plain language of the Order . . ." is also an inadmissible legal opinion. |
| Paragraph 5 | <u>Irrelevant</u> (F.R.Evid. Rules 401, 402).<br><br>A communication from the USPTO regarding a reexamination has no relevance to the question of whether stay should be partially lifted in this case. |
| Paragraphs 8-13, and referenced Exhibits D-I. | <u>Irrelevant</u> (F.R.Evid. Rules 401, 402).<br><br>Default filings in other cases have no relevance to the question of whether stay should be partially lifted in this case. |

//

1 | DATED this Wednesday, May 07, 2008.

JENS ERIK SORENSEN, as Trustee of
SORENSEN RESEARCH AND DEVELOPMENT
TRUST, Plaintiff

/s/ Melody A. Kramer
_____
J. Michael Kaler, Esq.
Melody A. Kramer, Esq.
Attorneys for Plaintiff

3.

Case No. CV 07-05568 JSW