MELODY A. KRAMER, SBN 169984
KRAMER LAW OFFICE, INC.
9930 Mesa Rim Road, Suite 1600
San Diego, California 92121
Telephone (858) 362-3150

J. MICHAEL KALER, SBN 158296
KALER LAW OFFICES
9930 Mesa Rim Road, Suite 200
San Diego, California 92121
Telephone (858) 362-3151

Attorneys for Plaintiff JENS ERIK SORENSEN,
as Trustee of SORENSEN RESEARCH AND
DEVELOPMENT TRUST

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>　　　　　　Plaintiff<br>　v.<br><br>DIGITAL NETWORKS NORTH AMERICA, INC., a Delaware corporation; LEGACY SUPPORT SERVICES, LTD. d/b/a S2G; and DOES 1-100,<br><br>　　　　　　Defendants. | Case No. CV 07 cv 05568 JSW<br><br>**DECLARATION OF MELODY A. KRAMER IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL LIFT OF STAY AS TO DEFENDANT LEGACY SUPPORT SERVICES FOR PURPOSES OF ENTERING DEFAULT**<br><br>Date: June 13, 2008<br>Time: 9:00 a.m.<br>Courtroom 2, 17th Floor<br>Judge: Hon. Jeffrey S. White |

I, MELODY A. KRAMER, declare:

1. I am not a party to the present action. I am over the age of eighteen. I have personal knowledge of the facts contained within the following paragraphs, and could and would competently testify thereto if called as a witness in a court of law.

2. At all times relevant herein I have been an attorney for Sorensen Research and Development Trust ("Sorensen"), Plaintiff in the above-captioned matter.

3. This declaration is made in support of Plaintiff's Reply To Defendants' Opposition To Plaintiff's Motion For Partial Lift Of Stay As To Defendant Legacy Support Services For Purposes Of Entering Default.

4. Defendant Legacy Support Services never appeared in this case in any shape or form until April 30, 2008 by co-filing an Opposition to Plaintiff's Motion for Partial Lift of Stay.

5. There has been no suggestion, formal or informal, written or oral, prior to the filing of Plaintiff's Motion for Partial Lift of Stay that Legacy was represented by the same lawyers as DNNA or that any appearance or filings by DNNA were intended to have been made by Legacy.

6. Defense counsel has misstated my position on this matter by referencing my letter dated April 16th and Mr. Rohde's response letter, but not including my April 21st letter in which I corrected Mr. Rohde's misstatements. Attached hereto as Exhibit A is a true and correct copy of my letter dated April 21st, 2008.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct.

EXECUTED on May 7, 2008, at San Diego, California.

/s/ Melody A. Kramer
Melody A. Kramer, Esq.
Attorney for Plaintiff

**EXHIBIT A**

# Kramer Law Office, Inc.

9930 Mesa Rim Rd., Ste. 1600
San Diego, California 92121
Phone 858/362-3150
Fax 858/824-9073

_____

**Melody A. Kramer, Esq.**
mak@kramerlawip.com

April 21, 2008

Kurt Rohde
McConnell Boehnen et al
300 South Wacker Drive
Chicago, IL 60606

        RE:    <u>Sorensen Research & Development Trust v. Digital Networks North America, Inc., et al</u>, Case No. cv074468, Northern District of California

Dear Mr. Rohde:

    I am in receipt of your letter dated today. Apparently you did not read my letter closely. It is not my contention that the Court made an error in its order, except to the extent that it did not correct a typographical error in the proposed order that DNNA sent to the Court.

    Document # 33 is unambiguous in its identification of the "Defendant" as Digital Networks North America, Inc. and none other. See the first sentence. You simply cannot make a good faith argument that the typographical errors should be construed in favor of a defendant who made no appearance, but is currently represented by the same counsel as the party who drafted the order.

    Furthermore, although you claim that Legacy relied on DNNA's typographical errors in that Order, there is no legitimate basis for that claim. The only way that argument would make sense was if your office was secretly representing Legacy in every document that it filed which explicitly and repeatedly represented itself as representing DNNA and only DNNA. I could not even find any reference to Legacy being noticed on any of DNNA's motions.

    On the day of our phone conversation, I gave you the benefit of the doubt that you had just overlooked the specific context in which the Order in question was issued. It is now clear that you are, in fact, trying to make arguments that are unsupported by fact or law.

Mr. Rohde
May 7, 2008
Page 2

      Let me again be clear. I consider it to be a Rule 11 violation for you to make an argument to the Court that contradicts every single written and oral representation, formal and informal, previously made to us and the Court regarding who your office represented and upon whose behalf arguments were made. If your office had any intention for DNNA's motions for extension, motion for stay, or resulting orders to accrue to the benefit of Legacy, you were grossly misrepresenting your intent at the time both to Plaintiff and to the Court.

      I will expect you and your colleagues to drop this frivolous argument.

                                      Sincerely,

                                      Melody A. Kramer