PILLSBURY WINTHROP SHAW PITTMAN LLP
DAVID A. JAKOPIN #209950
  david.jakopin@pillsburylaw.com
DANIEL J. RICHERT #232208
  daniel.richert@pillsburylaw.com
2475 Hanover Street
Palo Alto, CA 94304-1114
Telephone: (650) 233-4500
Facsimile: (650) 233-4545

MCDONNELL BOEHNEN HULBERT & BERGHOFF LLP
BRADLEY J. HULBERT (admitted *pro hac vice*)
  hulbert@mbhb.com
RICHARD A. MACHONKIN (admitted *pro hac vice*)
  machonkin@mbhb.com
KURT W. ROHDE (admitted *pro hac vice*)
  rohdek@mbhb.com
300 South Wacker Drive
Chicago, IL 60606-6709
Telephone: (312) 913-0001
Facsimile: (312) 913-0002

Attorneys for Defendants
DIGITAL NETWORKS NORTH AMERICA, INC. and
LEGACY SUPPORT SERVICES, LTD.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff,<br>v.<br><br>DIGITAL NETWORKS NORTH AMERICA, INC., a Delaware corporation; LEGACY SUPPORT SERVICES, LTD. d/b/a S2G; and DOES 1-100,<br><br>Defendants. | No. 07 CV 5568 JSW<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S EVIDENTIARY OBJECTION TO DECLARATION OF KURT W. ROHDE**<br><br>Date: June 13, 2008<br>Time: 9:00 a.m.<br>Ctrm: 2, 17th Floor<br>Judge: Hon. Jeffrey S. White |

1  Defendants Legacy Support Services ("Legacy") and Digital Networks North America,
2  Inc. ("DNNA") hereby respond to Plaintiff's Evidentiary Objection to Declaration of Kurt W.
3  Rohde ("the Rohde Declaration").
4  Plaintiff argues that paragraphs 3, 5, and 8-13 of the Rohde Declaration contain evidence
5  that is not admissible under the Federal Rules of Evidence and should be stricken. Local Rule 7-
6  5 governs affidavits and declarations in support of motions and looks to Fed. R. Civ. P. 56(e) as
7  the standard. Local Rule 7-5 also does not require all statements to be made based on personal
8  knowledge. To the contrary, the rule allows statements to be made upon information or belief.
9  As set forth below, the disputed portions of the Rohde Declaration clearly comply with the
10 requirements of Fed. R. Civ. P. 56(e) and Local Rule 7-5.
11 **1.    Paragraph 3**
12 Plaintiff tries to portray the disputed statements in paragraph 3 as being outside of Mr.
13 Rohde's competence. In fact, the statements relate to procedural facts that are absolutely the
14 proper subject of an attorney declaration under Fed. R. Civ. P. 56(e). *Sitts v. United States*, 811
15 F.2d 736, 741-42 (2d Cir. 1987). The statements are also based on Mr. Rohde's personal
16 knowledge, as evidenced by paragraph 1 of the Rohde Declaration: "Unless otherwise stated
17 herein, I have personal knowledge of the facts stated in this declaration …" As basis for Mr.
18 Rohde's personal knowledge, paragraph 4 explains that Legacy was represented by McDonnell
19 Boehnen Hulbert & Berghoff LLP ("MBHB") before January 13, 2008. Thus, the Rohde
20 Declaration provides competent evidence that Legacy, through its counsel, was aware of the
21 Court's Time Extension Order (Docket #33) prior to January 13, 2008 and reasonably relied on
22 the plain language of that Order.
23 Plaintiff's remaining arguments, that the statements are hearsay, constitute waiver of
24 attorney-client privilege, and are inadmissible legal opinions, are wholly without merit. The
25 statements are not hearsay because they are not statements made by another. The statements do
26 not waive attorney-client privilege because they describe facts, not privileged communications.
27 The statement that "Legacy reasonably relied on the plain language of the Order …" is not a
28 legal opinion because Legacy's reliance on the Order is clearly a factual matter. That Legacy's

1  reliance on the Order was "reasonable" is a factual inference based on the plain language of the
2  Order. Plaintiff claims to have a different view of the Time Extension Order, but Plaintiff has no
3  basis for excluding evidence regarding Legacy's view.

4      **2.    Paragraph 5**

5      Plaintiff argues that information regarding the *second* reexamination of its patent is
6  irrelevant. However, pages 4 and 5 of the Memorandum in Support of Legacy's Motion to Set
7  Aside Any Appearance of Default (Docket # 52) explain the relevance of this second
8  reexamination. Simply put, the fact that the USPTO has found substantial new questions of
9  patentability in two, concurrent reexaminations of the patent-in-suit shows that Legacy has a
10 meritorious defense of the patent's invalidity. That a party has such a meritorious defense is a
11 factor weighing in favor of setting aside any default by that party. *Franchise Holding II, LLC v.*
12 *Huntington Rests. Group, Inc.*, 375 F.3d 922, 925-926 (9th Cir. 2004).

13     **3.    Paragraphs 8-13**

14     Plaintiff argues that its pattern of quickly seeking entry of default in other cases is
15 irrelevant. However, pages 6 and 7 of the Defendants' Memorandum in Opposition to Plaintiff's
16 Motion (Docket # 48) explain the relevance of these cases. Specifically, Plaintiff has, in other
17 cases, filed for entry of default within one or two days after occurrence of the alleged default.
18 Thus, Plaintiff was clearly capable of seeking entry of Legacy's alleged default before this
19 Court's Stay Order. Because Plaintiff failed to do so, any prejudice that Plaintiff may claim is
20 the result of Plaintiff's own inaction.
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28

1       Accordingly, Defendants respectfully request that the Court overrule Plaintiff's

2 evidentiary objections and deny Plaintiff's request to strike portions of the Rohde Declaration.

3       Dated: May 15, 2008.

                                               PILLSBURY WINTHROP SHAW PITTMAN LLP
4                                              DAVID A. JAKOPIN
                                             DANIEL J. RICHERT
5                                              2475 Hanover Street
                                             Palo Alto, CA 94304-1114
6

                                             By _____/s/ Daniel J. Richert_____
7                                                      Daniel J. Richert
                                             Attorneys for Defendants
8                                              DIGITAL NETWORKS NORTH AMERICA, INC.
                                             LEGACY SUPPORT SERVICES, LTD. d/b/a S2G
9

10 Of Counsel:

11 Bradley J. Hulbert  (admitted *pro hac vice*)
   Richard A. Machonkin  (admitted *pro hac vice*)
12 Kurt W. Rohde  (admitted *pro hac vice*)
   McDonnell Boehnen Hulbert & Berghoff LLP
13 300 South Wacker Drive
   Chicago, Illinois  60606
14 312-913-0001  Telephone
   312-913-0002  Facsimile
15 hulbert@mbhb.com
   machonkin@mbhb.com
16 rohdek@mbhb.com

17

18

19

20

21

22

23

24

25

26

27

28