```
MELODY A. KRAMER, SBN 169984
KRAMER LAW OFFICE, INC.
9930 Mesa Rim Road, Suite 1600
San Diego, California 92121
Telephone (858) 362-3150

J. MICHAEL KALER, SBN 158296
KALER LAW OFFICES
9930 Mesa Rim Road, Suite 200
San Diego, California 92121
Telephone (858) 362-3151
```

Attorneys for Plaintiff JENS ERIK SORENSEN,
as Trustee of SORENSEN RESEARCH AND
DEVELOPMENT TRUST

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>　　　　　　Plaintiff<br>　v.<br><br>DIGITAL NETWORKS NORTH AMERICA, INC., a Delaware corporation; LEGACY SUPPORT SERVICES, LTD. d/b/a S2G; and DOES 1-100,<br><br>　　　　　　Defendants. | Case No. CV 07 cv 05568 JSW<br><br>**DECLARATION OF MELODY A. KRAMER IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT LEGACY SUPPORT SERVICES' MOTION TO SET ASIDE ANY APPEARANCE OF DEFAULT AND TO GRANT LEGACY THE SAME ENLARGEMENT OF TIME TO ANSWER AS DNNA**<br><br>Date: June 13, 2008<br>Time: 9:00 a.m.<br>Courtroom 2, 17th Floor<br>Judge: Hon. Jeffrey S. White |

I, MELODY A. KRAMER, declare:

1. I am not a party to the present action. I am over the age of eighteen. I have personal knowledge of the facts contained within the following paragraphs, and could and would competently testify thereto if called as a witness in a court of law.

2. At all times relevant herein I have been an attorney for Sorensen Research and Development Trust ("Sorensen"), Plaintiff in the above-captioned matter.

3. This declaration is made in support of Plaintiff's Opposition To Defendant Legacy Support Services' Motion To Set Aside Any Appearance Of Default And To Grant Legacy The Same Enlargement Of Time To Answer As DNNA.

4. Defendant Legacy Support Services never appeared in this case in any shape or form until April 30, 2008 by co-filing an Opposition to Plaintiff's Motion for Partial Lift of Stay.

5. There has been no suggestion, formal or informal, written or oral, prior to the filing of Plaintiff's Motion for Partial Lift of Stay that Legacy was represented by the same lawyers as DNNA or that any appearance or filings by DNNA were intended to have been made by Legacy.

6. Defense counsel has misstated my position on this matter by referencing my letter dated April 16th and Mr. Rohde's response letter, but not including my April 21st letter in which I corrected Mr. Rohde's misstatements. Attached hereto as Exhibit A is a true and correct copy of my letter dated April 21st, 2008.

7. The USPTO's "*Ex Parte* Reexamination Filing Data – March 31, 2008" report reflects 92% of ex parte reexamination requests are granted. However, the same report shows that only 10% of reexaminations result in cancellation of all claims. A true and correct copy of this report is attached hereto as Exhibit B.

1     I declare under penalty of perjury under the laws of California that the
2 foregoing is true and correct.
3
4 EXECUTED on Friday, May 23, 2008, 2008, at San Diego, California.
5
6                     /s/ Melody A. Kramer
                    Melody A. Kramer, Esq.
7                     Attorney for Plaintiff
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

# Kramer Law Office, Inc.

9930 Mesa Rim Rd., Ste. 1600
San Diego, California 92121
Phone 858/362-3150
Fax 858/824-9073

_____

**Melody A. Kramer, Esq.**
mak@kramerlawip.com

April 21, 2008

Kurt Rohde
McConnell Boehnen et al
300 South Wacker Drive
Chicago, IL 60606

        RE:    <u>Sorensen Research & Development Trust v. Digital Networks North America, Inc., et al</u>, Case No. cv074468, Northern District of California

Dear Mr. Rohde:

      I am in receipt of your letter dated today. Apparently you did not read my letter closely. It is not my contention that the Court made an error in its order, except to the extent that it did not correct a typographical error in the proposed order that DNNA sent to the Court.

      Document # 33 is unambiguous in its identification of the "Defendant" as Digital Networks North America, Inc. and none other. See the first sentence. You simply cannot make a good faith argument that the typographical errors should be construed in favor of a defendant who made no appearance, but is currently represented by the same counsel as the party who drafted the order.

      Furthermore, although you claim that Legacy relied on DNNA's typographical errors in that Order, there is no legitimate basis for that claim. The only way that argument would make sense was if your office was secretly representing Legacy in every document that it filed which explicitly and repeatedly represented itself as representing DNNA and only DNNA. I could not even find any reference to Legacy being noticed on any of DNNA's motions.

      On the day of our phone conversation, I gave you the benefit of the doubt that you had just overlooked the specific context in which the Order in question was issued. It is now clear that you are, in fact, trying to make arguments that are unsupported by fact or law.

Mr. Rohde
May 7, 2008
Page 2


      Let me again be clear. I consider it to be a Rule 11 violation for you to make an argument to the Court that contradicts every single written and oral representation, formal and informal, previously made to us and the Court regarding who your office represented and upon whose behalf arguments were made. If your office had any intention for DNNA's motions for extension, motion for stay, or resulting orders to accrue to the benefit of Legacy, you were grossly misrepresenting your intent at the time both to Plaintiff and to the Court.

      I will expect you and your colleagues to drop this frivolous argument.

                                                 Sincerely,


                                                 Melody A. Kramer

# EXHIBIT B

UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

*Ex Parte* Reexamination Filing Data - March 31, 2008

1.  Total requests filed since start of ex parte reexam on 07/01/81 .................. 9225[1]

    a.  By patent owner                                       3520    38%
    b.  By other member of public                             5540    60%
    c.  By order of Commissioner                               165     2%

2.  Number of filings by discipline

    a.  Chemical Operation                                    2735    30%
    b.  Electrical Operation                                  3111    34%
    c.  Mechanical Operation                                  3379    36%

3.  Annual Ex Parte Reexam Filings

| Fiscal Yr. | No. | Fiscal Yr. | No. | Fiscal Yr. | No. | Fiscal Yr. | No. |
|---|---|---|---|---|---|---|---|
| 1981 | 78 (3 mos.) | 1989 | 243 | 1997 | 376 | 2005 | 520 |
| 1982 | 187 | 1990 | 297 | 1998 | 350 | 2006 | 511 |
| 1983 | 186 | 1991 | 307 | 1999 | 385 | 2007 | 642 |
| 1984 | 189 | 1992 | 392 | 2000 | 318 | 2008 | 330 YTD |
| 1985 | 230 | 1993 | 359 | 2001 | 296 | | |
| 1986 | 232 | 1994 | 379 | 2002 | 272 | | |
| 1987 | 240 | 1995 | 392 | 2003 | 392 | | |
| 1988 | 268 | 1996 | 418 | 2004 | 436 | | |

4.  Number known to be in litigation ................................. 2465    27%

5.  Determinations on requests ........................................ 8874

    a.  No. granted ........................................... 8150 ......... 92%

        (1)  By examiner                                      8037
        (2)  By Director (on petition)                         113

    b.  No. denied ............................................. 724 .......... 8%

        (1)  By examiner                                       689
        (2)  Order vacated                                      35

---

[1] Of the requests received in FY 2008, 28 requests have not yet been accorded a filing date, and preprocessing of 13 requests was terminated for failure to comply with the requirements of 37 CFR 1.510. See Clarification of Filing Date Requirements for *Ex Parte* and *Inter Partes* Reexamination Proceedings, Final Rule, 71 Fed. Reg. 44219 (August 4, 2006).

1

6.  Total examiner denials (includes denials reversed by Director) . . . . . . . . . . . . . . . . . . . . 802

    a.  Patent owner requester    440    55%
    b.  Third party requester    362    45%

7.  Overall reexamination pendency  (Filing date to certificate issue date)

    a.  Average pendency    24.1 (mos.)
    b.  Median pendency    18.8 (mos.)

8.  Reexam certificate claim analysis:

| | Owner Requester | 3rd Party Requester | Comm'r Initiated | Overall |
|---|---|---|---|---|
| a. All claims confirmed | 23% | 28% | 12% | 26% |
| b. All claims cancelled | 7% | 13% | 21% | 10% |
| c. Claims changes | 70% | 59% | 67% | 64% |

9.  Total ex parte reexamination certificates issued (1981 - present) . . . . . . . . . . . . . . . . . . 6164

    a.  Certificates with all claims confirmed    1575    26%
    b.  Certificates with all claims canceled    658    10%
    c.  Certificates with claims changes    3931    64%

10.  Reexam claim analysis - requester is patent owner or 3rd party; or Comm'r initiated.

    a.  Certificates - PATENT OWNER REQUESTER . . . . . . . . . . . . . . . . . . . . . . . . . . . 2632

        (1)  All claims confirmed    595    23%
        (2)  All claims canceled    198    7%
        (3)  Claim changes    1839    70%

    b.  Certificates - 3rd PARTY REQUESTER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3386

        (1)  All claims confirmed    962    28%
        (2)  All claims canceled    432    13%
        (3)  Claim changes    1992    59%

    c.  Certificates - COMM'R INITIATED REEXAM . . . . . . . . . . . . . . . . . . . . . . . . . . . 146

        (1)  All claims confirmed    18    12%
        (2)  All claims canceled    30    21%
        (3)  Claim changes    98    67%

C:\Documents and Settings\LKryza\My Documents\zkryza\Reexam Reports\REXSTATz xp Mar2008.wpd