MELODY A. KRAMER, SBN 169984
KRAMER LAW OFFICE, INC.
9930 Mesa Rim Road, Suite 1600
San Diego, California 92121
Telephone (858) 362-3150

J. MICHAEL KALER, SBN 158296
KALER LAW OFFICES
9930 Mesa Rim Road, Suite 200
San Diego, California 92121
Telephone (858) 362-3151

Attorneys for Plaintiff JENS ERIK SORENSEN,
as Trustee of SORENSEN RESEARCH AND
DEVELOPMENT TRUST

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>                        Plaintiff<br><br>    v.<br><br>DIGITAL NETWORKS NORTH AMERICA, INC., a Delaware corporation; LEGACY SUPPORT SERVICES, LTD. d/b/a S2G; and DOES 1-100,<br><br>                        Defendants. | ) Case No. CV 07-05568 JSW<br>)<br>) **EVIDENTIARY OBJECTION TO**<br>) **DECLARATION OF KURT W.**<br>) **ROHDE (DOCKET #53)**<br>)<br>) Date: June 13, 2008<br>) Time:  9:00 a.m.<br>) Courtroom 2, 17th Floor<br>) Judge:  Hon. Jeffrey S. White<br>)<br>)<br>)<br>)<br>) |

Plaintiff Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust ("Sorensen") makes the following evidentiary objections to Document 53 in this case, captioned

> "Declaration of Kurt W. Rohde in Support of (1) Defendants' Memorandum in Opposition to Plaintiff's Motion for Partial Lift of Stay as to Legacy Support Services for Purposes of Entering Default; and (2) Legacy Support Services' Motion to Set Aside Any Appearance of Default and to Grant Legacy the Same Enlargement of Time to Answer as DNNA."

(hereinafter "Rohde Declaration").

Plaintiff hereby requests that the Court strike all portions of the Rohde Declaration that are not admissible evidence under the Federal Rules of Evidence. The rules referenced are set forth first for reference.

> **Rule 401. Definition of "Relevant Evidence."** "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

> **Rule 402**. **Relevant Evidence Generally Admissible; Irrelevant Evidence Inadmissible.** All relevant evidence is admissible, . . . Evidence which is not relevant is not admissible.

> **Rule 602. Lack of Personal Knowledge.** A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony. This rule is subject to the provisions of rule 703, relating to opinion testimony by expert witnesses.

**Rule 802. Hearsay Rule.**  Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress.

| Portion of Declaration | Evidentiary Objections |
|---|---|
| Paragraph 3 | <u>Lack of Personal Knowledge; Hearsay</u> (F.R.Evid. Rules 602, 801).<br>Mr. Rohde is not an officer or employer of Legacy Support Services, Ltd., therefore he cannot testify as to what Legacy was "aware of." (lines 9-11).  Likewise, the statement that Legacy "reasonably relied" on something is not within his competence to testify.  Alternatively, it is hearsay (and a concurrent waiver of attorney-client communications on the subject).<br><br>*If Mr. Rohde is intending to convey that he is Legacy for purposes of this motion, Plaintiff or the court should be allowed to question Mr. Rohde, under oath, about the contents of his declaration.  "Reasonable reliance" on an out-of-context "s" that you personally put in a document relating to something else entirely should not be accepted on mere self-serving statement.*<br><br>The statement that "Legacy reasonable relied on the plain language of the Order . . ." is also an inadmissible legal opinion.<br><br>*The issue of "reasonable reliance" is a legal conclusion that may or may not be follow from facts in evidence.  Legacy is not allowed to determine for itself whether its actions were reasonable.* |
| Paragraph 5 | <u>Irrelevant</u> (F.R.Evid. Rules 401, 402).<br><br>A communication from the USPTO regarding a reexamination has no relevance to the question of whether stay should be partially lifted in this case. |

Case No. CV 07-05568 JSW

[T]he grant by the examiner of a request for reexamination is not probative of unpatentability. The grant of a request for reexamination, although surely evidence that the criterion for reexamination has been met (*i.e.,* that a "substantial new question of patentability" has been raised, 35 U.S.C. § 303), does not establish a likelihood of patent invalidity.[FN2] *See Acoustical Design, Inc. v. Control Elecs. Co.,* 932 F.2d 939, 942, 18 USPQ2d 1707, 1710 (Fed.Cir.) ("initial rejection by the Patent and Trademark Office of original claims that later were confirmed on reexamination hardly justifies a good faith belief in the invalidity of the claims"), *cert. denied,* 502 U.S. 863, 112 S.Ct. 185, 116 L.Ed.2d 146 (1991).

> FN2. The Annual Report of the Patent and Trademark Office for 1994 states that 89% of the reexamination requests were granted that year, but only 5.6% of the reexamined patents were completely rejected with no claims remaining after reexamination.

*Hoechst Celanese Corp. v. BP Chemical Ltd.*, 78 F.3d 1575 (C.A.Fed. Tex. 1996).

A prior art patent or printed publication raises a substantial question of patentability where there is a substantial likelihood that a reasonable examiner would consider the prior art patent or printed publication important in deciding whether or not the claim is patentable. . . . **It is not necessary that a "*prima facie*" case of unpatentability exist as to the claim in order for a "substantial new question of patentability" to be present as to the claim.** Thus, "a substantial new question of patentability" as to a patent claim could be present even if the examiner would not necessarily reject the claim as either fully anticipated by, or obvious in view of, the prior art patents or printed

3.

| | publications. . . .

MPEP 2242 notes (emphasis in original). |
| Paragraphs 8-13, and referenced Exhibits D-I. | <u>Irrelevant</u> (F.R.Evid. Rules 401, 402).

Default filings in other cases have no relevance to the question of whether Legacy is in default, or whether the default should be lifted when entered.

*Parties in each lawsuit have an independent obligation to respond to a summons and complaint based upon the timelines in that case.  Legacy was in default when it failed to answer and is without excuse.  This line of argument sounds very familiar to the cliché "But officer, everybody else was speeding too."* |

DATED this Friday, May 23, 2008.

JENS ERIK SORENSEN, as Trustee of
SORENSEN RESEARCH AND DEVELOPMENT
TRUST, Plaintiff

/s/ Melody A. Kramer
J. Michael Kaler, Esq.
Melody A. Kramer, Esq.
Attorneys for Plaintiff

Case No. CV 07-05568 JSW

4.