UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff<br><br>v.<br><br>DIGITAL NETWORKS NORTH AMERICA, INC., a Delaware corporation; LEGACY SUPPORT SERVICES, LTD. d/b/a S2G; and DOES 1-100,<br><br>Defendants. | Case No. CV 07-05568 JSW<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL LIFT OF STAY, ENTERING DEFAULT AGAINST DEFENDANT LEGACY SUPPORT SERVICES, AND DENYING MOTION TO SET ASIDE APPEARANCE OF DEFAULT BY LEGACY SUPPORT SERVICES**<br><br>Date: June 13, 2008<br>Time: 9:00 a.m.<br>Courtroom 2, 17th Floor<br>Judge: Hon. Jeffrey S. White |

1  Before the Court are the following two motions:

2      Docket # 45    Plaintiff's Motion for Partial Lift of Stay As To Defendant
3                                  Legacy Support Services For Purposes Of Entering
4                                  Default; and

5      Docket #51    Defendant Legacy Support Services, Ltd.'s Motion to Set
6                                  Aside Any Appearance of Default and To Grant Legacy the
7                                  Same Enlargement of Time to Answer As DNNA

8      Having considered the parties' pleadings and the relevant authority, and good
9  cause appearing therefore, the Court hereby GRANTS Plaintiff's Motion for Partial
10 Lift of Stay as detailed below, and DENIES Defendant Legacy Support Services,
11 Ltd.'s Motion to Set Aside Any Appearance of Default and To Grant Legacy the
12 Same Enlargement of Time to Answer As DNNA.

13

14                                         **BACKGROUND**

15     In this action, Plaintiff filed and served an Amended Complaint on Defendant
16 Legacy Support Services, Ltd. ("Legacy"). Legacy's deadline to answer or file a
17 responsive pleading was January 14, 2008.

18     Legacy did not file any document or enter any appearance of any sort in this
19 case until April 30, 2008. It has neither filed, offered for filing, nor requested leave
20 to file, any answer or responsive pleading as provided under the Federal Rules of
21 Civil Procedure, Rule 12, to date.

22     Defendant Digital Networks North America, Inc. ("DNNA") had requested an
23 extension of time to file an answer, and also a motion for stay of this case. However,
24 Legacy was not party to either of those motions and the resulting orders did not
25 reference or apply to Legacy.

26     Stay was entered in this case *after* Legacy was in default, though Plaintiff had
27 not yet filed a motion for the entry of default.

28

The evidence before this Court does not support a finding that "Legacy reasonably relied on" the order extending time for Defendant DNNA to respond to the Amended Complaint.

Legacy relies upon Fed.R.Civ.P. Rule 55(c) which provides that: "The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." In the present instance, that provision of Rule 55 is not applicable as default has not yet been entered and Legacy has not demonstrated good cause to set aside a default if it is entered. Rather, the relevant provision here is: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed.R.Civ.P. Rule 55(a) (emphasis).

In the Ninth Circuit, the "good cause" standard that governs setting aside a default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b). *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925 (9th Cir. 2004). The "good cause" analysis involves consideration of three factors:

(1) whether defaulting party engaged in culpable conduct that led to the default;

(2) whether defaulting party has a meritorious defense; or

(3) whether reopening the default would prejudice the plaintiff.

*See Franchise Holding II*, 375 F.3d at 925-26. These factors are disjunctive and, thus, a district court may refuse to set aside a default if any of the three factors are are found to be against the party seeking relief from default. *Id.* at 926.

The Court can resolve this matter by a finding against the defaulting party on any one of the three factors. Therefore, it is sufficient to note that thus far, Legacy has not provided any evidence that it has a meritorious defense. *See Franchise Holding II*, 375 F.3d at 925-26; *Robinson v. Bantam Books, Inc.*, 49 F.R.D. 139 (S.D.N.Y. 1970). This requirement avoids relieving a defaulting party without some

1  possibility that the suit will have an outcome different from the result achieved by
2  default. *Phillips v. Weiner*, 103 F.R.D. 177 (D.Me. 1984).

3        Because Legacy has neither filed, nor offered to file an answer or motion
4  under Fed.R.Civ.P. Rule 12, the Court has no factual basis to consider its request for
5  relief from default. It is therefore, unnecessary for the Court to consider the other
6  two prongs of the test for relief from default.

7        For the foregoing reasons, the Court DENIES Legacy's motion to set aside
8  any appearance of default by Legacy.

9        Moreover, the Court finds that the issuance of a stay in the present case
10 subsequent to time when Legacy's responsive pleading was due does not bar the
11 entry of default.

12       The Court HEREBY ORDERS the Clerk to enter a default as to Legacy for
13 Legacy's failure to timely file any responsive pleading in the instant case.

14       The Court FURTHER ORDERS that the parties are to bear their own costs on
15 this motion.

17 Dated: _____

18                                          _____
19                                           Hon. Jeffrey S. White