(All parties and counsel listed on Signature Page)

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff<br>v.<br><br>LEXAR MEDIA, INC., a Delaware corporation; and DOES 1 – 100,<br><br>Defendants.<br>_____<br>and related counterclaims. | Case No. C08-00095 JW RS<br><br>**AMENDED JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: June 30, 2008<br>Time: 10:00 A.M.<br>Courtroom 8, 4th Floor<br>Judge: Hon. James Ware<br>Courtroom 5, 5th Floor<br>Mag. Judge: Hon. Richard Seeborg |

**JOINT REPORT OF RULE 26(f) CONFERENCE AND PROPOSED DISCOVERY PLAN**

Beginning on May 14, 2008, the parties' counsel conferred by telephone regarding the topics identified in Federal Rule of Civil Procedure Rules 26(f), 16(b), 16(c), and the Northern District L.R. 16, and Patent L.R. 2-1 (a), and the Northern District Standing Order on Case Management Conference Statements.

Attorney J. Michael Kaler represented Plaintiff Jens Erik Sorensen, As Trustee Of Sorensen Research And Development Trust ("Plaintiff") in the telephonic

conferences, and Attorney Jared Bobrow represented Defendant/Counterclaimant Lexar Media, Inc. ("Defendant"). Pursuant to Rule 26(f), all parties jointly submit this report of their Rule 26(f) conference and their proposed discovery plan.

## I. RULE 26(f)(1) TIMING, FORM AND REQUIREMENTS OF RULE 26(a) INITIAL DISCLOSURES

Initial disclosures under Rule 26(a)(1)(A)-(D) were exchanged on or before June 20, 2008.

## II. RULE 26(f)(2) SUBJECTS ON WHICH DISCOVERY MAY BE NEEDED AND THE PROPOSED DISCOVERY SCHEDULE

Plaintiff requires discovery on the following subjects: (1) corporate structure of Defendant and its affiliated organization(s); (2) identity of all manufacturers, importers, and sellers of the Accused Products; (3) infringement by the currently Accused Products and all similarly manufactured products sold under different names or model numbers; (4) damages; (5) claim construction; (6) willfulness; and (7) discovery to all affirmative defenses and counterclaims raised by Defendant.

Defendants require discovery on all of the above subjects, as well as non-infringement, invalidity and unenforceability, and claim construction of the patent in suit.

**Proposed Schedule**

The proposed claim construction schedule is as follows:

| | |
|---|---|
| June 20, 2008 | Initial Disclosures: Rule 26(a) |
| September 12, 2008 | Case Management Conference |
| September 22, 2008 | Disclosure of Asserted Claims and Preliminary Infringement Contentions: Patent L.R. 3-1 |
| November 6, 2008 | Preliminary Invalidity Contentions: Patent L.R. 3-3 |
| November 21, 2008 | Exchange of Proposed Terms and Claim Elements for Construction. Patent L.R. 4-1(a) |
| December 11, 2008 | Exchange of "Preliminary Claim Construction and |

|  |  |
|---|---|
|  | Extrinsic Evidence.": Patent L.R. 4-2(a) |
| January 12, 2008 | File "Joint Claim Construction and Prehearing Statement." Patent L.R. 4-3 |
| February 4, 2009 | Completion of Discovery on Claim Construction. Patent L.R. 4-4 |
| February 19, 2009 | File Plaintiff's Claim Construction Brief. Patent L.R. 4-5(a) |
| March 5, 2009 | File Defendant's Claim Construction Opposition Brief. Patent L.R. 4-5(b) |
| March 16, 2009 | File Plaintiff's Reply Claim Construction Brief. Patent L.R. 4-5(c) |
| April 6, 2009 | Claim Construction Pre-hearing Conference |
| To be scheduled after the Pre-hearing Conference | Claim Construction Hearing: Patent L.R. 4-6 |

The parties propose the following additional pretrial deadlines:

| | |
|---|---|
| July 10, 2009 | Completion of fact discovery |
| September 14, 2009 | Rule 26 expert reports based on burden of proof |
| October 19, 2009 | Rule 26 rebuttal expert reports |
| November 30, 2009 | Completion of expert discovery |
| January 11, 2010 | Last day to file dispositive motions |
| February 8, 2010 | Pretrial conference |
| April 12, 2010 | Trial |

Defendant proposes the following additional dates:

| | |
|---|---|
| July 31, 2009 | Last day to amend the pleadings |

**Phasing of Discovery**

Plaintiff believes there should be no phasing of discovery, with the exception

of the termination of Claim Construction Discovery pursuant to Patent L.R. 4-4. Phasing of discovery will be inefficient, as many documents, witnesses, and other sources of evidence will relate to multiple factors.  Phasing of discovery would have the potential of requiring multiple depositions of the same persons at various stages, would increase costs, and would increase the amount of law and motion related to discovery disputes wherein the Court would have to resolve disagreements.

      Defendant reserves the right to request, after the conclusion of Claim Construction Discovery pursuant to Patent L.R. 4-4, that further discovery be phased as appropriate.

**Settlement Conferences**

      None currently scheduled.

**III.   RULE 26(f)(3)  LIMITATIONS ON DISCOVERY**

      The parties agreed to the following limitations on discovery.

**Depositions:**

      In the case of Rule 30(b)(6) depositions, Plaintiff requests that each such notice would count as one deposition for purposes of determining the numerical limit on depositions.  Each deposition taken under Federal Rules of Civil Procedure 30 and 31 should follow the time limitations for each witness as follows:  depositions will be limited to one day of seven hours when the witness testifies in English and to two days of seven hours totaling fourteen hours when the witness testifies in a language other than English through an interpreter.

**Extraterritorial Witnesses:**

      <u>Plaintiff's Position</u>: To the extent that depositions of any non U.S. residents are of party affiliated entities, such as Defendant, its parents, subsidiaries, or suppliers, those depositions should be conducted in the United States to avoid issues of sovereignty, and conflict with local law, which is not conducive to American style discovery.  The conduct of an American type of deposition is banned by law in many

countries, and is a criminal violation in many countries including much of Europe and in China. The affiliated party should be ordered to produce those deponents within the United States.

Plaintiff requests that corporate officers, directors, any Rule 30(b)(6) fact witnesses, or other party-affiliated witnesses who reside outside the United States will be produced for depositions within the continental United States, within the Southern District of California or to such other locations as the parties may agree. This conduct of depositions within the United States avoids the sovereignty and legal issues that arise from the attempt to conduct extraterritorial depositions in countries where discovery laws are different.

Plaintiff does not waive any rights it may have to contest admissibility of testimony from extraterritorial witnesses for purposes of trial or any other court proceedings.

Defendants' Position:

Defendant does not agree to any limits on the location of depositions, and specifically does not agree that the Southern District of California is an appropriate location for depositions in this case. To the extent Defendant has control over a witness, Defendant intends to offer the witness at a location consistent with its obligation under any applicable discovery rules, including the Federal Rules of Civil Procedure and any applicable foreign law.

**Expert Witnesses:**

The parties agreed that testifying experts are not included within the number of depositions that can be conducted by each party pursuant to Rule 33, Fed.R.Civ.P.

Expert witnesses can be deposed with the time limitations for each witness as described for depositions taken under Federal Rules of Civil Procedure 30 and 31. The limitations on fact witness depositions are consistent with Federal Rule of Civil Procedure 33 and the limitation on expert witness depositions clarifies the parties'

understanding that the ten deposition limit imposed by the 1993 amendments is not intended to include expert depositions.

**Interrogatories:**

With regard to interrogatories under Federal Rule of Civil Procedure 33, the parties agree that each is permitted to serve a cumulative total of 30 interrogatories upon each party to the lawsuit, counting each discrete subpart as a separate interrogatory, absent further agreement by the parties or order of the Court.

**Document Requests:**

With regard to document requests under Federal Rule of Civil Procedure 34, the parties agreed that there would be no express numerical limitation at this time. The absence of a numerical limitation is consistent with Federal Rule of Civil Procedure 34, which is silent on the issue.

**Requests for Admission**:

With regard to requests for admissions, Federal Rule of Civil Procedure 36 provides no numerical limitation, but many jurisdictions limit the number. The parties agree that a limit of 50 Requests for Admissions that each party may propound to each other party is appropriate.

**IV.   RULE 26(f)(4) - RULE 26(c) AND RULE 16(b)(c) ORDERS**

A Rule 26(c) protective order has been entered in this case.

The parties also agree that the Court should enter a Rule 16(b) scheduling order reflecting the dates described hereinabove, and such modifications as the Court may require.

**VI.   PATENT LOCAL RULE 2-1(a)**

Pursuant to the requirements of Patent L.R. 2-1(a), the parties also discussed the following topics:

1. The parties do not believe that any significant modification to deadlines provided for in the Patent Local Rules is necessary.

2. The parties request a prehearing conference prior to the Claim Construction hearing and subsequent to the filing of the Joint Claim Construction and Prehearing Statement provided for in Patent L.R. 4-3

3. Plaintiff requests that the Court consider live expert testimony at the Claim Construction Hearing.

4. Plaintiff requests that discovery related to claim construction, including the depositions of experts, take place prior to the conduct of a Claim Construction Hearing.

5. Plaintiff requests that the order of presentation at the Claim Construction Hearing be Plaintiff first, followed by Defendants, with Plaintiff having an opportunity to Reply and Rebut.

6. Defendant believes that it is premature to specify the format of the Claim Construction Hearing, including how to allocate time and whether live testimony will be heard. Defendant requests that the Court wait until the prehearing conference to decide how to conduct the Claim Construction Hearing.

## VII. ADDITIONAL MATTERS TO BE COVERED PURSUANT TO THE NORTHERN DISTRICT STANDING ORDER ON CASE MANAGEMENT CONFERENCES

1. **Jurisdiction and Service:** Subject matter jurisdiction is based on a Federal question, patent infringement. Defendant Lexar has not asserted any personal jurisdiction or venue concerns. All named parties are served, but there is the possibility that in discovery, Plaintiff might learn of additional parties, which should be named.

2. **Disputed Facts:**

    Plaintiff: Beginning in 2005, Plaintiff communicated that it believed a product sold by Defendant Lexar was made with a process that infringed

U.S. Patent No. 4,935,184 ("the '184 patent"). Despite communications continuing for more than two years, the parties were not able to negotiate a resolution short of litigation. The '184 patent has been commercially successful, in that it has been licensed to dozens of companies, including several large multi-nationals.

Defendant: Defendant denies that it infringes the '184 patent or that the Accused Product is made by a process that infringes the '184 patent, and alleges that the '184 patent is invalid and/or unenforceable based on various affirmative defenses. Defendant denies that Plaintiff's communications with Defendant constituted notice under 35 U.S.C. § 287. Defendant also disputes that the process patented by the '184 patent has been commercially successful.

3.   **Legal Issues:**

Plaintiff: While it is fair to assume that legal arguments will arise, at present the obvious disputes are factual ones regarding infringement, and damages, and construction of the '184 patent.

Defendant: Defendant believes legal issues exist with respect to willful infringement, unenforceability, and invalidity under 35 U.S.C. §§ 101, *et seq.*, laches, patent misuse, equitable estoppel, time limitations on damages under 35 U.S.C. § 286, presumption of infringement under 35 U.S.C. § 295, notice under 35 U.S.C. § 287, and whether this is an exceptional case warranting attorney fees under 35 U.S.C. § 285

4.   **Motions:**     Defendant filed a motion to stay the case pending two (2) patent reexaminations ongoing in the USPTO. The reexaminations were filed by defendants in another case regarding the same patent, in the Southern District of California. The motion was denied on April 30, 2008.

Plaintiff has filed a motion to apply the presumption of infringement under 35 U.S.C. § 295. The Court has conducted one hearing on this motion. A further hearing on this motion is set for September 12, 2008.

Plaintiff anticipates that it will file summary judgment motions of infringement after issuance of the claim construction.

Defendant anticipates that it will file dispositive motions regarding noninfringement, invalidity, and/or unenforceability after issuance of the claim construction.

5. **Amendment of Pleadings:** Plaintiff does not anticipate any amendment at this time, other than the possible naming of Doe defendants. Defendant proposes May 29, 2009, as the last day to add parties.

6. **Evidence Preservation:** The parties are preserving all evidence within their possession or control, including protection of emails and other electronically-recorded material.

7. **Disclosures:** Initial disclosures under Rule 26(a)(1)(A)-(D) have been exchanged.

8. **Discovery:** The parties have served initial requests for discovery upon each other. The parties proposed discovery plan is outlined above.

9. **Class Actions:** Not applicable; this is not a class action.

10. **Related Cases:** There are 29 cases currently pending with regard to infringement of the '184 patent, including 24 cases in the Southern District of California. A complete list is attached as Appendix A.

11. **Relief:** The Complaint seeks a judgment of patent infringement, contributory infringement, and inducement to infringe, with the reasonable royalty calculated at eight percent (8%) of infringing sales, to be determined through discovery. Additionally, willfulness is alleged, and an award of costs, attorneys' fees, and treble damages are sought. Defendant seeks a declaration that the '184 patent is not infringed and is invalid and/or unenforceable. Defendant also seeks attorneys' fees.

12. **Settlement and ADR:** Settlement discussions to date have not been fruitful. The parties believe that an early judicially supervised settlement conference could be beneficial in resolving the case. Further, Plaintiff believes that issuance of an order on Plaintiff's pending motion to shift the burden of proof on the issue of infringement pursuant to 35 U.S.C. § 295 would inform the parties of their relative risks and challenges in a manner that would encourage settlement. Defendant believes that Plaintiff's pending motion is premature and should be denied if addressed on the merits.

13. **Consent to Magistrate Judge For All Purposes:** The parties decline to consent to having a Magistrate Judge conduct all further proceedings.

14. **Other references:** The parties believe that this case is NOT suitable for reference to binding arbitration, special master, or Multidistrict litigation.

15. **Narrowing of Issues:**

    Plaintiff: Plaintiff's pending motion to shift the burden of proof on the issue of infringement pursuant to 35 U.S.C. § 295 would narrow a number of discovery and proof issues. Further, after ruling on that motion and claim construction, summary judgment motions on a number of issues could greatly narrow the scope of the case.

    Defendant: Defendant disagrees that shifting the burden of proof under 35 U.S.C. § 295 would narrow discovery or proof issues. In contrast, claim construction is likely to narrow a number of issues, including issues related to infringement and invalidity. As discovery proceeds, additional issues may become ripe for early adjudication or agreement between the parties.

16. **Expedited Schedule:** This case is appropriate for handling pursuant to the schedule provided for patent cases in the Patent Local Rules.

17. **Scheduling:** Is addressed above in Section II.

18. **Trial:** A jury trial has been requested on all issues so triable. The parties anticipate trial will take four to six days, subject to matters adduced during discovery.

19. **Disclosure of Non-party Interested Entities or Persons:** Plaintiff has filed the required Civil L.R. 3-16 certificate. Defendant has filed the required Civil L.R. 3-16 certificate and further states that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Micron Technology, Inc. (parent corporation of Lexar Media, Inc.).

**20.** **Other matters:** The parties have no other matters to bring to the Court's attention at this time.

Dated this Thursday, September 11, 2008.

                Respectfully submitted,

JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST, Plaintiff

/s/ Melody A. Kramer
MELODY A. KRAMER, SBN 169984
9930 Mesa Rim Road, Suite 1600
San Diego, California 92121
Telephone (858) 362-3150

J. MICHAEL KALER, SBN 158296
9930 Mesa Rim Road, Suite 200
San Diego, California 92121
Telephone (858) 362-3151

Attorneys for Plaintiff

LEXAR MEDIA, INC., Defendant

 /s/ Joseph Lee_____
JARED BOBROW, SBN 133712
JOSEPH LEE, SBN 248046
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000

KEVIN KUDLAC (pro hac vice)
WEIL, GOTSHAL & MANGES LLP
8911 Capital of Texas Highway
Building One, Suite 1350
Austin, TX 78759
Telephone: (512) 349-1930

Attorneys for Defendant Lexar Media, Inc.

**PROOF OF SERVICE**

I, Melody A. Kramer, declare: I am and was at the time of this service working within in the County of San Diego, California. I am over the age of 18 year and not a party to the within action. My business address is the Kramer Law Office, Inc., 9930 Mesa Rim Road, Suite 1600, San Diego, California, 92121.

On Thursday, September 11, 2008, I served the following documents:

**AMENDED JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

| PERSON(S) SERVED | PARTY(IES) SERVED | METHOD OF SERVICE |
|---|---|---|
| Jared Bobrow<br>Weil, Gotshal & Manges LLP<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065<br>jared.bobrow@weil.com | Lexar Media, Inc. | Email--Pleadings Filed with the Court via CM/ECF |
| Kevin Kudlac<br>Weil, Gotshal & Manges LLP<br>8911 Capital of Texas Highway<br>Suite 1350<br>Austin, TX 78759<br>Kevin.kudlac@weil.com | Lexar Media, Inc. | Email--Pleadings Filed with the Court via CM/ECF |

[X] (Email--Pleadings Filed with the Court) Pursuant to Local Rules, I electronically filed this document via the CM/ECF system for the United States District Court for the Southern District of California.

[ ] (U.S. Mail) I mailed a true copy of the foregoing documents to a mail address represented to be the correct mail address for the above noted addressee.

I declare that the foregoing is true and correct, and that this declaration was executed on Thursday, September 11, 2008, in San Diego, California.

/s/ Melody A. Kramer
Melody A. Kramer